# **EXHIBIT A**

*Castle berry, Johnny*
*2021 686817*
*7-28-21*
*MJ*   04/22/2022
*AAn RP*



**CORPORATE CREATIONS®**
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Werner Enterprises, Inc.
Sandy Wagner
Werner Enterprises
14507 Frontier Road
Omaha NE 68138

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Item: 2022-114

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| | | |
|---|---|---|
| 1. | **Entity Served:** | Werner Enterprises, Inc. |
| 2. | **Title of Action:** | Marie Johnson vs. Ace American Insurance Company, Werner Enterprises, Inc., et al. |
| 3. | **Document(s) Served:** | Summons<br>Complaint<br>Plaintiff's First Requests for Production of Documents to Defendant Werner Enterprises, Inc.<br>Plaintiff's First Interrogatories to Defendant Werner Enterprises, Inc. |
| 4. | **Court/Agency:** | Harris County Superior Court |
| 5. | **State Served:** | Georgia |
| 6. | **Case Number:** | 22-CV-096 |
| 7. | **Case Type:** | Negligence/Personal Injury |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Thursday 04/21/2022 |
| 10. | **Date to Client:** | Friday 04/22/2022 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 30<br>Saturday 05/21/2022   CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Morgan & Morgan Atlanta, PLLC<br>Columbus, GA<br>762-240-9450 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 111 |
| 16. | **Notes:** | Please note it appears the Summons for a different defendant was inadvertently served with this document. We suggest contacting the sender listed in line 12 for more information.<br>Also Attached:<br>* Plaintiff's First Requests for Admission of Facts to Defendant Werner Enterprises, Inc.<br>* Plaintiff's First Requests for Production of Documents and Things to Ace American Insurance Company, etc. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

801 US Highway 1 North Palm Beach, FL 33408   Tel: (561) 694-8107   Fax: (561) 694-1639
www.CorporateCreations.com

**SUPERIOR COURT OF HARRIS COUNTY**
**STATE OF GEORGIA**

🔏 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HARRIS COUNTY, GEORGIA

**22-CV-096**

APR 06, 2022 03:33 PM

*Stacy K. Haralson*
Stacy K. Haralson, Clerk
Harris County, Georgia

CIVIL ACTION NUMBER  22-CV-096

JOHNSON, MARIE

_____

**PLAINTIFF**

VS.

ACE AMERICAN INSURANCE COMPANY
WERNER ENTERPRISES, INC.
CASTLEBERRY, JOHNNY

_____

**DEFENDANTS**

**SUMMONS**

TO: ACE AMERICAN INSURANCE COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Ladson Mitchell**
> **Morgan & Morgan**
> **191 Peachtree Street N. E.**
> **Suite 4200**
> **Atlanta, Georgia 30303**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 6th day of April, 2022.**

Clerk of Superior Court

*Stacy K. Haralson*

Stacy K. Haralson, Clerk
Harris County, Georgia

🖳 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HARRIS COUNTY, GEORGIA

**22-CV-096**

APR 06, 2022 03:33 PM

*Stacy K. Haralson*
Stacy K. Haralson, Clerk
Harris County, Georgia

## IN THE SUPERIOR COURT OF HARRIS COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| MARIE JOHNSON, | * |
| | * |
|       Plaintiff, | *     CIVIL ACTION FILE NO. |
| | * |
|   vs. | * |
| | *    _____ |
| ACE AMERICAN INSURANCE COMPANY, | * |
| WERNER ENTERPRISES, INC., and JOHNNY | * |
| CASTLEBERRY, | * |
| | * |
|       Defendants. | * |

## COMPLAINT

COMES NOW Plaintiff in the above-styled action and hereby files this Complaint, demanding a jury trial and showing this Honorable Court the following:

1.

On July 28, 2021, Plaintiff Marie Johnson was driving southbound on Interstate 185 towards Columbus, GA. Plaintiff was in the left lane. Defendant Johnny Castleberry, driving a tractor-trailer owned by, and in the scope of his employment for, Defendant Werner Enterprises, Inc., was traveling southbound in the left-hand lane. Plaintiff changed to the right lane in order to go around Defendant Castleberry. While Plaintiff attempted to pass Defendant Castleberry, the Defendant negligently failed to keep a proper lookout and slammed his large tractor-trailer into the left side of Plaintiff's vehicle. The impact caused Plaintiff to lose control of her vehicle, and come to a rest in a ditch, facing westbound. The impact injured Plaintiff and caused significant damage to her vehicle.

2.

The claims asserted by Plaintiff against Defendants arise out of the incident described in the preceding paragraph.

## PARTIES, JURISDICTION, AND VENUE

3.

Plaintiff Marie Johnson is a resident of the State of Georgia.

4.

Defendant Werner Enterprises, Inc. ("WERNER"), is a foreign profit corporation organized under the laws of Nebraska.  WERNER's principal place of business is located at P.O. Box 45308, Omaha, Nebraska 68145.  WERNER may be served with legal process by serving its registered agent for service, Corporate Creations Network Inc. at 2985 Gordy Parkway, 1st Floor, Marietta, Georgia 30006.

5.

Defendant WERNER is engaged in business as a motor carrier transporting goods for compensation and does business in Georgia.

6.

Defendant Ace American Insurance Company ("ACE") is an insurance company organized and existing under the laws of Pennsylvania with its principal place of business located at 436 Walnut Street, Philadelphia, PA 19106.  ACE may be served with legal process by serving its registered agent for service in Georgia, CT Corporation System at 289 S Culver Street, Lawrenceville, Georgia 30046.

7.

Defendant ACE insures Defendant WERNER.

8.

Defendant Johnny Castleberry's last known address is 4856 Dry Creek Road, Pell City,

Saint Clair County, Alabama 35128, where he may be served with legal process.

9.

Defendant WERNER is subject to the jurisdiction of this Court because it is a domestic

corporation incorporated in the State of Georgia, is registered to transact business in the State,

and does in fact transact business in the State.

10.

Venue is proper with respect to WERNER pursuant to GA CONST Art. 6, § 2, ¶ IV,

O.C.G.A. § 9-10-31, O.C.G.A. § 14-2-510, and other applicable law because it is a joint

tortfeasor with Defendant Castleberry.

11.

ACE provided liability insurance coverage to WERNER for this collision under Policy

Number XSAH25309583.

12.

ACE is subject to the jurisdiction of this Court because it is authorized to and does

transact business in the State of Georgia.  ACE is properly named and may be properly joined in

this action pursuant to O.C.G.A. § 40-1-112(c), O.C.G.A. § 40-2-140(d)(4), and other applicable

law.

13.

ACE has an agent and transacts business in and through this county.

14.

Defendant Johnny Castleberry is subject to the jurisdiction of this Court because he is a joint tortfeasor with Defendants WERNER and ACE and committed the tortious acts described herein.

15.

Venue is proper with respect to Castleberry as he is a joint tortfeasor with Defendants WERNER and ACE and committed the tortious acts described herein.

16.

This Court has subject matter jurisdiction over the claims asserted in this Complaint.

17.

Venue and jurisdiction are not proper originally or by removal in the United States District Court because Plaintiff and at least one Defendant are residents and citizens of Georgia.

## OPERATIVE FACTS

18.

On the evening of July 28, 2021 a wreck occurred on I-185 southbound near in Harris County, Georgia involving a tractor-trailer driven by Johnny Castleberry and a car driven by Marie Johnson.

19.

Defendant Castleberry was traveling beside Plaintiff in the left lane just prior to the wreck.

20.

Defendant Castleberry attempted to merge his tractor-trailer into right lane where Plaintiff was traveling.

21.

While attempting to merge into the right lane, Defendant Castleberry slammed his tractor-trailer into the left side of Plaintiff's vehicle, which was continuing to proceed in the right lane of travel.

22.

The force of the impact of Defendant Castleberry's tractor-trailer with Plaintiff's vehicle caused Plaintiff to lose control of her vehicle.

23.

As a result of Defendant Castleberry's negligence, Plaintiff's vehicle spun out of control, eventually coming to rest in a ditch, facing westbound.

24.

As a result of the impact caused by Defendant Castleberry's negligence, Plaintiff suffered personal injuries.

25.

As a result of the impact caused by Defendant Castleberry's negligence, Plaintiff experienced shock, fright, terror, and pain.

26.

As a result of the impact caused by Defendant Castleberry's negligence, Plaintiff's vehicle suffered significant damage.

27.

Defendant Castleberry was an agent and/or employee of Defendant WERNER and was operating the tractor-trailer in the course and scope of his employment with WERNER at the time of the wreck.

28.

The tractor-trailer driven by Castleberry was owned by Defendant WERNER.

29.

Plaintiff was a totally innocent victim who in no way contributed to causing the wreck on July 28, 2021.

30.

Plaintiff's injuries and damages were directly and proximately caused by the Defendants' negligence.

31.

The wreck was foreseeable to Defendants and could have been avoided had Defendants acted in a safe and prudent manner as required by Georgia law and in accordance with the standards required of professional truck drivers and motor carriers.

32.

On July 28, 2021, ACE Policy Number XSAH25309583 was in force and covered Defendant Castleberry and WERNER for their liability for the July 28, 2021 wreck.

## LIABILITY OF DEFENDANTS

### COUNT ONE

**(Castleberry's Negligence and Negligence Per Se)**

33.

Plaintiff re-alleges and reincorporates Paragraphs 1-32 as if fully set forth herein verbatim.

34.

Defendant Castleberry had a duty to operate his large commercial motor vehicle in a safe and prudent manner in accordance with his training as a professional driver and so as to not endanger the lives and welfare of Plaintiff and the motoring public. This duty included keeping a proper lookout, paying attention, keeping a safe distance from vehicles around him, operating his tractor-trailer within his lane, and operating his commercial vehicle at a reasonable and prudent speed in accordance with the conditions of the roadway and all traffic laws and regulations.

35.

As a professional truck driver, Defendant Castleberry also had a duty to operate his tractor-trailer in conformance with the Federal Motor Carrier Safety Regulations and the industry and corporate standards arising from these regulations, including the Required Skills and Knowledge set forth in 49 C.F.R. §§ 383.111 and 383.113 and the mandates of 49 C.F.R. §§ 390-395.

36.

Defendant Castleberry breached his duties, caused the subject wreck, and is liable for his tortious acts and omissions, which include, but are not limited to, the following:

A. Violating pertinent rules of the road, with such violations amounting to negligence *per se*. The pertinent violations include, but are not limited to, the following:

    i.    Failing to operate his vehicle with due care, in violation of O.C.G.A. § 40-6-241;

    ii.    Driving a vehicle in reckless disregard of the safety of persons or property, in violation of O.C.G.A. § 40-6-390; and

    iii.    Failing to maintain his lane, in violation of O.C.G.A. § 40-6-48.

B. Failing to operate the large tractor-trailer in a safe and prudent manner, thereby placing the lives and well-being of the public in general, and Plaintiff in particular, in grave danger;

C. Failing to operate his tractor-trailer in accordance with state and federal law and regulations;

D. Negligently attempting to pass Plaintiff's vehicle, which caused him to slam his tractor-trailer into the side of Plaintiff's vehicle;

E. Operating his large tractor-trailer too fast for the conditions;

F. Failing to maintain his lane; and,

G. Failing to keep a proper lookout.

37.

As a result of the foregoing breaches of duties by Defendant Castleberry, Plaintiff suffered losses, injuries, and significant pain.

-8-

38.

Alone or in conjunction with the negligence of the other Defendants, Defendant Castleberry' negligence proximately caused the losses, injuries, and pain suffered by Plaintiff.

## COUNT TWO

### (WERNER's Vicarious Liability, Negligence, and Punitive Damages)

39.

Plaintiff re-alleges and reincorporates Paragraphs 1-38 as if fully set forth herein verbatim.

40.

Defendant WERNER is liable under the doctrine of *respondeat superior* for the tortious acts and omissions of its agents, employees, members, representatives, servants, or contractors pursuant to O.C.G.A §§ 51-2-2, 51-2-5, 14-11-301, and other applicable law.  These acts and omissions include, but are not limited to, the acts and omissions committed by Defendant Castleberry on July 28, 2021, which are described above.

41.

Defendant WERNER negligently selected, hired, trained, supervised, retained, qualified, and/or entrusted Defendant Castleberry as a driver of a commercial vehicle.

42.

Defendant WERNER failed to ensure that its tractor-trailer and driver, Defendant Castleberry, complied with federal and state laws and regulations.

43.

Defendant WERNER failed to properly inspect, maintain, service, and/or repair the tractor-trailer Castleberry was driving.

44.

As a result of the foregoing breaches of duties, Plaintiff suffered losses, injuries, and pain.

45.

Alone or in conjunction with the negligence of the other Defendants, Defendant WERNER's negligence proximately caused the losses, injuries, and pain suffered by Plaintiff.

46.

Defendant WERNER is guilty of such willful misconduct, malice, fraud, wantonness, oppression, and an entire want of care sufficient to raise the presumption of conscious indifference to the consequences.

47.

Defendant WERNER's misconduct is so aggravating it authorizes, warrants, and demands the imposition of substantial punitive damages against WERNER pursuant to O.C.G.A. § 51-12-5.1.

## COUNT THREE

### (Liability of ACE)

48.

Plaintiff re-alleges and reincorporates Paragraphs 1-47 as if fully set forth herein verbatim.

49.

Defendant ACE provided liability coverage in the event of a motor vehicle collision involving the tractor-trailer involved in the wreck, WERNER, and its employees and/or agents, including Defendant Castleberry.

50.

Plaintiff is a third-party beneficiary under said contract or policies of insurance.

51.

Plaintiff is entitled to receive payments from Defendant ACE for the tort liability of Defendants WERNER and Castleberry.

## COUNT FOUR

### (Attorneys' Fees and Litigation Expenses Under O.C.G.A. § 13-6-11)

52.

Plaintiff re-alleges and reincorporates Paragraphs 1-51 as if fully set forth herein verbatim.

53.

Defendants have acted in bad faith, have been stubbornly litigious, and have caused the Plaintiff unnecessary trouble and expense, such that Plaintiff seeks to recover from Defendants all costs of litigation, including attorneys' fees and expenses, pursuant to O.C.G.A. § 13-6-11 and all other applicable Georgia law.

54.

Defendants are liable for Plaintiff's attorneys' fees, costs, and litigation expenses under O.C.G.A. § 13-6-11 and other applicable law.

## COUNT FIVE

### (Joint and Several Liability)

55.

Plaintiff re-alleges and reincorporates Paragraphs 1-54 as if fully set forth herein verbatim.

56.

Defendants jointly and concurrently committed tortious acts and omissions. Accordingly, all Defendants are jointly and severally liable to Plaintiff for her claims described herein.

## DAMAGES CLAIMED

57.

The damages claimed by Plaintiff were proximately caused by the tortious acts and omissions of Defendants, for which they are liable jointly and severally.

58.

Plaintiff Marie Johnson claims all damages that she is entitled to recover under Georgia law, including but not limited to the following:

A. Pre-impact and post-impact shock, fright, and terror Plaintiff experienced;

B. All components of the mental and physical pain and suffering endured by Plaintiff through the present time, which shall include the post-impact pain and suffering she endured;

C. All components of the mental and physical pain and diminished quality of life Plaintiff has endured and will endure in the future;

D. Past and future medical bills;

-12-

E.  Attorneys' fees and litigation expenses pursuant to O.C.G.A. § 13-6-11; and

F.  Punitive damages to punish and deter Defendants pursuant to O.C.G.A. § 51-12-5.1 *et seq.* and other law.

## PRAYER FOR RELIEF

59.

WHEREFORE Plaintiff prays for the following relief:

(a)    That summons issue requiring the Defendants to appear as provided by law to answer this Complaint;

(b)    That Plaintiff have and recover all damages for all losses compensable under Georgia law as set forth above;

(c)    That all attorneys' fees, expenses, and costs be cast against the Defendants;

(d)    That service be had on the Defendants as provided by law;

(e)    That the Court award punitive damages against Defendants;

(f)    That all expenses of litigation, including attorneys' fees, be cast against the Defendants; and,

(g)    For such other and further relief as the Court deems just and proper.

This __0__ day of __April__ , 2022.

Respectfully submitted,

MORGAN & MORGAN ATLANTA, PLLC

Mitchell B. Ladson, Esq.
Georgia Bar No. 984512

-13-

408 12th Street, Suite 200
Columbus, GA 31901
T: (762) 240-9450
F: (762) 240-9498

mladson@forthepeople.com
*Attorney for Plaintiff*

  EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HARRIS COUNTY, GEORGIA

**22-CV-096**

APR 06, 2022 03:33 PM

*Stacy K. Haralson*
Stacy K. Haralson, Clerk
Harris County, Georgia

IN THE SUPERIOR COURT OF HARRIS COUNTY
STATE OF GEORGIA

|  |  |  |
|---|---|---|
| MARIE JOHNSON, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION FILE NO. |
| | * | |
| vs. | * | |
| | * | _____ |
| ACE AMERICAN INSURANCE COMPANY, | * | |
| WERNER ENTERPRISES, INC., and JOHNNY | * | |
| CASTLEBERRY, | * | |
| | * | |
| Defendants. | * | |

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS
## TO DEFENDANT WERNER ENTERPRISES, INC.

COMES NOW the Plaintiff and serves these Requests for Production upon the above

named Defendant and request that they be fully answered in writing and under oath within forty-

five (45) days of the date of service.  Each Request is addressed to the personal knowledge of the

Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators,

agents, employees, and other representatives.  If Defendant is unable to comply with a Request

completely, the Request should be produced as fully as possible.  When a Request is directed to

Defendant, the Request is also directed to the aforementioned persons.  These Requests shall be

deemed continuing, and you are under a duty to seasonably supplement or amend a prior

response.

If no such information exists to comply with a particular Request, please state that fact.

Failure to state that fact will, when that fact is proven, result in an abusive litigation claim.

-1-

These Requests are made for production of the documents by mail to McDonald, Cody & Cook, LLC located at 383 U.S. Hwy 441 Business, Cornelia, Georgia 30531; if documents are voluminous, please contact Plaintiff's counsel to arrange an alternative production.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.    "**Document**" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.    "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization or group of persons.

3.    "**Occurrence**" refers to the collision made the basis of the Complaint.

## REQUESTS FOR PRODUCTION

The documents to be produced are the following:

1.

Please produce copies of all witness statements obtained from any person about any information relevant to any issue in this lawsuit or the subject collision, including, but not limited to, the issues of liability, causation or damages.

2.

Please produce copies of any photographs, still or motion pictures, videos, plans, drawings, blue prints, sketches, diagrams, computer simulations, or any other photographic or demonstrative evidence concerning the subject collision and/or concerning any of the issues relevant in this lawsuit, to include, but not limited to, the issues of liability, causation and damages.

3.

Please produce a copy of any incident/accident reports prepared by any agent, employee, or officer on behalf of this Defendant concerning the subject collision and/or any claim or potential claim arising out of said collision.

4.

Produce a copy of all documents or other materials this Defendant has generated or received from any person as a result of this collision.

5.

Please produce a complete copy of all policies of insurance (to include the Declarations pages) that do or may afford liability insurance coverage to this Defendant with respect to

Plaintiff's claims against this Defendant.  This Request expressly includes primary insurance coverage, excess insurance coverage, umbrella insurance coverage, personal insurance coverage, business insurance coverage, or any other type of liability insurance coverage.

6.

Please produce copies of all reports or opinions received from any experts who have investigated any issue relevant to the subject collision relevant to this lawsuit.  Also, please produce all materials relied upon by each expert in formulating his or her opinions and conclusions.

7.

Please produce a copy of the paycheck, paycheck stub, time card, or any documentation of time worked by the defendant driver for the time period during which this collision occurred. This request includes copies of any materials which reflect any expenses (such as mileage, gas, etc.) which are reimbursed.

8.

Please produce a copy of any and all instructions manuals, employee rules, regulations, training videos, or any driver/employee handbook provided to defendant driver or any handbook in force and effect for drivers of this Defendant at the time of the subject collision.

9.

Please produce copies of all manuals or documents that relate to the qualifications for this Defendant's drivers and/or your policies regarding the screening, hiring and monitoring of persons who drive for the benefit of this Defendant.

10.

Please produce a complete copy of the driver qualification file, your personnel file, and all other files maintained concerning the defendant driver, Defendant Castleberry involved in the subject collision.

11.

Please produce copies of any and all documents of any kind which reflect information concerning the trip being made by the defendant driver at the time the subject collision occurred to include documents relevant to said trip from the time the trip originated until the time the trip was to end.

12.

Please produce a copy of any documentation of any kind received by this Defendant from any person, corporation, or insurer relative to the performance of Defendant Castleberry as a driver or employee to include criticisms, reprimands, infractions, discharges, firings, or other commentary concerning Defendant Castleberry work or background as a driver and employee from the time he first worked for this Defendant to include, but not be limited to, the date of the collision and any information received concerning the requested subject matter subsequent to said collision.

13.

Please produce any report or statement concerning the collision given by Defendant Castleberry and given to this Defendant, the police, any insurer, or any other person concerning the collision set forth in the Complaint.

14.

Please produce a complete copy of maintenance records, repair records, and inspection records on the vehicle operated by Defendant Castleberry and involved in the subject collision

from the last two years preceding the subject collision to the current time. This request includes any documents, photographs, videos, or any other reports or records concerning the maintenance, repair, and inspection of the subject vehicle from two years prior to the subject collision to the present date.

15.

Please produce copies of any and all reports, repair bills, work orders, videotapes, photographs, or other documentation or evidence of any kind which depict, demonstrate, or relate to the nature of the damage done to the vehicle driven by Defendant Castleberry in the subject collision and who repaired the vehicle after the subject collision.

16.

Please produce copies of any and all photographs, documents, or demonstrative evidence that you intend to use in the defense of this case at trial.

17.

Please produce copies of any and all evidence in your possession to include documents, medical condition, photographs, sound or video recordings, or any documentation by any other name, that concerns Marie Johnson's physical or medical conditions, injuries, or damages that have not been supplied to you by Plaintiff's counsel.

18.

Please produce copies of any and all documents obtained or generated as a result of Defendant Castleberry's driving for this Defendant or its agents, officers, and employees or generated for consideration of Defendant Castleberry as a driver and employee for this Defendant.

19.

Please produce any and all documents that in any way pertain to Defendant Castleberry's qualifications (or lack thereof) to drive professionally for this Defendant to include prior references, previous collisions or motor vehicle collisions, reprimands, criticisms, or any other information that reflects negatively or positively upon said driver's driving or driving ability.

20.

Please produce copies of any and all information sent to or received from or through any of your insurers concerning the collision giving rise to this litigation including, but not limited to, documents in the possession of your liability insurance carrier with respect to the issue of liability in this case.

21.

Please produce copies of all motor vehicle reports or reports of any kind received from any private corporation or individual, or other business entity, or any governmental entity relative to the driving history, driving record, and driving infractions or criminal history of Defendant Castleberry.

22.

Please produce a copy of any reservation of rights letter or other documentation of any kind received from any insurer that purports to question, deny, or defend under a reservation of rights the insurance coverage and claim that forms the basis for Plaintiffs' Complaint.

23.

Please produce copies of any and all medical reports, medical tests, alcohol or drug screens, or tests of any other kind by any other name performed upon Defendant Castleberry by any person including but not limited to any medical provider or law enforcement agency either

prior to, subsequent to, or as a result of the collision that forms the basis for Plaintiff's Complaint.

24.

Please produce copies of any and all citations received by the defendant driver from any law enforcement officer to include citations relevant to any violation of any law, ordinance, or rule of road of any state as a result of this collision.

25.

Please produce copies of any data and reports that have been downloaded or generated from data recorded by the vehicle engine and/or vehicle control modules, the "black box," GPS or Qualcom devices or other trip recording devices that pertain to the vehicle driven by Defendant Castleberry in this wreck.

26.

Please produce all Qualcom records (or any other similar type vehicle monitoring records) that pertain to any vehicle driven for this Defendant by Defendant Castleberry.

27.

Please produce copies of any tapes or recordings made on the day of the wreck that relate to the subject collision.

28.

Please produce any documents or materials that you contend show that any other entity or person is responsible for the subject collision.

29.

Produce all documents that discuss, reference or mention any issue concerning recommended or safe driving practices for persons who drive vehicles for this Defendant, including but not limited to, handouts, videos or other materials.

30.

Produce all documents evidencing any changes in this Defendant's practices or policies that pertain to driving, hiring, screening or retention of drivers for this Defendant that have been implemented since the subject wreck.

31.

Produce a copy of the Complaint and Answer of all lawsuits filed against this Defendant in the last 10 years that arose out of a collision between a vehicle driven for the benefit of this Defendant and another vehicle or person that resulted in a personal injury.

32.

Produce all documents and materials that were either identified or relied upon in your responses to Plaintiff's First Interrogatories.

33.

Produce a copy of all driver's license and other certificates or permits held by Defendant Castleberry that related to his qualifications to drive for this Defendant.

34.

Produce a copy of all documents exchanged between this Defendant and any of the other Defendants in this case at any time.

35.

Produce a copy of itemized phone statements, whether landline or cellular, of phones being used by You or in furtherance of Your business on the day of the subject incident, for the day of the subject incident.

This __6__ day of __April__, 2022.

Respectfully submitted,

MORGAN & MORGAN ATLANTA, PLLC

Mitchell B. Ladson, Esq.
Georgia Bar No. 984512
mladson@forthepeople.com
*Attorney for Plaintiff*

408 12ᵗʰ Street, Suite 200
Columbus, GA 31901
T: (762) 240-9450
F: (762) 240-9498

IN THE SUPERIOR COURT OF HARRIS COUNTY
STATE OF GEORGIA

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HARRIS COUNTY, GEORGIA

22-CV-096

APR 06, 2022 03:33 PM

*Stacy K. Haralson*
Stacy K. Haralson, Clerk
Harris County, Georgia

MARIE JOHNSON,

      Plaintiff,

      vs.

ACE AMERICAN INSURANCE COMPANY,
WERNER ENTERPRISES, INC., and JOHNNY
CASTLEBERRY,

      Defendants.

      CIVIL ACTION FILE NO.

      _____

## PLAINTIFF'S FIRST INTERROGATORIES
## TO DEFENDANT WERNER ENTERPRISES, INC.

COME NOW the Plaintiffs in the above-styled action and serves these Interrogatories upon the above-named Defendant as an opposite party and request that they be fully answered in writing and under oath within forty-five (45) days of the date of service. These interrogatories are served pursuant to the Georgia Civil Practice Act and more specifically to the provisions of O.C.G.A. '' 9-11-26 and 9-11-33. These interrogatories shall be deemed continuing and you are required to supplement or amend any prior response if the person or entity to whom these interrogatories are addressed ascertains any change, different or added fact, condition or circumstances, or that there be any other witness(es) or evidence. Each interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. If Defendant is unable to answer a question completely, the question should be answered as fully as possible. When a question is directed to Defendant, the question is also directed to each of the aforementioned persons.

You are requested not to respond to Interrogatories by referring to the responses to other Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.    "**Document**" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.    "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

3.    "**Occurrence**" refers to the collision made the basis of the Complaint.

2

4.      (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)      "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

## INTERROGATORIES

1.

Identify each person or entity, whether a party to this action or not, known or believed by you to have been negligent or at fault, or who otherwise may be liable in whole or in part for Plaintiff's alleged damages in connection with the occurrence complained of in this action. As to each person or entity identified, describe the nature of the negligence, fault or liability alleged and set forth the facts relevant to your response.

2.

Describe in detail the precise nature and scope of this Defendant's business relationship with Defendant Johnny Castleberry ("CASTLEBERRY") in the 12 months prior to and including day of the subject wreck and state whether Defendant CASTLEBERRY was acting within the course and scope of his employment for this Defendant at the time and place of the subject

3

wreck. If you contend Defendant CASTLEBERRY was not acting within the course and scope of his employment for this Defendant at the time of the wreck, please state the factual basis for that claim and identify who you contend Defendant CASTLEBERRY was working for at the time of the wreck.

3.

State in detail the factual basis for each and every affirmative defense you raised in your Answer to the Complaint.

4.

State whether this Defendant admits that Defendant CASTLEBERRY negligently caused the subject occurrence. If your answer is in the negative, please explain the basis for that denial, including a description of any negligent acts of other persons or entities that you contend contributed to this wreck.

5.

Do you contend that that service of process has been deficient on you in this matter? If so, please describe and state with specificity all factual and legal bases supporting any such contention(s).

6.

If any named defendant is improperly identified, please provide the proper identification and state whether you will accept service of an amended Summons and Complaint reflecting the information furnished by you in response to this Interrogatory.

7.

Do you contend that there are any factual or legal bases upon which this matter should be

dismissed as a matter of law?  If so, please identify each such contention and describe and state with specificity all factual and legal bases supporting any such contention(s).

8.

Please identify every person who has any information about how or why the collision complained of in this case occurred, about who was at fault or in any way responsible for causing this wreck, and about any other information pertaining to the issue of liability, causation or damages in this case.  Please include a brief description of the nature of such person's knowledge, their phone number(s), address(es), place of employment, and present whereabouts.

9.

Please identify all persons (whether medical providers, lay persons, or anyone else) who have any information relative to Plaintiff's health condition prior to or subsequent to the collision in this case, information relative to Plaintiff's physical and mental suffering as a result of this collision, or any information relative to the issue of damages in this litigation.

10.

Please state whether any of the people identified in Interrogatories Nos. 9 and 10 above made or gave any statement(s) or account(s), either orally, in writing, or recorded in any way, of his or her knowledge of any information relevant in this lawsuit.  If so, identify all such persons giving such statement(s) and provide an explanation of the type statement(s) given (oral, written, recorded, etc.).  Also, identify the taker and present custodian of such statement(s).

11.

Please state whether this Defendant, its attorneys, investigators, or other representatives know of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type demonstrative evidence concerning the

subject occurrence, the site of the subject occurrence, the vehicles involved, or which in any way illustrate any facts relevant to the occurrence.  As to each item, please state the following:  the nature of such item; how many of such items exist (for example, 15 photographs); the name, address, and employer of the person making or supplying such item; and the identity of the person who presently possesses such item.

### 12.

State the date on which Defendant CASTLEBERRY first drove a truck for or was employed by this Defendant and the date on which that employment terminated.

### 13.

State whether Defendant CASTLEBERRY was tested for drugs or alcohol after the subject collision.  If so, identify the person who administered such test, the type of test administered and state the results of all such test.

### 14.

Please state in detail how you contend the subject occurrence took place and the order in which the events took place, to include the purpose of the trip by Defendant CASTLEBERRY, his destination, and from where he left.  Please include in this response a listing of each person, force of nature, act of God, and/or circumstance you believe to have caused or contributed to causing the subject occurrence and/or any of Plaintiff's damages.

### 15.

State whether any test, experiment, inspection, chart or measurement has been made with respect to the scene of the collision-in-suit, or any object involved.  State the name, current address and telephone number of each person who participated in such a test, experiment,

inspection, chart, or measurement, and the date and nature of their participation.   Identify all documents, pictures/videos and other data generated as a result of such activities.

### 16.

Please identify any and all investigators, mechanics, adjusters, claims representatives, experts or any other person who have investigated this collision, examined any of the vehicles involved, or who have in any way investigated the claims made in this lawsuit on behalf of this Defendant, its attorneys, or its insurers.

### 17.

Please state whether any inspection of the subject truck driven by Defendant CASTLEBERRY was conducted after the collision that is the subject of this lawsuit, the results of such inspection, and the name(s) of the person(s) performing such inspection.   Also identify any documents, reports, photographs, videotapes, or other records which were made concerning any inspection of the subject truck.

### 18.

Please state whether or not an accident/incident report was made by this Defendant or any of your representatives in connection with the subject occurrence, and if so, identify all persons who have reviewed a copy of such report(s), the place where such report(s) is located, and the present custodian of the same.

### 19.

Was the vehicle driven by Defendant CASTLEBERRY equipped with any on-board monitoring devices such as a GPS or Qualcom system?   If so, was any data, reports or records that pertain to those devices generated that cover the 24 hours prior to and including the wreck?

20.

Was the vehicle driven by Defendant CASTLEBERRY equipped with any blackbox, engine control module, or vehicle control module at the time of the wreck? If so, has the data from those devices been retrieved and retained?

21.

Describe in detail all precautions this Defendant took to control the speed and driving conduct of drivers such as Defendant CASTLEBERRY, i.e. the use of governors, the monitoring of Qualcom records, etc.

22.

Identify every person who has discussed this wreck with Defendant CASTLEBERRY.

23.

Please identify the following individuals as of the date of the occurrence and at present:

(a)     Person(s) responsible for the inspection, maintenance, and repair of this Defendant's vehicle that was involved in the subject wreck;

(b)     Safety Director;

(c)     Person(s) responsible for training employees/drivers, including Defendant CASTLEBERRY;

(d)     Person(s) responsible for interviewing and/or hiring employees/drivers, and specifically driver Defendant CASTLEBERRY;

(e)     Person(s) responsible for supervising drivers, including Defendant CASTLEBERRY;

(f)     Person responsible for ensuring that Defendant CASTLEBERRY maintained current log books, permits, licenses, and certifications;

8

(g)    Person in charge of the drug testing of drivers including Defendant CASTLEBERRY; and,

(h)    Person(s) responsible for dispatching or assigning Defendant CASTLEBERRY his work tasks on day of the subject wreck.

24.

Please state whether this Defendant, its agents, its attorneys, or its insurers, on its own or through any other person, obtained or obtains information, from any private source or governmental agency, about the driving history, driving violations, criminal violations, motor vehicle record, or other driving qualifications of the persons this Defendant hires or allows to drive vehicles for this Defendant's benefit. If so, please state, by job title, to which employees this inquiry applies, from whom this information is obtained (including, but not limited to any governmental agency or entity), and exactly what information is obtained or, as a matter of policy, sought to be obtained. Also, please state the same as to each person through which such information was requested or obtained concerning the driver involved in the subject occurrence and the dates upon which such information was obtained concerning the driver operating the truck involved in the subject occurrence.

25.

With respect to Defendant CASTLEBERRY, please state the following: his date of birth; Social Security number; Driver's license number and state of issuance; his present home address; all of said driver's previous residence addresses for the past five years, including the street address, city, state, and zip code; his mode of compensation; and any special certifications he has ever held while employed by this Defendant.

9

26.

State how Defendant CASTLEBERRY was selected by this Defendant to drive the subject vehicle; how long he had been authorized to drive the subject vehicle; and whether there have ever been any criticisms related to his driving or job performance of which this Defendant is aware.

27.

State whether Defendant CASTLEBERRY was criticized, reprimanded, or any of his job duties were altered in any fashion as a result of the subject collision.  If your answer is in the affirmative, please state in detail the basis for the affirmative answer.

28.

State the number of hours Defendant CASTLEBERRY had worked and had been on duty in the seven days prior to this collision.

29.

List each motor vehicle collision, traffic violation, or other crime committed or allegedly committed by Defendant CASTLEBERRY of which this Defendant was aware prior to the wreck.  For each such event listed, identify and explain how and from what source this Defendant was made aware of each such event.

30.

Identify each and every traffic citation or motor vehicle collision that Defendant CASTLEBERRY has received or been involved in while driving for this Defendant.

31.

Describe all steps taken by, or for the benefit of, this Defendant to evaluate the training, health, experience, and qualifications of Defendant CASTLEBERRY before he was allowed to drive for this Defendant.

32.

Identify all training, instruction, handbooks, videos and/or seminars provided to persons who drive trucks for this Defendant, including but not limited to those that haul hazardous materials, and identify all such training/instruction/handbooks/videos and/or seminars were provided to Defendant CASTLEBERRY.

33.

Did Defendant CASTLEBERRY violate any policy, standard, guideline, recommendation or rule of this Defendant in connection with the subject wreck? If so, please state the substance of the rule/policy/standard and explain how the same was violated by Defendant CASTLEBERRY.

34.

Please identify any person that this Defendant expects to call as an expert witness, whether live, by affidavit, or by deposition, in connection with any trial, hearing, or motion, as well as any other evidentiary hearing in this action, and, separately for each expert: identify the subject matter of which the person is expected to testify; identify the substance of the facts and opinions as to which the person is expected to testify; summarize the grounds for such opinions; and identify all documents and professional references upon which such person may base his or her testimony and opinions.

35.

As to any policy of liability insurance which would or might inure to the benefit of Plaintiff by providing for payment of a part of or all of any judgment rendered in favor of the Plaintiff against any Defendant, state the name and address of the insurer of each such policy, the name and address of each insured on each such policy, the policy number of each such policy, and the limits of liability in such policy as same might apply to Plaintiffs by reason of any one incident and the total limits of liability to all persons by reason of any one incident.  State also whether the policy is drawn down or reduced as a result of the expenses of litigation.

36.

Identify, including the names, business titles, job positions and descriptions, addresses and home and business telephone numbers, the person or persons who assisted in any way in responding to these Interrogatories, and specify the particular response or responses to which each person responded.

37.

Identify all documents and other tangible things which constitute or contain matters relevant to the subject of this lawsuit or which were relied on or referred to in answering these Interrogatories.  Please include in your response to this Interrogatory identification of all documents or tangible things that you intend to introduce as evidence at the time of trial.

38.

State the exact weight of the vehicle operated by Defendant CASTLEBERRY at the time of the collision.

39.

State whether you have a policy against cell phone use while employees are driving your vehicles? If so, please describe such policy.

40.

State whether the tractor or trailer driven by Defendant CASTLEBERRY had been placed out of service at any time prior to the subject collision. If so, state when, where and why such out of service status was put on the subject tractor or trailer.

41.

State the number of times that this Defendant had been engaged by Defendant Werner Enterprises, Inc. to haul products or trailers.

42.

Identify all persons and entities that brokered or in any way was responsible for contracting the subject load with you.

43.

Describe in detail how this Defendant was engaged to haul this load including who contacted this Defendant, gave it the pickup and drop-off locations, made payment, or was supposed to make payment for, this load.

This _6_ day of _April_____, 2022.

Respectfully submitted,

MORGAN & MORGAN ATLANTA, PLLC

Mitchell B. Ladson, Esq.
Georgia Bar No. 984512
mladson@forthepeople.com
*Attorney for Plaintiff*

408 12th Street, Suite 200
Columbus, GA 31901

13

T: (762) 240-9450
F: (762) 240-9498

＊ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HARRIS COUNTY, GEORGIA

**22-CV-096**

APR 06, 2022 03:33 PM

*Stacy K. Haralson*
Stacy K. Haralson, Clerk
Harris County, Georgia

IN THE SUPERIOR COURT OF HARRIS COUNTY
STATE OF GEORGIA

MARIE JOHNSON,

    Plaintiff,

    vs.

ACE AMERICAN INSURANCE COMPANY,
WERNER ENTERPRISES, INC., and JOHNNY
CASTLEBERRY,

    Defendants.

CIVIL ACTION FILE NO.

_____

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION OF FACTS
## TO DEFENDANT WERNER ENTERPRISES, INC.

COMES NOW Plaintiff and serves these Requests for Admission upon the named Defendant and requests that they be fully admitted in writing and under oath within forty-five (45) days of the date of service. These Requests for Admission are served pursuant to the Georgia Civil Practice Act and are served pursuant to O.C.G.A. § 9-11-26 and 9-11-36.

EACH MATTER OF WHICH AN ADMISSION IS REQUIRED SHALL BE DEEMED ADMITTED UNLESS, WITHIN THE TIME ALLOWED BY LAW AFTER SERVICE OF THESE REQUESTS, YOU SERVE PLAINTIFF WITH A WRITTEN ANSWER OR OBJECTION TO SUCH MATTER.

You are cautioned that should you fail to admit the genuineness of any document, or the truth of any matter requested herein pursuant to the Georgia Civil Practice Act, and should Plaintiff thereafter prove the genuineness of such document or truth of such matter, Plaintiff will apply to the Court for an order requiring you to pay Plaintiff the reasonable expenses incurred by Plaintiff in making that proof, including reasonable attorney fees. The Court must make such

order unless it finds that the Request was objectionable pursuant to the Georgia Civil Practice Act, or that the admission sought was of no substantial importance, or that you had reasonable grounds to believe that you might prevail on the matter, or that there was some other good reason for failure to admit the matter.

The matters requested admitted are the following:

1.

Admit that this Defendant has been properly served with process in this action.

2.

Admit that this Defendant raises no defenses as to insufficiency of process in this action.

3.

Admit that no person or entity, other than the parties to this action, is responsible for the subject collision.

4.

Admit that Defendant Castleberry was an employee of this Defendant at the time of this wreck.

5.

Admit that Defendant Castleberry was acting with the course and scope of his employment for this Defendant at the time of this wreck.

6.

Admit liability.

This 6 day of April , 2022.

-2-

Respectfully submitted,

MORGAN & MORGAN ATLANTA, PLLC

Mitchell B. Ladson, Esq.
Georgia Bar No. 984512
mladson@forthepeople.com
*Attorney for Plaintiff*

408 12th Street, Suite 200
Columbus, GA 31901
T: (762) 240-9450
F: (762) 240-9498

⚖ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
HARRIS COUNTY, GEORGIA

**22-CV-096**

APR 06, 2022 03:33 PM

*Stacy K. Haralson*
Stacy K. Haralson, Clerk
Harris County, Georgia

IN THE SUPERIOR COURT OF HARRIS COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| MARIE JOHNSON, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION FILE NO. |
| | * | |
| vs. | * | |
| | * | _____ |
| ACE AMERICAN INSURANCE COMPANY, | * | |
| WERNER ENTERPRISES, INC., and JOHNNY | * | |
| CASTLEBERRY, | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND
THINGS TO ACE AMERICAN INSURANCE COMPANY**

COMES NOW Plaintiff and serves these Requests for Production of Documents and Things upon the named Defendant and requests that they be fully answered in writing and under oath within forty-five (45) days of the date of service. Each Request is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. If Defendant is unable to comply with a Request completely, the Request should be produced as fully as possible. When a Request is directed to Defendant, the Request is also directed to the aforementioned persons. These Requests shall be deemed continuing, and you are under a duty to seasonably supplement or amend a prior response.

Please Bates Number the documents you produce and identify under each individual Request the documents responsive to that Request by Bates Number so that there will be no confusion about what was produced and when it was produced.

If a privilege is claimed as to any document otherwise covered by a Request for Production, Plaintiff requests that each document to which privilege is claimed be identified with such particularity and in such a manner that the Court, and not Defendant unilaterally, may determine whether the document is indeed entitled to privileged status. Accordingly, you are instructed not to make "general objections" based on privilege or work product claims, as such general objections do not specify that facts or documents exist which are subject to such claims and do not identify in any way the facts or documents and do not provide anything to the Court for decision. If a particular Request does in fact encompass facts or documents which you believe to be properly withheld from Plaintiff, then you are instructed to so state. In the case of documents, you are instructed to provide the Bates numbers of those documents withheld in your response. Failure to comply with these instructions will be deemed by Plaintiff to be a failure to answer or respond under O.C.G.A. § 9-11-37(d), inasmuch as the object of such failure could only be to delay and obstruct these proceedings, in violation of O.C.G.A. § 9-11-1.

If you believe that documents responsive to these requests are somehow confidential because they contain trade secrets or allegedly proprietary business information, such belief in and of itself provides no basis for the blanket withholding of production of such documents in a timely manner. If you intend to make such claims about responsive documents, you should (1) contact Plaintiff's counsel prior to responding to these requests and (2) articulate to Plaintiff the basis for the claims of confidentiality of each such document or fact to which a claim of confidentiality is made in the form of a log identifying each document or fact and describing it with reasonable particularity as to time, authorship, recipients, and subject.

Stated another way, it is improper for you to attempt the following strategy: wait until the time has run for responding to the requests herein, interpose boilerplate objections in your

responses that a particular request is overbroad, oppressive, or unduly burdensome (or similar such objections) and then fail to provide any substantive response to the discovery request in your responses. If you seek to interpose boilerplate "burden" objections in lieu of legitimate, substantive responses to these requests, the law requires that you file a motion for protective order **prior to the running of the time for response to these requests**, and in that motion explain the bases for the objections in a manner that satisfies the burden of proof which rests **on you** to justify any such objections. Moreover, filing of any such motion for protective order **does not excuse a failure** to respond in a timely manner to these requests.

These Requests are made for production of the documents by mail. If documents are voluminous, please contact Plaintiff's counsel to arrange an alternative production.

## <u>DEFINITIONS</u>

As used herein, the terms listed below are defined as follows:

1.     "<u>**Document**</u>" means every writing, printing, record, electronic data, graphic, photographic, or sound reproduction of every type and description that has been in your possession, control, or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer or electronic records (including web pages, social media, intranet messages or data, data stored on the cloud or internet, printouts, disks, usb drives, or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures,

and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference. Where information exists electronically, Plaintiff expressly intends the term "document" to include such electronically stored data.

2.     "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

3.     "**Subject collision**" refers to the collision on March 19, 2016, in Harris County, Georgia, which serves as the basis of Plaintiff's Complaint.

4.     (a)     "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)     "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient(s) of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

5.     "**You**" or "**this Defendant**" refers to Eastern Atlantic Insurance Company.

## REQUESTS FOR PRODUCTION

-4-

1.

Please produce copies of all witness statements obtained from any person about any information relevant to any issue in this lawsuit or the subject collision, including, but not limited to, the issues of liability or damages.

2.

Please produce copies of any photographs, still or motion pictures, videos, plans, drawings, blue prints, sketches, diagrams, computer simulations, or any other type of demonstrative evidence concerning the subject collision, the scene of the subject collision (including the markings on or near the roadway where the incident occurred), vehicles involved in the subject collision, Marie Johnson, and/or concerning any of the issues relevant in this lawsuit, to include, but not be limited to, the issues of liability and damages.

3.

Please produce a copy of any incident reports prepared by or for any agent, employee, or officer on behalf of this Defendant or this Defendant's insured(s) concerning the subject collision and/or any claim or potential claim arising out of said collision.

4.

Please produce a complete copy of all policies of insurance (to include the Declarations pages) which do or may afford liability insurance coverage with respect to Plaintiff's claims against this Defendant's insured(s).   This Request expressly includes primary insurance coverage, excess insurance coverage, umbrella insurance coverage, personal insurance coverage, business insurance coverage, or any other type of liability insurance coverage.

5.

Please produce copies of the underwriting files concerning Werner Enterprises Inc.'s application for insurance with this Defendant

6.

Please produce a copy of any reservation of rights letter or other documentation of any kind or by any other name sent to any insured that purports to qualify, deny, or reserve the right to contest the issue of coverage for the claims made in this lawsuit.

7.

Please produce copies of all reports or opinions, including drafts, received from any experts who have investigated any issue in this case. Also, please produce all materials supplied to, received from, reviewed by, consulted, and/or relied upon by each expert in formulating his or her opinions and conclusions.

8.

Please produce copies of any and all information sent to or received from your insureds concerning or referencing the subject collision or Plaintiff.

9.

Please produce true, accurate, and complete copies of any and all documents exchanged between this Defendant and any of its agents or employees that reference or in any way relate to this case, the subject collision, Defendant Castleberry, Defendant Werner Enterprises Inc., or Plaintiff, including all insurance applications and requests for quotes.

10.

Please produce true, accurate, and complete copies of any documents which reflect what agents this Defendant has in Georgia.

11.

Produce a copy of all documents or other materials this Defendant has generated or received from any person as a result of this collision.

12.

Please produce any report or statement concerning the collision given by Defendant Castleberry and given to this Defendant, the police, any insurer, or any other person concerning the collision set forth in the Complaint.

13.

Please produce copies of any tapes or recordings made on the day of the wreck or afterward that relate to the subject collision or Plaintiff, including any tapes or recordings made of the Plaintiff.

14.

Please produce copies of any and all motor vehicle records or reports of any kind received from any private corporation, individual, or business entity, or any governmental entity relative to the driving record and driving infractions of Defendant Castleberry.

15.

Please produce copies of any and all reports, repair bills, work orders, videotapes, photographs, or other documentation or evidence of any kind which depict, demonstrate, or relate to the nature of the damage done to any vehicle in the subject collision and/or who repaired the vehicle after the subject collision.

16.

Please produce copies of any and all photographs, documents, or demonstrative evidence that you intend to use in the defense of this case at trial.

17.

Please produce copies of any and all evidence in your possession to include documents, photographs, sound or video recordings, or any documentation by any other name which concern Plaintiff's physical or medical conditions, injuries, or damages that have not been supplied to you by Plaintiff's counsel.

18.

Please produce copies of any and all documents obtained or generated as a result of Defendant Castleberry' driving for this Defendant's insured or its agents, officers, and employees or generated for consideration of Castleberry as a driver for this Defendant's insured.

19.

Please produce any and all documents that in any way pertain to Defendant Castleberry's qualifications (or lack thereof) to drive professionally for this Defendant's insured to include prior references, previous collisions or motor vehicle collisions, reprimands, criticisms, or any other information that reflects negatively or positively upon said driver's driving or driving ability.

20.

Please produce any documents or materials that you contend show that any non-party is responsible for the subject collision.

21.

Please produce any documents or materials that you contend show that Plaintiff is responsible for the subject collision.

22.

Produce all documents and materials that were either identified or relied upon in your

responses to Plaintiff's Interrogatories.

23.

Please produce a copy of your document retention policy.

24.

Please produce all documents generated by, created by, produced by, or received from any third party relating to the subject wreck or Plaintiff's injuries and damages. This request includes, but is not limited to 911 records, medical records, wreck reports, photographs, videos, traffic charges, citations, pleas, sentencing orders and any other documents received from any law enforcement entity, emergency medical responder, court, or other governmental entity.

This ＿6＿ day of ＿April＿, 2022.

Respectfully submitted,

MORGAN & MORGAN ATLANTA, PLLC

Mitchell B. Ladson, Esq.
Georgia Bar No. 984512
mladson@forthepeople.com
*Attorney for Plaintiff*

408 12th Street, Suite 200
Columbus, GA 31901
T: (762) 240-9450
F: (762) 240-9498

IN THE SUPERIOR COURT OF HARRIS COUNTY
STATE OF GEORGIA

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HARRIS COUNTY, GEORGIA

**22-CV-096**

APR 06, 2022 03:33 PM

*Stacy K. Haralson*
Stacy K. Haralson, Clerk
Harris County, Georgia

MARIE JOHNSON,                              *
                                            *
     Plaintiff,                            *        CIVIL ACTION FILE NO.
                                            *
  vs.                                       *        _____
                                            *
ACE AMERICAN INSURANCE COMPANY,             *
WERNER ENTERPRISES, INC., and JOHNNY        *
CASTLEBERRY,                                *
                                            *
    Defendants.                           *

## PLAINTIFF'S FIRST INTERROGATORIES TO ACE AMERICAN INSURANCE COMPANY

COMES NOW Plaintiff and serves these Interrogatories upon the above-named Defendant and requests that they be fully answered in writing and under oath within forty-five (45) days of the date of service. These Interrogatories are served pursuant to the Georgia Civil Practice Act and more specifically to the provisions of O.C.G.A. §§ 9-11-26 and 9-11-33. These Interrogatories shall be deemed continuing and you are required to supplement or amend any prior response if the person or entity to whom these Interrogatories are addressed ascertains any change, different or added fact, condition, or circumstances, or that there be any other witness(es) or evidence. Each Interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. If Defendant is unable to answer a question completely, the question should be answered as fully as possible. When a question is directed to Defendant, the question is also directed to each of the aforementioned persons.

You are requested not to respond to Interrogatories by referring to the responses to other Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.     "**Document**" means every writing, printing, record, electronic data, graphic, photographic, or sound reproduction of every type and description that has been in your possession, control, or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer or electronic records (including web pages, social media, intranet messages or data, data stored on the cloud or internet, printouts, disks, usb drives, or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.  Where information exists electronically, Plaintiff expressly intends the term "document" to include such electronically stored data.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

3.      "**Subject collision**" refers to the collision on March 19, 2016, in Harris County, Georgia, which serves as the basis of Plaintiff's Complaint.

4.      (a)     "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)     "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient(s) of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

5.      "**You**" or "**this Defendant**" refers to Eastern Atlantic Insurance Company.

## INTERROGATORIES

1

Do you contend that venue is improper in this Court, jurisdiction is lacking over you in this Court, that service of process has been deficient on you in this matter, or that there are any factual or legal bases upon which this matter should be dismissed as a matter of law?  If so, please identify each such contention and describe and state with specificity all factual and legal bases supporting any such contention(s).

-3-

2.

Please identify every person who has any information about how or why the subject collision occurred, about who was at fault or any way responsible for causing this collision, and about any other information concerning the issues of liability or damages in this case. Please list a brief description or nature of such person's knowledge (for example: eyewitness, investigating police officer, medical doctor, private investigator, etc.).

3.

Please identify any witness who has information relevant to this case who has orally, in writing, or by recording in any way given a statement or account of his or her knowledge or any information relevant to this lawsuit. Identify each such witness by giving his or her name, address, and telephone number and provide an explanation of the type statement given (oral, written, recorded, etc.). Also please identify the taker and present custodian of such statement. If you assert any claim of privilege or work product over any statement responsive to this Interrogatory, then please identify the statement on a privilege log along with the privilege claimed.

4.

Please identify any person you expect to call as an expert witness, whether live, by affidavit, or by deposition in connection with the trial, any hearing or motion for evidentiary matter in this civil action, and separately for each expert identify: a) the subject matter on which such person is expected to testify; b) the substance of the facts and opinions as to which such expert is expected to testify; c) a summary of the grounds for such opinion; and d) all documents and professional references upon which such person may specifically base his or her testimony and opinions.

5.

Please list each act of negligence, contributory negligence, or comparative negligence you contend Marie Johnson, or any other person did or failed to do that in any way contributed to causing the collision that forms the basis for Plaintiff's Complaint. Please supply any statutory authority where applicable and identify every item of forensic evidence you have or are aware of that you contend indicates Plaintiff or any other person or entity was at fault.

6.

Please state whether at the time and place of the subject collision, Defendant Castleberry was an employee/servant of Werner Enterprises, Inc. acting within the course and scope of his employment for Werner Enterprises, Inc. If your answer to this interrogatory is in any way in the negative, please also state the facts which support such response, including, but not limited to, whether Defendant Castleberry was an employee of Werner Enterprises, Inc. at the time, who you contend Defendant Castleberry was driving for at the time of the subject collision, and any other information that forms the basis of your denial.

7.

State whether this Defendant admits that Defendant Castleberry negligently caused the subject collision. If your answer is in the negative, please explain the basis for contesting liability.

8.

Please identify the name and address of the agent(s) who sold and/or serviced any policy of insurance issued to Werner Enterprises, Inc. in effect at the time of the wreck or anytime thereafter up to and including the present.

9.

Please state the name, business address, and business telephone number of the following persons:

(a)     Any claims representative or individual who has investigated or sought to assist in the adjusting of the claim made the basis of Plaintiff's Complaint; and

(b)     The claims representative who is responsible for handling and supervising this claim.

10.

Please identify all persons (whether medical providers, lay persons, or anyone else) who have any relevant information relative to Plaintiff's health prior to the subject collision, information relative to Plaintiff's physical and mental suffering as a result of the subject collision, or any information relative to the issue of damages in this litigation.

11.

Please state whether this Defendant, its agents, or its attorneys, on its own or through any other person, obtained or obtains information from any private source or governmental agency about the driving history, driving violations, criminal violations, motor vehicle record, or other driving qualifications of the persons this Defendant's insured hires or allows to drive trucks.  If so, please state, by job title, to which employees this inquiry applies, from whom this information is obtained (including, but not limited to any governmental agency or entity), and exactly what information is obtained or, as a matter of policy, sought to be obtained.  Also, please state the same as to each person through which such information was requested or obtained concerning the driver involved in the subject occurrence and the dates upon which such information was obtained concerning Defendant Castleberry.

-6-

12.

Please list each motor vehicle collision, traffic violation, or crime committed or allegedly committed by Defendant Castleberry of which this Defendant or Defendant Werner Enterprises, Inc. was aware prior to the subject collision. For each such event listed, please identify and explain how, when and from what source this Defendant or Defendant Werner Enterprises, Inc. was made aware of each such event.

13.

Please state whether you provided any documents or information regarding Werner Enterprises, Inc. to any state or federal regulatory agency, including but not limited to the Georgia Public Service Commission, and identify what documents and/or information were provided.

14.

State whether any test, experiment, inspection, chart or measurement has been made with respect to the scene of the subject collision, or any object or vehicle involved. State the name, current address and telephone number of each person who participated in such a test, experiment, inspection, chart, or measurement, and the date and nature of their participation. Identify all documents, pictures/videos and other data generated as a result of such activities.

15.

Please state whether this Defendant, its attorneys, investigators, or other representatives know of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type demonstrative evidence concerning the subject collision, the site of the subject collision, the vehicles involved, or which in any way illustrate any facts relevant to the subject collision. As to each item, please state the following:

-7-

the nature of such item; how many of such items exist (for example, 15 photographs); the name, address, and employer of the person making or supplying such item; and the identity of the person who presently possesses such item.

16.

Please state in detail how you contend the subject collision took place and the order in which the events took place, to include the purpose of the trip. Please include in this response a listing of each person, force of nature, act of God, and/or circumstance you believe to have caused or contributed to causing the subject collision and/or Plaintiff's injuries.

17.

State the following information concerning any and all liability insurance, including excess or umbrella coverage or coverage by any other description, which does or may afford insurance coverage to this Defendant's insured for the claims made in this lawsuit: Name of each insurance company issuing policy; applicable liability limits concerning each policy; names of all persons and/or companies insured under each policy; names of the person(s) paying premiums with respect to each policy; policy number and effective dates of each policy; types of insurance coverage carried; whether the defense of this action has been tendered to any such insurer; whether defense has been accepted by each such insurer to whom defense has been tendered; whether this Defendant's insured has made any claims under said policy or policies as a result of the occurrence herein; the nature, extent, and amount of any such claim or claims by said insured(s); whether those claims have been paid by you and the amount of said payment(s); and your response or reaction with respect to the request that you defend this lawsuit and pay any damages assessed, pursuant to the policy provisions.

18.

Identify all documents and other tangible things which constitute or contain matters relevant to the subject of this lawsuit or which were relied on or referred to in answering these Interrogatories. Please include in your response to this Interrogatory identification of all documents or tangible things that you intend to introduce as evidence at the time of trial.

19.

To the extent your response to any of Plaintiff's First Requests for Admission was anything other than an unqualified admission, please explain in detail the basis for each denial, including identification of documents supporting each denial.

20.

Identify, including the names, business titles, job positions and descriptions, addresses and home and business telephone numbers, the person or persons who assisted in any way in responding to these Interrogatories (excluding attorneys representing this Defendant), and specify the particular response or responses to which each person responded.

21.

Please identify all witnesses you may call and all documents you may introduce at the trial of this case.

22.

State in detail the factual basis for each and every defense you pled in your Answer to the Complaint.

This __2__ day of ___April___, 2022.

Respectfully submitted,

MORGAN & MORGAN ATLANTA, PLLC

408 12th Street, Suite 200
Columbus, GA 31901
T: (762) 240-9450
F: (762) 240-9498

Mitchell B. Ladson, Esq.
Georgia Bar No. 984512
mladson@forthepeople.com
*Attorney for Plaintiff*

APR 2 1 2022

⚜ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HARRIS COUNTY, GEORGIA

**22-CV-096**

APR 06, 2022 03:33 PM

*Stacy K. Haralson*
Stacy K. Haralson, Clerk
Harris County, Georgia

IN THE SUPERIOR COURT OF HARRIS COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| MARIE JOHNSON, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION FILE NO. |
| | * | |
| vs. | * | |
| | * | _____ |
| ACE AMERICAN INSURANCE COMPANY, | * | |
| WERNER ENTERPRISES, INC., and JOHNNY | * | |
| CASTLEBERRY, | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND
THINGS TO ACE AMERICAN INSURANCE COMPANY**

COMES NOW Plaintiff and serves these Requests for Production of Documents and Things upon the named Defendant and requests that they be fully answered in writing and under oath within forty-five (45) days of the date of service. Each Request is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. If Defendant is unable to comply with a Request completely, the Request should be produced as fully as possible. When a Request is directed to Defendant, the Request is also directed to the aforementioned persons. These Requests shall be deemed continuing, and you are under a duty to seasonably supplement or amend a prior response.

Please Bates Number the documents you produce and identify under each individual Request the documents responsive to that Request by Bates Number so that there will be no confusion about what was produced and when it was produced.

If a privilege is claimed as to any document otherwise covered by a Request for Production, Plaintiff requests that each document to which privilege is claimed be identified with such particularity and in such a manner that the Court, and not Defendant unilaterally, may determine whether the document is indeed entitled to privileged status. Accordingly, you are instructed not to make "general objections" based on privilege or work product claims, as such general objections do not specify that facts or documents exist which are subject to such claims and do not identify in any way the facts or documents and do not provide anything to the Court for decision. If a particular Request does in fact encompass facts or documents which you believe to be properly withheld from Plaintiff, then you are instructed to so state. In the case of documents, you are instructed to provide the Bates numbers of those documents withheld in your response. Failure to comply with these instructions will be deemed by Plaintiff to be a failure to answer or respond under O.C.G.A. § 9-11-37(d), inasmuch as the object of such failure could only be to delay and obstruct these proceedings, in violation of O.C.G.A. § 9-11-1.

If you believe that documents responsive to these requests are somehow confidential because they contain trade secrets or allegedly proprietary business information, such belief in and of itself provides no basis for the blanket withholding of production of such documents in a timely manner. If you intend to make such claims about responsive documents, you should (1) contact Plaintiff's counsel prior to responding to these requests and (2) articulate to Plaintiff the basis for the claims of confidentiality of each such document or fact to which a claim of confidentiality is made in the form of a log identifying each document or fact and describing it with reasonable particularity as to time, authorship, recipients, and subject.

Stated another way, it is improper for you to attempt the following strategy: wait until the time has run for responding to the requests herein, interpose boilerplate objections in your

responses that a particular request is overbroad, oppressive, or unduly burdensome (or similar such objections) and then fail to provide any substantive response to the discovery request in your responses.  If you seek to interpose boilerplate "burden" objections in lieu of legitimate, substantive responses to these requests, the law requires that you file a motion for protective order **prior to the running of the time for response to these requests**, and in that motion explain the bases for the objections in a manner that satisfies the burden of proof which rests **on you** to justify any such objections.  Moreover, filing of any such motion for protective order **does not excuse a failure** to respond in a timely manner to these requests.

These Requests are made for production of the documents by mail.  If documents are voluminous, please contact Plaintiff's counsel to arrange an alternative production.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. "**Document**" means every writing, printing, record, electronic data, graphic, photographic, or sound reproduction of every type and description that has been in your possession, control, or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer or electronic records (including web pages, social media, intranet messages or data, data stored on the cloud or internet, printouts, disks, usb drives, or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures,

and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.  Where information exists electronically, Plaintiff expressly intends the term "document" to include such electronically stored data.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

3.      "**Subject collision**" refers to the collision on March 19, 2016, in Harris County, Georgia, which serves as the basis of Plaintiff's Complaint.

4.      (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)      "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient(s) of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

5.      "**You**" or "**this Defendant**" refers to Eastern Atlantic Insurance Company.

### **REQUESTS FOR PRODUCTION**

1.

Please produce copies of all witness statements obtained from any person about any information relevant to any issue in this lawsuit or the subject collision, including, but not limited to, the issues of liability or damages.

2.

Please produce copies of any photographs, still or motion pictures, videos, plans, drawings, blue prints, sketches, diagrams, computer simulations, or any other type of demonstrative evidence concerning the subject collision, the scene of the subject collision (including the markings on or near the roadway where the incident occurred), vehicles involved in the subject collision, Marie Johnson, and/or concerning any of the issues relevant in this lawsuit, to include, but not be limited to, the issues of liability and damages.

3.

Please produce a copy of any incident reports prepared by or for any agent, employee, or officer on behalf of this Defendant or this Defendant's insured(s) concerning the subject collision and/or any claim or potential claim arising out of said collision.

4.

Please produce a complete copy of all policies of insurance (to include the Declarations pages) which do or may afford liability insurance coverage with respect to Plaintiff's claims against this Defendant's insured(s). This Request expressly includes primary insurance coverage, excess insurance coverage, umbrella insurance coverage, personal insurance coverage, business insurance coverage, or any other type of liability insurance coverage.

5.

Please produce copies of the underwriting files concerning Werner Enterprises Inc.'s application for insurance with this Defendant

6.

Please produce a copy of any reservation of rights letter or other documentation of any kind or by any other name sent to any insured that purports to qualify, deny, or reserve the right to contest the issue of coverage for the claims made in this lawsuit.

7.

Please produce copies of all reports or opinions, including drafts, received from any experts who have investigated any issue in this case.  Also, please produce all materials supplied to, received from, reviewed by, consulted, and/or relied upon by each expert in formulating his or her opinions and conclusions.

8.

Please produce copies of any and all information sent to or received from your insureds concerning or referencing the subject collision or Plaintiff.

9.

Please produce true, accurate, and complete copies of any and all documents exchanged between this Defendant and any of its agents or employees that reference or in any way relate to this case, the subject collision, Defendant Castleberry, Defendant Werner Enterprises Inc., or Plaintiff, including all insurance applications and requests for quotes.

10.

Please produce true, accurate, and complete copies of any documents which reflect what agents this Defendant has in Georgia.

11.

Produce a copy of all documents or other materials this Defendant has generated or received from any person as a result of this collision.

12.

Please produce any report or statement concerning the collision given by Defendant Castleberry and given to this Defendant, the police, any insurer, or any other person concerning the collision set forth in the Complaint.

13.

Please produce copies of any tapes or recordings made on the day of the wreck or afterward that relate to the subject collision or Plaintiff, including any tapes or recordings made of the Plaintiff.

14.

Please produce copies of any and all motor vehicle records or reports of any kind received from any private corporation, individual, or business entity, or any governmental entity relative to the driving record and driving infractions of Defendant Castleberry.

15.

Please produce copies of any and all reports, repair bills, work orders, videotapes, photographs, or other documentation or evidence of any kind which depict, demonstrate, or relate to the nature of the damage done to any vehicle in the subject collision and/or who repaired the vehicle after the subject collision.

16.

Please produce copies of any and all photographs, documents, or demonstrative evidence that you intend to use in the defense of this case at trial.

17.

Please produce copies of any and all evidence in your possession to include documents, photographs, sound or video recordings, or any documentation by any other name which concern Plaintiff's physical or medical conditions, injuries, or damages that have not been supplied to you by Plaintiff's counsel.

18.

Please produce copies of any and all documents obtained or generated as a result of Defendant Castleberry' driving for this Defendant's insured or its agents, officers, and employees or generated for consideration of Castleberry as a driver for this Defendant's insured.

19.

Please produce any and all documents that in any way pertain to Defendant Castleberry's qualifications (or lack thereof) to drive professionally for this Defendant's insured to include prior references, previous collisions or motor vehicle collisions, reprimands, criticisms, or any other information that reflects negatively or positively upon said driver's driving or driving ability.

20.

Please produce any documents or materials that you contend show that any non-party is responsible for the subject collision.

21.

Please produce any documents or materials that you contend show that Plaintiff is responsible for the subject collision.

22.

Produce all documents and materials that were either identified or relied upon in your

responses to Plaintiff's Interrogatories.

23.

Please produce a copy of your document retention policy.

24.

Please produce all documents generated by, created by, produced by, or received from any third party relating to the subject wreck or Plaintiff's injuries and damages.  This request includes, but is not limited to 911 records, medical records, wreck reports, photographs, videos, traffic charges, citations, pleas, sentencing orders and any other documents received from any law enforcement entity, emergency medical responder, court, or other governmental entity.

This ___6___ day of ___April___, 2022.

Respectfully submitted,

MORGAN & MORGAN ATLANTA, PLLC

_____

Mitchell B. Ladson, Esq.
Georgia Bar No. 984512
mladson@forthepeople.com
*Attorney for Plaintiff*

408 12th Street, Suite 200
Columbus, GA 31901
T: (762) 240-9450
F: (762) 240-9498

⚖ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
HARRIS COUNTY, GEORGIA
**22-CV-096**

APR 06, 2022 03:33 PM

*Stacy K. Haralson*
Stacy K. Haralson, Clerk
Harris County, Georgia

IN THE SUPERIOR COURT OF HARRIS COUNTY
STATE OF GEORGIA

MARIE JOHNSON,                      *
                                    *
            Plaintiff,              *        CIVIL ACTION FILE NO.
                                    *
    vs.                             *
                                    *        _____
ACE AMERICAN INSURANCE COMPANY,     *
WERNER ENTERPRISES, INC., and JOHNNY *
CASTLEBERRY,                        *
                                    *
            Defendants.             *

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## OF DOCUMENTS TO DEFENDANT JOHNNY CASTLEBERRY

COMES NOW the Plaintiff and serves these Requests for Production upon the named

Defendant and request that they be fully answered in writing and under oath within forty-five

(45) days of the date of service.  Each Request is addressed to the personal knowledge of the

Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators,

agents, employees, and other representatives.  If Defendant is unable to comply with a Request

completely, the Request should be produced as fully as possible.  When a Request is directed to

Defendant, the Request is also directed to the aforementioned persons.  These Requests shall be

deemed continuing, and you are under a duty to seasonably supplement or amend a prior

response.

If no such information exists to comply with a particular Request, please state that fact.

Failure to state that fact will, when that fact is proven, result in an abusive litigation claim.

These Requests are made for production of the documents by mail to Cook Law Group, LLC, P.O. Box 2415, Gainesville, GA 30503. If documents are voluminous, please contact Plaintiff's counsel to arrange an alternative production.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.     "**Document**" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.     "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization or group of persons.

3.     "**Occurrence**" refers to the collision made the basis of the Complaint.

## REQUESTS FOR PRODUCTION

The documents to be produced are the following:

1.

Please produce copies of all witness statements made, given or obtained from any person, about any information relevant to any issue in this lawsuit, or the subject collision, including but not limited to the issues of liability, causation or damages.

2.

Please produce copies of any photographs, still or motion pictures, videos, plans, drawings, blue prints, sketches, diagrams, computer simulations, or any other photographic or demonstrative evidence concerning the subject collision and concerning any of the issues relevant in this lawsuit, to include but not be limited to the issues of liability and/or damages.

3.

Please produce a copy of any incident report prepared by you, on your behalf, or by or on behalf of Defendant Werner Enterprises, Inc., concerning the subject collision and any claim or potential claim arising out of said collision.

4.

Please produce a complete copy of all policies of insurance (to include the Declarations pages) which do or may afford liability insurance coverage to this Defendant with respect to Plaintiff's claims against this Defendant.  This Request includes primary insurance coverage, excess insurance coverage, umbrella insurance coverage, personal insurance coverage, business insurance coverage, or any other type of liability insurance coverage.

5.

Please produce copies of all reports received from any experts who have investigated any issue relevant to the subject collision.  Also, produce all materials relied upon by each expert in formulating his or her opinions and conclusions.

6.

Please produce a copy of your paycheck, paycheck stub, time card, or any documentation of time worked for the time period during which this collision occurred.  This request includes copies of any materials which reflect any expense (such as mileage, gas, etc.) reimbursed.

7.

Please produce a copy of any and all drivers' licenses or other certificates or permits in your possession at the time of the collision in question and at present that pertain to your right to drive any vehicle.

8.

Please produce a complete copy of your driving history for the past seven years.

9.

Please produce a copy of your driver's logs for the fourteen days prior to the subject collision, the date of said collision, and the seven days subsequent to said collision.

10.

Please produce a copy of any and all instructions manuals, rules, regulations, any driver/employee handbook, and any other written materials given to you by any person or entity in connection with your employment for Defendant Werner Enterprises, Inc.

11.

Please produce copies of all policies, manuals or documents that relate to the qualifications to drive for Defendant Werner Enterprises, Inc.

12.

Please produce a complete copy of your driver qualification file and your personnel file with Defendant Werner Enterprises, Inc.

13.

Please produce a copy of all claims forms, accident reports, incident reports, or other documentation by any other name evidencing any other collisions, wrecks, incidents, or moving violations, with which you were charged under the laws or rules of the road of any state.

14.

Please produce copies of any documents of any kind or by any name which reflect information concerning the trip made by you at the time the subject collision occurred to include documents relevant to said trip from the time the trip originated until the time the trip was to end.

15.

Please produce a copy of any documentation of any kind received from Defendant Werner Enterprises, Inc. or any other person, corporation, or insurer relative to your performance as an employee or driver, to include criticisms, reprimands, infractions, discharges, firings, or other commentary concerning your work as a professional driver during the time you were so employed and to include, but not be limited to, the date of the collision that is the subject matter of the Complaint.

16.

Please produce any report or statement written or recorded that was given by you to the police, your employer, any insurer, or any other person concerning the subject collision.

17.

Please produce copies of any and all photographs, documents, or demonstrative evidence that you intend to use in the defense of this case at trial.

18.

Please produce copies of any and all evidence in your possession to include documents, medical condition, photographs, sound or video recordings, or any documentation by any other name, that concern Marie Johnson's physical or medical condition, injuries, or any damages that have not been supplied to you by Plaintiffs' counsel.

19.

Please produce all writings or recordings made by you, or any other drivers or personnel for Defendant Werner Enterprises, Inc. which relate to the subject collision or your words or actions on the day of the subject collision.

20.

Please produce copies of any data and reports that have been downloaded or generated from data recorded by the vehicle engine and/or vehicle control modules, the "black box," GPS or Qualcom devices or other trip recording devices that pertain to the vehicle you were driving at the time of the wreck.

21.

Please produce copies of any and all medical records generated in the last 5 years that pertain to you.

22.

Produce a copy of the detail cell phone and texting records that pertain to any phone you had access to at the time of the subject wreck, for the day of the subject wreck.

23.

Produce all documents and materials that were either identified or relied upon in your responses to Plaintiff's First Interrogatories.

24.

Produce a copy of all drug and alcohol test results that pertain to any drug or alcohol testing performed on you at any time in the 5 years prior to the wreck to the present.

25.

If you were terminated or disciplined in any way as a result of this wreck or the events surrounding this event by any person or entity, produce a copy of all documents related to such discipline.

This _10_ day of _April_, 2022.

Respectfully submitted,

MORGAN & MORGAN ATLANTA, PLLC

Mitchell B. Ladson, Esq.
Georgia Bar No. 984512
mladson@forthepeople.com
*Attorney for Plaintiff*

408 12th Street, Suite 200
Columbus, GA 31901
T: (762) 240-9450
F: (762) 240-9498

⚡ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
HARRIS COUNTY, GEORGIA
**22-CV-096**

APR 06, 2022 03:33 PM

*Stacy K. Haralson*
Stacy K. Haralson, Clerk
Harris County, Georgia

IN THE SUPERIOR COURT OF HARRIS COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| MARIE JOHNSON, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION FILE NO. |
| | * | |
| vs. | * | |
| | * | _____ |
| ACE AMERICAN INSURANCE COMPANY, | * | |
| WERNER ENTERPRISES, INC., and JOHNNY | * | |
| CASTLEBERRY, | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT WERNER ENTERPRISES, INC.**

COMES NOW the Plaintiff and serves these Requests for Production upon the above named Defendant and request that they be fully answered in writing and under oath within forty-five (45) days of the date of service. Each Request is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. If Defendant is unable to comply with a Request completely, the Request should be produced as fully as possible. When a Request is directed to Defendant, the Request is also directed to the aforementioned persons. These Requests shall be deemed continuing, and you are under a duty to seasonably supplement or amend a prior response.

If no such information exists to comply with a particular Request, please state that fact. Failure to state that fact will, when that fact is proven, result in an abusive litigation claim.

These Requests are made for production of the documents by mail to McDonald, Cody & Cook, LLC located at 383 U.S. Hwy 441 Business, Cornelia, Georgia 30531; if documents are voluminous, please contact Plaintiff's counsel to arrange an alternative production.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.      "**Document**" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization or group of persons.

3.      "**Occurrence**" refers to the collision made the basis of the Complaint.

## REQUESTS FOR PRODUCTION

The documents to be produced are the following:

1.

Please produce copies of all witness statements obtained from any person about any information relevant to any issue in this lawsuit or the subject collision, including, but not limited to, the issues of liability, causation or damages.

2.

Please produce copies of any photographs, still or motion pictures, videos, plans, drawings, blue prints, sketches, diagrams, computer simulations, or any other photographic or demonstrative evidence concerning the subject collision and/or concerning any of the issues relevant in this lawsuit, to include, but not be limited to, the issues of liability, causation and damages.

3.

Please produce a copy of any incident/accident reports prepared by any agent, employee, or officer on behalf of this Defendant concerning the subject collision and/or any claim or potential claim arising out of said collision.

4.

Produce a copy of all documents or other materials this Defendant has generated or received from any person as a result of this collision.

5.

Please produce a complete copy of all policies of insurance (to include the Declarations pages) that do or may afford liability insurance coverage to this Defendant with respect to

Plaintiff's claims against this Defendant.  This Request expressly includes primary insurance coverage, excess insurance coverage, umbrella insurance coverage, personal insurance coverage, business insurance coverage, or any other type of liability insurance coverage.

6.

Please produce copies of all reports or opinions received from any experts who have investigated any issue relevant to the subject collision relevant to this lawsuit.  Also, please produce all materials relied upon by each expert in formulating his or her opinions and conclusions.

7.

Please produce a copy of the paycheck, paycheck stub, time card, or any documentation of time worked by the defendant driver for the time period during which this collision occurred. This request includes copies of any materials which reflect any expenses (such as mileage, gas, etc.) which are reimbursed.

8.

Please produce a copy of any and all instructions manuals, employee rules, regulations, training videos, or any driver/employee handbook provided to defendant driver or any handbook in force and effect for drivers of this Defendant at the time of the subject collision.

9.

Please produce copies of all manuals or documents that relate to the qualifications for this Defendant's drivers and/or your policies regarding the screening, hiring and monitoring of persons who drive for the benefit of this Defendant.

10.

Please produce a complete copy of the driver qualification file, your personnel file, and all other files maintained concerning the defendant driver, Defendant Castleberry involved in the subject collision.

11.

Please produce copies of any and all documents of any kind which reflect information concerning the trip being made by the defendant driver at the time the subject collision occurred to include documents relevant to said trip from the time the trip originated until the time the trip was to end.

12.

Please produce a copy of any documentation of any kind received by this Defendant from any person, corporation, or insurer relative to the performance of Defendant Castleberry as a driver or employee to include criticisms, reprimands, infractions, discharges, firings, or other commentary concerning Defendant Castleberry work or background as a driver and employee from the time he first worked for this Defendant to include, but not be limited to, the date of the collision and any information received concerning the requested subject matter subsequent to said collision.

13.

Please produce any report or statement concerning the collision given by Defendant Castleberry and given to this Defendant, the police, any insurer, or any other person concerning the collision set forth in the Complaint.

14.

Please produce a complete copy of maintenance records, repair records, and inspection records on the vehicle operated by Defendant Castleberry and involved in the subject collision

from the last two years preceding the subject collision to the current time. This request includes any documents, photographs, videos, or any other reports or records concerning the maintenance, repair, and inspection of the subject vehicle from two years prior to the subject collision to the present date.

15.

Please produce copies of any and all reports, repair bills, work orders, videotapes, photographs, or other documentation or evidence of any kind which depict, demonstrate, or relate to the nature of the damage done to the vehicle driven by Defendant Castleberry in the subject collision and who repaired the vehicle after the subject collision.

16.

Please produce copies of any and all photographs, documents, or demonstrative evidence that you intend to use in the defense of this case at trial.

17.

Please produce copies of any and all evidence in your possession to include documents, medical condition, photographs, sound or video recordings, or any documentation by any other name, that concerns Marie Johnson's physical or medical conditions, injuries, or damages that have not been supplied to you by Plaintiff's counsel.

18.

Please produce copies of any and all documents obtained or generated as a result of Defendant Castleberry's driving for this Defendant or its agents, officers, and employees or generated for consideration of Defendant Castleberry as a driver and employee for this Defendant.

19.

Please produce any and all documents that in any way pertain to Defendant Castleberry's qualifications (or lack thereof) to drive professionally for this Defendant to include prior references, previous collisions or motor vehicle collisions, reprimands, criticisms, or any other information that reflects negatively or positively upon said driver's driving or driving ability.

20.

Please produce copies of any and all information sent to or received from or through any of your insurers concerning the collision giving rise to this litigation including, but not limited to, documents in the possession of your liability insurance carrier with respect to the issue of liability in this case.

21.

Please produce copies of all motor vehicle reports or reports of any kind received from any private corporation or individual, or other business entity, or any governmental entity relative to the driving history, driving record, and driving infractions or criminal history of Defendant Castleberry.

22.

Please produce a copy of any reservation of rights letter or other documentation of any kind received from any insurer that purports to question, deny, or defend under a reservation of rights the insurance coverage and claim that forms the basis for Plaintiffs' Complaint.

23.

Please produce copies of any and all medical reports, medical tests, alcohol or drug screens, or tests of any other kind by any other name performed upon Defendant Castleberry by any person including but not limited to any medical provider or law enforcement agency either

prior to, subsequent to, or as a result of the collision that forms the basis for Plaintiff's Complaint.

24.

Please produce copies of any and all citations received by the defendant driver from any law enforcement officer to include citations relevant to any violation of any law, ordinance, or rule of road of any state as a result of this collision.

25.

Please produce copies of any data and reports that have been downloaded or generated from data recorded by the vehicle engine and/or vehicle control modules, the "black box," GPS or Qualcom devices or other trip recording devices that pertain to the vehicle driven by Defendant Castleberry in this wreck.

26.

Please produce all Qualcom records (or any other similar type vehicle monitoring records) that pertain to any vehicle driven for this Defendant by Defendant Castleberry.

27.

Please produce copies of any tapes or recordings made on the day of the wreck that relate to the subject collision.

28.

Please produce any documents or materials that you contend show that any other entity or person is responsible for the subject collision.

29.

Produce all documents that discuss, reference or mention any issue concerning recommended or safe driving practices for persons who drive vehicles for this Defendant, including but not limited to, handouts, videos or other materials.

30.

Produce all documents evidencing any changes in this Defendant's practices or policies that pertain to driving, hiring, screening or retention of drivers for this Defendant that have been implemented since the subject wreck.

31.

Produce a copy of the Complaint and Answer of all lawsuits filed against this Defendant in the last 10 years that arose out of a collision between a vehicle driven for the benefit of this Defendant and another vehicle or person that resulted in a personal injury.

32.

Produce all documents and materials that were either identified or relied upon in your responses to Plaintiff's First Interrogatories.

33.

Produce a copy of all driver's license and other certificates or permits held by Defendant Castleberry that related to his qualifications to drive for this Defendant.

34.

Produce a copy of all documents exchanged between this Defendant and any of the other Defendants in this case at any time.

35.

Produce a copy of itemized phone statements, whether landline or cellular, of phones being used by You or in furtherance of Your business on the day of the subject incident, for the day of the subject incident.

This ___6___ day of ___April_____, 2022.

Respectfully submitted,

MORGAN & MORGAN ATLANTA, PLLC

Mitchell B. Ladson, Esq.
Georgia Bar No. 984512
mladson@forthepeople.com
*Attorney for Plaintiff*

408 12th Street, Suite 200
Columbus, GA 31901
T: (762) 240-9450
F: (762) 240-9498

⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HARRIS COUNTY, GEORGIA

**22-CV-096**

APR 06, 2022 03:33 PM

*Stacy K. Haralson*
Stacy K. Haralson, Clerk
Harris County, Georgia

IN THE SUPERIOR COURT OF HARRIS COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| MARIE JOHNSON, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION FILE NO. |
| | * | |
| vs. | * | |
| | * | _____ |
| ACE AMERICAN INSURANCE COMPANY, | * | |
| WERNER ENTERPRISES, INC., and JOHNNY | * | |
| CASTLEBERRY, | * | |
| | * | |
| Defendants. | * | |

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION OF FACTS
## TO DEFENDANT WERNER ENTERPRISES, INC.

COMES NOW Plaintiff and serves these Requests for Admission upon the named

Defendant and requests that they be fully admitted in writing and under oath within forty-five

(45) days of the date of service.  These Requests for Admission are served pursuant to the

Georgia Civil Practice Act and are served pursuant to O.C.G.A. § 9-11-26 and 9-11-36.

<u>EACH MATTER OF WHICH AN ADMISSION IS REQUIRED SHALL BE DEEMED</u>

<u>ADMITTED UNLESS, WITHIN THE TIME ALLOWED BY LAW AFTER SERVICE OF</u>

<u>THESE REQUESTS, YOU SERVE PLAINTIFF WITH A WRITTEN ANSWER OR</u>

<u>OBJECTION TO SUCH MATTER.</u>

You are cautioned that should you fail to admit the genuineness of any document, or the

truth of any matter requested herein pursuant to the Georgia Civil Practice Act, and should

Plaintiff thereafter prove the genuineness of such document or truth of such matter, Plaintiff will

apply to the Court for an order requiring you to pay Plaintiff the reasonable expenses incurred by

Plaintiff in making that proof, including reasonable attorney fees.  The Court must make such

order unless it finds that the Request was objectionable pursuant to the Georgia Civil Practice Act, or that the admission sought was of no substantial importance, or that you had reasonable grounds to believe that you might prevail on the matter, or that there was some other good reason for failure to admit the matter.

The matters requested admitted are the following:

1.

Admit that this Defendant has been properly served with process in this action.

2.

Admit that this Defendant raises no defenses as to insufficiency of process in this action.

3.

Admit that no person or entity, other than the parties to this action, is responsible for the subject collision.

4.

Admit that Defendant Castleberry was an employee of this Defendant at the time of this wreck.

5.

Admit that Defendant Castleberry was acting with the course and scope of his employment for this Defendant at the time of this wreck.

6.

Admit liability.

This 6 day of April, 2022.

-2-

Respectfully submitted,

MORGAN & MORGAN ATLANTA, PLLC

Mitchell B. Ladson, Esq.
Georgia Bar No. 984512
mladson@forthepeople.com
*Attorney for Plaintiff*

408 12th Street, Suite 200
Columbus, GA 31901
T: (762) 240-9450
F: (762) 240-9498

⚖ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
HARRIS COUNTY, GEORGIA

**22-CV-096**

APR 06, 2022 03:33 PM

*Stacy K. Haralson*
Stacy K. Haralson, Clerk
Harris County, Georgia

IN THE SUPERIOR COURT OF HARRIS COUNTY
STATE OF GEORGIA

MARIE JOHNSON,                          *
                                        *
        Plaintiff,                      *        CIVIL ACTION FILE NO.
                                        *
    vs.                                 *
                                        *        _____
ACE AMERICAN INSURANCE COMPANY,         *
WERNER ENTERPRISES, INC., and JOHNNY    *
CASTLEBERRY,                            *
                                        *
        Defendants.                     *

## PLAINTIFF'S FIRST INTERROGATORIES TO ACE AMERICAN INSURANCE COMPANY

COMES NOW Plaintiff and serves these Interrogatories upon the above-named Defendant and requests that they be fully answered in writing and under oath within forty-five (45) days of the date of service. These Interrogatories are served pursuant to the Georgia Civil Practice Act and more specifically to the provisions of O.C.G.A. §§ 9-11-26 and 9-11-33. These Interrogatories shall be deemed continuing and you are required to supplement or amend any prior response if the person or entity to whom these Interrogatories are addressed ascertains any change, different or added fact, condition, or circumstances, or that there be any other witness(es) or evidence. Each Interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. If Defendant is unable to answer a question completely, the question should be answered as fully as possible. When a question is directed to Defendant, the question is also directed to each of the aforementioned persons.

You are requested not to respond to Interrogatories by referring to the responses to other Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.      "**Document**" means every writing, printing, record, electronic data, graphic, photographic, or sound reproduction of every type and description that has been in your possession, control, or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer or electronic records (including web pages, social media, intranet messages or data, data stored on the cloud or internet, printouts, disks, usb drives, or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.  Where information exists electronically, Plaintiff expressly intends the term "document" to include such electronically stored data.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

3.      "**Subject collision**" refers to the collision on March 19, 2016, in Harris County, Georgia, which serves as the basis of Plaintiff's Complaint.

4.      (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

        (b)      "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient(s) of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

5.      "**You**" or "**this Defendant**" refers to Eastern Atlantic Insurance Company.

## INTERROGATORIES

1

Do you contend that venue is improper in this Court, jurisdiction is lacking over you in this Court, that service of process has been deficient on you in this matter, or that there are any factual or legal bases upon which this matter should be dismissed as a matter of law?  If so, please identify each such contention and describe and state with specificity all factual and legal bases supporting any such contention(s).

2.

Please identify every person who has any information about how or why the subject collision occurred, about who was at fault or any way responsible for causing this collision, and about any other information concerning the issues of liability or damages in this case. Please list a brief description or nature of such person's knowledge (for example: eyewitness, investigating police officer, medical doctor, private investigator, etc.).

3.

Please identify any witness who has information relevant to this case who has orally, in writing, or by recording in any way given a statement or account of his or her knowledge or any information relevant to this lawsuit. Identify each such witness by giving his or her name, address, and telephone number and provide an explanation of the type statement given (oral, written, recorded, etc.). Also please identify the taker and present custodian of such statement. If you assert any claim of privilege or work product over any statement responsive to this Interrogatory, then please identify the statement on a privilege log along with the privilege claimed.

4.

Please identify any person you expect to call as an expert witness, whether live, by affidavit, or by deposition in connection with the trial, any hearing or motion for evidentiary matter in this civil action, and separately for each expert identify: a) the subject matter on which such person is expected to testify; b) the substance of the facts and opinions as to which such expert is expected to testify; c) a summary of the grounds for such opinion; and d) all documents and professional references upon which such person may specifically base his or her testimony and opinions.

-4-

5.

Please list each act of negligence, contributory negligence, or comparative negligence you contend Marie Johnson, or any other person did or failed to do that in any way contributed to causing the collision that forms the basis for Plaintiff's Complaint. Please supply any statutory authority where applicable and identify every item of forensic evidence you have or are aware of that you contend indicates Plaintiff or any other person or entity was at fault.

6.

Please state whether at the time and place of the subject collision, Defendant Castleberry was an employee/servant of Werner Enterprises, Inc. acting within the course and scope of his employment for Werner Enterprises, Inc. If your answer to this interrogatory is in any way in the negative, please also state the facts which support such response, including, but not limited to, whether Defendant Castleberry was an employee of Werner Enterprises, Inc. at the time, who you contend Defendant Castleberry was driving for at the time of the subject collision, and any other information that forms the basis of your denial.

7.

State whether this Defendant admits that Defendant Castleberry negligently caused the subject collision. If your answer is in the negative, please explain the basis for contesting liability.

8.

Please identify the name and address of the agent(s) who sold and/or serviced any policy of insurance issued to Werner Enterprises, Inc. in effect at the time of the wreck or anytime thereafter up to and including the present.

9.

Please state the name, business address, and business telephone number of the following persons:

(a)    Any claims representative or individual who has investigated or sought to assist in the adjusting of the claim made the basis of Plaintiff's Complaint; and

(b)    The claims representative who is responsible for handling and supervising this claim.

10.

Please identify all persons (whether medical providers, lay persons, or anyone else) who have any relevant information relative to Plaintiff's health prior to the subject collision, information relative to Plaintiff's physical and mental suffering as a result of the subject collision, or any information relative to the issue of damages in this litigation.

11.

Please state whether this Defendant, its agents, or its attorneys, on its own or through any other person, obtained or obtains information from any private source or governmental agency about the driving history, driving violations, criminal violations, motor vehicle record, or other driving qualifications of the persons this Defendant's insured hires or allows to drive trucks. If so, please state, by job title, to which employees this inquiry applies, from whom this information is obtained (including, but not limited to any governmental agency or entity), and exactly what information is obtained or, as a matter of policy, sought to be obtained. Also, please state the same as to each person through which such information was requested or obtained concerning the driver involved in the subject occurrence and the dates upon which such information was obtained concerning Defendant Castleberry.

12.

Please list each motor vehicle collision, traffic violation, or crime committed or allegedly committed by Defendant Castleberry of which this Defendant or Defendant Werner Enterprises, Inc. was aware prior to the subject collision.  For each such event listed, please identify and explain how, when and from what source this Defendant or Defendant Werner Enterprises, Inc. was made aware of each such event.

13.

Please state whether you provided any documents or information regarding Werner Enterprises, Inc. to any state or federal regulatory agency, including but not limited to the Georgia Public Service Commission, and identify what documents and/or information were provided.

14.

State whether any test, experiment, inspection, chart or measurement has been made with respect to the scene of the subject collision, or any object or vehicle involved.  State the name, current address and telephone number of each person who participated in such a test, experiment, inspection, chart, or measurement, and the date and nature of their participation.  Identify all documents, pictures/videos and other data generated as a result of such activities.

15.

Please state whether this Defendant, its attorneys, investigators, or other representatives know of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type demonstrative evidence concerning the subject collision, the site of the subject collision, the vehicles involved, or which in any way illustrate any facts relevant to the subject collision.  As to each item, please state the following:

the nature of such item; how many of such items exist (for example, 15 photographs); the name, address, and employer of the person making or supplying such item; and the identity of the person who presently possesses such item.

16.

Please state in detail how you contend the subject collision took place and the order in which the events took place, to include the purpose of the trip. Please include in this response a listing of each person, force of nature, act of God, and/or circumstance you believe to have caused or contributed to causing the subject collision and/or Plaintiff's injuries.

17.

State the following information concerning any and all liability insurance, including excess or umbrella coverage or coverage by any other description, which does or may afford insurance coverage to this Defendant's insured for the claims made in this lawsuit: Name of each insurance company issuing policy; applicable liability limits concerning each policy; names of all persons and/or companies insured under each policy; names of the person(s) paying premiums with respect to each policy; policy number and effective dates of each policy; types of insurance coverage carried; whether the defense of this action has been tendered to any such insurer; whether defense has been accepted by each such insurer to whom defense has been tendered; whether this Defendant's insured has made any claims under said policy or policies as a result of the occurrence herein; the nature, extent, and amount of any such claim or claims by said insured(s); whether those claims have been paid by you and the amount of said payment(s); and your response or reaction with respect to the request that you defend this lawsuit and pay any damages assessed, pursuant to the policy provisions.

18.

Identify all documents and other tangible things which constitute or contain matters relevant to the subject of this lawsuit or which were relied on or referred to in answering these Interrogatories. Please include in your response to this Interrogatory identification of all documents or tangible things that you intend to introduce as evidence at the time of trial.

19.

To the extent your response to any of Plaintiff's First Requests for Admission was anything other than an unqualified admission, please explain in detail the basis for each denial, including identification of documents supporting each denial.

20.

Identify, including the names, business titles, job positions and descriptions, addresses and home and business telephone numbers, the person or persons who assisted in any way in responding to these Interrogatories (excluding attorneys representing this Defendant), and specify the particular response or responses to which each person responded.

21.

Please identify all witnesses you may call and all documents you may introduce at the trial of this case.

22.

State in detail the factual basis for each and every defense you pled in your Answer to the Complaint.

This _6_ day of _April_, 2022.

Respectfully submitted,

MORGAN & MORGAN ATLANTA, PLLC

408 12th Street, Suite 200
Columbus, GA 31901
T: (762) 240-9450
F: (762) 240-9498

Mitchell B. Ladson, Esq.
Georgia Bar No. 984512
mladson@forthepeople.com
*Attorney for Plaintiff*

APR 2 1 2022

✒ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HARRIS COUNTY, GEORGIA

**22-CV-096**

APR 06, 2022 03:33 PM

*Stacy K. Haralson*
Stacy K. Haralson, Clerk
Harris County, Georgia

IN THE SUPERIOR COURT OF HARRIS COUNTY
STATE OF GEORGIA

|  |  |  |
|---|---|---|
| MARIE JOHNSON, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION FILE NO. |
| | * | |
| vs. | * | _____ |
| | * | |
| ACE AMERICAN INSURANCE COMPANY, | * | |
| WERNER ENTERPRISES, INC., and JOHNNY | * | |
| CASTLEBERRY, | * | |
| | * | |
| Defendants. | * | |

## PLAINTIFF'S FIRST INTERROGATORIES
## TO DEFENDANT WERNER ENTERPRISES, INC.

COME NOW the Plaintiffs in the above-styled action and serves these Interrogatories upon the above-named Defendant as an opposite party and request that they be fully answered in writing and under oath within forty-five (45) days of the date of service. These interrogatories are served pursuant to the Georgia Civil Practice Act and more specifically to the provisions of O.C.G.A. '' 9-11-26 and 9-11-33. These interrogatories shall be deemed continuing and you are required to supplement or amend any prior response if the person or entity to whom these interrogatories are addressed ascertains any change, different or added fact, condition or circumstances, or that there be any other witness(es) or evidence. Each interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. If Defendant is unable to answer a question completely, the question should be answered as fully as possible. When a question is directed to Defendant, the question is also directed to each of the aforementioned persons.

You are requested not to respond to Interrogatories by referring to the responses to other Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.     "Document" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.     "Person" means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

3.     "Occurrence" refers to the collision made the basis of the Complaint.

2

4.   (a)   "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)   "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

## INTERROGATORIES

### 1.

Identify each person or entity, whether a party to this action or not, known or believed by you to have been negligent or at fault, or who otherwise may be liable in whole or in part for Plaintiff's alleged damages in connection with the occurrence complained of in this action. As to each person or entity identified, describe the nature of the negligence, fault or liability alleged and set forth the facts relevant to your response.

### 2.

Describe in detail the precise nature and scope of this Defendant's business relationship with Defendant Johnny Castleberry ("CASTLEBERRY") in the 12 months prior to and including day of the subject wreck and state whether Defendant CASTLEBERRY was acting within the course and scope of his employment for this Defendant at the time and place of the subject

wreck. If you contend Defendant CASTLEBERRY was not acting within the course and scope of his employment for this Defendant at the time of the wreck, please state the factual basis for that claim and identify who you contend Defendant CASTLEBERRY was working for at the time of the wreck.

3.

State in detail the factual basis for each and every affirmative defense you raised in your Answer to the Complaint.

4.

State whether this Defendant admits that Defendant CASTLEBERRY negligently caused the subject occurrence. If your answer is in the negative, please explain the basis for that denial, including a description of any negligent acts of other persons or entities that you contend contributed to this wreck.

5.

Do you contend that that service of process has been deficient on you in this matter? If so, please describe and state with specificity all factual and legal bases supporting any such contention(s).

6.

If any named defendant is improperly identified, please provide the proper identification and state whether you will accept service of an amended Summons and Complaint reflecting the information furnished by you in response to this Interrogatory.

7.

Do you contend that there are any factual or legal bases upon which this matter should be

4

dismissed as a matter of law?  If so, please identify each such contention and describe and state with specificity all factual and legal bases supporting any such contention(s).

8.

Please identify every person who has any information about how or why the collision complained of in this case occurred, about who was at fault or in any way responsible for causing this wreck, and about any other information pertaining to the issue of liability, causation or damages in this case.  Please include a brief description of the nature of such person's knowledge, their phone number(s), address(es), place of employment, and present whereabouts.

9.

Please identify all persons (whether medical providers, lay persons, or anyone else) who have any information relative to Plaintiff's health condition prior to or subsequent to the collision in this case, information relative to Plaintiff's physical and mental suffering as a result of this collision, or any information relative to the issue of damages in this litigation.

10.

Please state whether any of the people identified in Interrogatories Nos. 9 and 10 above made or gave any statement(s) or account(s), either orally, in writing, or recorded in any way, of his or her knowledge of any information relevant in this lawsuit.  If so, identify all such persons giving such statement(s) and provide an explanation of the type statement(s) given (oral, written, recorded, etc.).  Also, identify the taker and present custodian of such statement(s).

11.

Please state whether this Defendant, its attorneys, investigators, or other representatives know of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type demonstrative evidence concerning the

subject occurrence, the site of the subject occurrence, the vehicles involved, or which in any way illustrate any facts relevant to the occurrence.  As to each item, please state the following:  the nature of such item; how many of such items exist (for example, 15 photographs); the name, address, and employer of the person making or supplying such item; and the identity of the person who presently possesses such item.

12.

State the date on which Defendant CASTLEBERRY first drove a truck for or was employed by this Defendant and the date on which that employment terminated.

13.

State whether Defendant CASTLEBERRY was tested for drugs or alcohol after the subject collision.  If so, identify the person who administered such test, the type of test administered and state the results of all such test.

14.

Please state in detail how you contend the subject occurrence took place and the order in which the events took place, to include the purpose of the trip by Defendant CASTLEBERRY, his destination, and from where he left.  Please include in this response a listing of each person, force of nature, act of God, and/or circumstance you believe to have caused or contributed to causing the subject occurrence and/or any of Plaintiff's damages.

15.

State whether any test, experiment, inspection, chart or measurement has been made with respect to the scene of the collision-in-suit, or any object involved.  State the name, current address and telephone number of each person who participated in such a test, experiment,

inspection, chart, or measurement, and the date and nature of their participation.   Identify all documents, pictures/videos and other data generated as a result of such activities.

16.

Please identify any and all investigators, mechanics, adjusters, claims representatives, experts or any other person who have investigated this collision, examined any of the vehicles involved, or who have in any way investigated the claims made in this lawsuit on behalf of this Defendant, its attorneys, or its insurers.

17.

Please state whether any inspection of the subject truck driven by Defendant CASTLEBERRY was conducted after the collision that is the subject of this lawsuit, the results of such inspection, and the name(s) of the person(s) performing such inspection.   Also identify any documents, reports, photographs, videotapes, or other records which were made concerning any inspection of the subject truck.

18.

Please state whether or not an accident/incident report was made by this Defendant or any of your representatives in connection with the subject occurrence, and if so, identify all persons who have reviewed a copy of such report(s), the place where such report(s) is located, and the present custodian of the same.

19.

Was the vehicle driven by Defendant CASTLEBERRY equipped with any on-board monitoring devices such as a GPS or Qualcom system?  If so, was any data, reports or records that pertain to those devices generated that cover the 24 hours prior to and including the wreck?

20.

Was the vehicle driven by Defendant CASTLEBERRY equipped with any blackbox, engine control module, or vehicle control module at the time of the wreck?  If so, has the data from those devices been retrieved and retained?

21.

Describe in detail all precautions this Defendant took to control the speed and driving conduct of drivers such as Defendant CASTLEBERRY, i.e. the use of governors, the monitoring of Qualcom records, etc.

22.

Identify every person who has discussed this wreck with Defendant CASTLEBERRY.

23.

Please identify the following individuals as of the date of the occurrence and at present:

(a)      Person(s) responsible for the inspection, maintenance, and repair of this Defendant's vehicle that was involved in the subject wreck;

(b)      Safety Director;

(c)      Person(s) responsible for training employees/drivers, including Defendant CASTLEBERRY;

(d)      Person(s) responsible for interviewing and/or hiring employees/drivers, and specifically driver Defendant CASTLEBERRY;

(e)      Person(s) responsible for supervising drivers, including Defendant CASTLEBERRY;

(f)      Person responsible for ensuring that Defendant CASTLEBERRY maintained current log books, permits, licenses, and certifications;

(g)     Person in charge of the drug testing of drivers including Defendant

CASTLEBERRY; and,

(h)     Person(s) responsible for dispatching or assigning Defendant CASTLEBERRY

his work tasks on day of the subject wreck.

24.

Please state whether this Defendant, its agents, its attorneys, or its insurers, on its own or

through any other person, obtained or obtains information, from any private source or

governmental agency, about the driving history, driving violations, criminal violations, motor

vehicle record, or other driving qualifications of the persons this Defendant hires or allows to

drive vehicles for this Defendant's benefit. If so, please state, by job title, to which employees

this inquiry applies, from whom this information is obtained (including, but not limited to any

governmental agency or entity), and exactly what information is obtained or, as a matter of

policy, sought to be obtained. Also, please state the same as to each person through which such

information was requested or obtained concerning the driver involved in the subject occurrence

and the dates upon which such information was obtained concerning the driver operating the

truck involved in the subject occurrence.

25.

With respect to Defendant CASTLEBERRY, please state the following: his date of birth;

Social Security number; Driver's license number and state of issuance; his present home address;

all of said driver's previous residence addresses for the past five years, including the street

address, city, state, and zip code; his mode of compensation; and any special certifications he has

ever held while employed by this Defendant.

9

26.

State how Defendant CASTLEBERRY was selected by this Defendant to drive the subject vehicle; how long he had been authorized to drive the subject vehicle; and whether there have ever been any criticisms related to his driving or job performance of which this Defendant is aware.

27.

State whether Defendant CASTLEBERRY was criticized, reprimanded, or any of his job duties were altered in any fashion as a result of the subject collision. If your answer is in the affirmative, please state in detail the basis for the affirmative answer.

28.

State the number of hours Defendant CASTLEBERRY had worked and had been on duty in the seven days prior to this collision.

29.

List each motor vehicle collision, traffic violation, or other crime committed or allegedly committed by Defendant CASTLEBERRY of which this Defendant was aware prior to the wreck. For each such event listed, identify and explain how and from what source this Defendant was made aware of each such event.

30.

Identify each and every traffic citation or motor vehicle collision that Defendant CASTLEBERRY has received or been involved in while driving for this Defendant.

31.

Describe all steps taken by, or for the benefit of, this Defendant to evaluate the training, health, experience, and qualifications of Defendant CASTLEBERRY before he was allowed to drive for this Defendant.

32.

Identify all training, instruction, handbooks, videos and/or seminars provided to persons who drive trucks for this Defendant, including but not limited to those that haul hazardous materials, and identify all such training/instruction/handbooks/videos and/or seminars were provided to Defendant CASTLEBERRY.

33.

Did Defendant CASTLEBERRY violate any policy, standard, guideline, recommendation or rule of this Defendant in connection with the subject wreck? If so, please state the substance of the rule/policy/standard and explain how the same was violated by Defendant CASTLEBERRY.

34.

Please identify any person that this Defendant expects to call as an expert witness, whether live, by affidavit, or by deposition, in connection with any trial, hearing, or motion, as well as any other evidentiary hearing in this action, and, separately for each expert:  identify the subject matter of which the person is expected to testify; identify the substance of the facts and opinions as to which the person is expected to testify; summarize the grounds for such opinions; and identify all documents and professional references upon which such person may base his or her testimony and opinions.

35.

As to any policy of liability insurance which would or might inure to the benefit of Plaintiff by providing for payment of a part of or all of any judgment rendered in favor of the Plaintiff against any Defendant, state the name and address of the insurer of each such policy, the name and address of each insured on each such policy, the policy number of each such policy, and the limits of liability in such policy as same might apply to Plaintiffs by reason of any one incident and the total limits of liability to all persons by reason of any one incident.  State also whether the policy is drawn down or reduced as a result of the expenses of litigation.

36.

Identify, including the names, business titles, job positions and descriptions, addresses and home and business telephone numbers, the person or persons who assisted in any way in responding to these Interrogatories, and specify the particular response or responses to which each person responded.

37.

Identify all documents and other tangible things which constitute or contain matters relevant to the subject of this lawsuit or which were relied on or referred to in answering these Interrogatories.  Please include in your response to this Interrogatory identification of all documents or tangible things that you intend to introduce as evidence at the time of trial.

38.

State the exact weight of the vehicle operated by Defendant CASTLEBERRY at the time of the collision.

39.

State whether you have a policy against cell phone use while employees are driving your vehicles? If so, please describe such policy.

40.

State whether the tractor or trailer driven by Defendant CASTLEBERRY had been placed out of service at any time prior to the subject collision. If so, state when, where and why such out of service status was put on the subject tractor or trailer.

41.

State the number of times that this Defendant had been engaged by Defendant Werner Enterprises, Inc. to haul products or trailers.

42.

Identify all persons and entities that brokered or in any way was responsible for contracting the subject load with you.

43.

Describe in detail how this Defendant was engaged to haul this load including who contacted this Defendant, gave it the pickup and drop-off locations, made payment, or was supposed to make payment for, this load.

This 6 day of April, 2022.

Respectfully submitted,

MORGAN & MORGAN ATLANTA, PLLC

Mitchell B. Ladson, Esq.
Georgia Bar No. 984512
mladson@forthepeople.com
*Attorney for Plaintiff*

408 12th Street, Suite 200
Columbus, GA 31901

13

T: (762) 240-9450
F: (762) 240-9498

14

≝ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HARRIS COUNTY, GEORGIA

**22-CV-096**

APR 06, 2022 03:33 PM

*Stacy K. Haralson*
Stacy K. Haralson, Clerk
Harris County, Georgia

IN THE SUPERIOR COURT OF HARRIS COUNTY
STATE OF GEORGIA

MARIE JOHNSON,

        Plaintiff,

    vs.

ACE AMERICAN INSURANCE COMPANY,
WERNER ENTERPRISES, INC., and JOHNNY
CASTLEBERRY,

        Defendants.

CIVIL ACTION FILE NO.

_____

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO ACE AMERICAN INSURANCE COMPANY

COMES NOW Plaintiff and serves these Requests for Production of Documents and Things upon the named Defendant and requests that they be fully answered in writing and under oath within forty-five (45) days of the date of service. Each Request is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. If Defendant is unable to comply with a Request completely, the Request should be produced as fully as possible. When a Request is directed to Defendant, the Request is also directed to the aforementioned persons. These Requests shall be deemed continuing, and you are under a duty to seasonably supplement or amend a prior response.

Please Bates Number the documents you produce and identify under each individual Request the documents responsive to that Request by Bates Number so that there will be no confusion about what was produced and when it was produced.

If a privilege is claimed as to any document otherwise covered by a Request for Production, Plaintiff requests that each document to which privilege is claimed be identified with such particularity and in such a manner that the Court, and not Defendant unilaterally, may determine whether the document is indeed entitled to privileged status. Accordingly, you are instructed not to make "general objections" based on privilege or work product claims, as such general objections do not specify that facts or documents exist which are subject to such claims and do not identify in any way the facts or documents and do not provide anything to the Court for decision. If a particular Request does in fact encompass facts or documents which you believe to be properly withheld from Plaintiff, then you are instructed to so state. In the case of documents, you are instructed to provide the Bates numbers of those documents withheld in your response. Failure to comply with these instructions will be deemed by Plaintiff to be a failure to answer or respond under O.C.G.A. § 9-11-37(d), inasmuch as the object of such failure could only be to delay and obstruct these proceedings, in violation of O.C.G.A. § 9-11-1.

If you believe that documents responsive to these requests are somehow confidential because they contain trade secrets or allegedly proprietary business information, such belief in and of itself provides no basis for the blanket withholding of production of such documents in a timely manner. If you intend to make such claims about responsive documents, you should (1) contact Plaintiff's counsel prior to responding to these requests and (2) articulate to Plaintiff the basis for the claims of confidentiality of each such document or fact to which a claim of confidentiality is made in the form of a log identifying each document or fact and describing it with reasonable particularity as to time, authorship, recipients, and subject.

Stated another way, it is improper for you to attempt the following strategy: wait until the time has run for responding to the requests herein, interpose boilerplate objections in your

responses that a particular request is overbroad, oppressive, or unduly burdensome (or similar such objections) and then fail to provide any substantive response to the discovery request in your responses. If you seek to interpose boilerplate "burden" objections in lieu of legitimate, substantive responses to these requests, the law requires that you file a motion for protective order **prior to the running of the time for response to these requests**, and in that motion explain the bases for the objections in a manner that satisfies the burden of proof which rests **on you** to justify any such objections. Moreover, filing of any such motion for protective order **does not excuse a failure** to respond in a timely manner to these requests.

These Requests are made for production of the documents by mail. If documents are voluminous, please contact Plaintiff's counsel to arrange an alternative production.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. "**Document**" means every writing, printing, record, electronic data, graphic, photographic, or sound reproduction of every type and description that has been in your possession, control, or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer or electronic records (including web pages, social media, intranet messages or data, data stored on the cloud or internet, printouts, disks, usb drives, or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures,

and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.  Where information exists electronically, Plaintiff expressly intends the term "document" to include such electronically stored data.

2.     **"Person"** means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

3.     **"Subject collision"** refers to the collision on March 19, 2016, in Harris County, Georgia, which serves as the basis of Plaintiff's Complaint.

4.     (a)     **"Identify"** with respect to any **"person"** or any reference to stating the **"identity"** of any **"person"** means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)     **"Identify"** with respect to any **"document"** or any reference to stating the **"identification"** of any **"document"** means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient(s) of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

5.     **"You"** or **"this Defendant"** refers to Eastern Atlantic Insurance Company.

## REQUESTS FOR PRODUCTION

1.

Please produce copies of all witness statements obtained from any person about any information relevant to any issue in this lawsuit or the subject collision, including, but not limited to, the issues of liability or damages.

2.

Please produce copies of any photographs, still or motion pictures, videos, plans, drawings, blue prints, sketches, diagrams, computer simulations, or any other type of demonstrative evidence concerning the subject collision, the scene of the subject collision (including the markings on or near the roadway where the incident occurred), vehicles involved in the subject collision, Marie Johnson, and/or concerning any of the issues relevant in this lawsuit, to include, but not be limited to, the issues of liability and damages.

3.

Please produce a copy of any incident reports prepared by or for any agent, employee, or officer on behalf of this Defendant or this Defendant's insured(s) concerning the subject collision and/or any claim or potential claim arising out of said collision.

4.

Please produce a complete copy of all policies of insurance (to include the Declarations pages) which do or may afford liability insurance coverage with respect to Plaintiff's claims against this Defendant's insured(s).   This Request expressly includes primary insurance coverage, excess insurance coverage, umbrella insurance coverage, personal insurance coverage, business insurance coverage, or any other type of liability insurance coverage.

5.

Please produce copies of the underwriting files concerning Werner Enterprises Inc.'s application for insurance with this Defendant

6.

Please produce a copy of any reservation of rights letter or other documentation of any kind or by any other name sent to any insured that purports to qualify, deny, or reserve the right to contest the issue of coverage for the claims made in this lawsuit.

7.

Please produce copies of all reports or opinions, including drafts, received from any experts who have investigated any issue in this case.  Also, please produce all materials supplied to, received from, reviewed by, consulted, and/or relied upon by each expert in formulating his or her opinions and conclusions.

8.

Please produce copies of any and all information sent to or received from your insureds concerning or referencing the subject collision or Plaintiff.

9.

Please produce true, accurate, and complete copies of any and all documents exchanged between this Defendant and any of its agents or employees that reference or in any way relate to this case, the subject collision, Defendant Castleberry, Defendant Werner Enterprises Inc., or Plaintiff, including all insurance applications and requests for quotes.

10.

Please produce true, accurate, and complete copies of any documents which reflect what agents this Defendant has in Georgia.

11.

Produce a copy of all documents or other materials this Defendant has generated or received from any person as a result of this collision.

12.

Please produce any report or statement concerning the collision given by Defendant Castleberry and given to this Defendant, the police, any insurer, or any other person concerning the collision set forth in the Complaint.

13.

Please produce copies of any tapes or recordings made on the day of the wreck or afterward that relate to the subject collision or Plaintiff, including any tapes or recordings made of the Plaintiff.

14.

Please produce copies of any and all motor vehicle records or reports of any kind received from any private corporation, individual, or business entity, or any governmental entity relative to the driving record and driving infractions of Defendant Castleberry.

15.

Please produce copies of any and all reports, repair bills, work orders, videotapes, photographs, or other documentation or evidence of any kind which depict, demonstrate, or relate to the nature of the damage done to any vehicle in the subject collision and/or who repaired the vehicle after the subject collision.

16.

Please produce copies of any and all photographs, documents, or demonstrative evidence that you intend to use in the defense of this case at trial.

17.

Please produce copies of any and all evidence in your possession to include documents, photographs, sound or video recordings, or any documentation by any other name which concern Plaintiff's physical or medical conditions, injuries, or damages that have not been supplied to you by Plaintiff's counsel.

18.

Please produce copies of any and all documents obtained or generated as a result of Defendant Castleberry' driving for this Defendant's insured or its agents, officers, and employees or generated for consideration of Castleberry as a driver for this Defendant's insured.

19.

Please produce any and all documents that in any way pertain to Defendant Castleberry's qualifications (or lack thereof) to drive professionally for this Defendant's insured to include prior references, previous collisions or motor vehicle collisions, reprimands, criticisms, or any other information that reflects negatively or positively upon said driver's driving or driving ability.

20.

Please produce any documents or materials that you contend show that any non-party is responsible for the subject collision.

21.

Please produce any documents or materials that you contend show that Plaintiff is responsible for the subject collision.

22.

Produce all documents and materials that were either identified or relied upon in your

responses to Plaintiff's Interrogatories.

23.

Please produce a copy of your document retention policy.

24.

Please produce all documents generated by, created by, produced by, or received from any third party relating to the subject wreck or Plaintiff's injuries and damages. This request includes, but is not limited to 911 records, medical records, wreck reports, photographs, videos, traffic charges, citations, pleas, sentencing orders and any other documents received from any law enforcement entity, emergency medical responder, court, or other governmental entity.

This __6__ day of __April__, 2022.

Respectfully submitted,

MORGAN & MORGAN ATLANTA, PLLC

Mitchell B. Ladson, Esq.
Georgia Bar No. 984512
mladson@forthepeople.com
*Attorney for Plaintiff*

408 12th Street, Suite 200
Columbus, GA 31901
T: (762) 240-9450
F: (762) 240-9498

᛭ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
HARRIS COUNTY, GEORGIA

**22-CV-096**

APR 06, 2022 03:33 PM

*Stacy K. Haralson*
Stacy K. Haralson, Clerk
Harris County, Georgia

IN THE SUPERIOR COURT OF HARRIS COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| MARIE JOHNSON, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION FILE NO. |
| | * | |
| vs. | * | |
| | * | _____ |
| ACE AMERICAN INSURANCE COMPANY, | * | |
| WERNER ENTERPRISES, INC., and JOHNNY | * | |
| CASTLEBERRY, | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**
**TO DEFENDANT WERNER ENTERPRISES, INC.**

COMES NOW the Plaintiff and serves these Requests for Production upon the above

named Defendant and request that they be fully answered in writing and under oath within forty-

five (45) days of the date of service.  Each Request is addressed to the personal knowledge of the

Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators,

agents, employees, and other representatives.  If Defendant is unable to comply with a Request

completely, the Request should be produced as fully as possible.  When a Request is directed to

Defendant, the Request is also directed to the aforementioned persons.  These Requests shall be

deemed continuing, and you are under a duty to seasonably supplement or amend a prior

response.

If no such information exists to comply with a particular Request, please state that fact.

Failure to state that fact will, when that fact is proven, result in an abusive litigation claim.

These Requests are made for production of the documents by mail to McDonald, Cody & Cook, LLC located at 383 U.S. Hwy 441 Business, Cornelia, Georgia 30531; if documents are voluminous, please contact Plaintiff's counsel to arrange an alternative production.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.    "**Document**" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.    "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization or group of persons.

3.    "**Occurrence**" refers to the collision made the basis of the Complaint.

## REQUESTS FOR PRODUCTION

The documents to be produced are the following:

1.

Please produce copies of all witness statements obtained from any person about any information relevant to any issue in this lawsuit or the subject collision, including, but not limited to, the issues of liability, causation or damages.

2.

Please produce copies of any photographs, still or motion pictures, videos, plans, drawings, blue prints, sketches, diagrams, computer simulations, or any other photographic or demonstrative evidence concerning the subject collision and/or concerning any of the issues relevant in this lawsuit, to include, but not be limited to, the issues of liability, causation and damages.

3.

Please produce a copy of any incident/accident reports prepared by any agent, employee, or officer on behalf of this Defendant concerning the subject collision and/or any claim or potential claim arising out of said collision.

4.

Produce a copy of all documents or other materials this Defendant has generated or received from any person as a result of this collision.

5.

Please produce a complete copy of all policies of insurance (to include the Declarations pages) that do or may afford liability insurance coverage to this Defendant with respect to

Plaintiff's claims against this Defendant. This Request expressly includes primary insurance coverage, excess insurance coverage, umbrella insurance coverage, personal insurance coverage, business insurance coverage, or any other type of liability insurance coverage.

6.

Please produce copies of all reports or opinions received from any experts who have investigated any issue relevant to the subject collision relevant to this lawsuit. Also, please produce all materials relied upon by each expert in formulating his or her opinions and conclusions.

7.

Please produce a copy of the paycheck, paycheck stub, time card, or any documentation of time worked by the defendant driver for the time period during which this collision occurred. This request includes copies of any materials which reflect any expenses (such as mileage, gas, etc.) which are reimbursed.

8.

Please produce a copy of any and all instructions manuals, employee rules, regulations, training videos, or any driver/employee handbook provided to defendant driver or any handbook in force and effect for drivers of this Defendant at the time of the subject collision.

9.

Please produce copies of all manuals or documents that relate to the qualifications for this Defendant's drivers and/or your policies regarding the screening, hiring and monitoring of persons who drive for the benefit of this Defendant.

10.

Please produce a complete copy of the driver qualification file, your personnel file, and all other files maintained concerning the defendant driver, Defendant Castleberry involved in the subject collision.

11.

Please produce copies of any and all documents of any kind which reflect information concerning the trip being made by the defendant driver at the time the subject collision occurred to include documents relevant to said trip from the time the trip originated until the time the trip was to end.

12.

Please produce a copy of any documentation of any kind received by this Defendant from any person, corporation, or insurer relative to the performance of Defendant Castleberry as a driver or employee to include criticisms, reprimands, infractions, discharges, firings, or other commentary concerning Defendant Castleberry work or background as a driver and employee from the time he first worked for this Defendant to include, but not be limited to, the date of the collision and any information received concerning the requested subject matter subsequent to said collision.

13.

Please produce any report or statement concerning the collision given by Defendant Castleberry and given to this Defendant, the police, any insurer, or any other person concerning the collision set forth in the Complaint.

14.

Please produce a complete copy of maintenance records, repair records, and inspection records on the vehicle operated by Defendant Castleberry and involved in the subject collision

from the last two years preceding the subject collision to the current time. This request includes any documents, photographs, videos, or any other reports or records concerning the maintenance, repair, and inspection of the subject vehicle from two years prior to the subject collision to the present date.

15.

Please produce copies of any and all reports, repair bills, work orders, videotapes, photographs, or other documentation or evidence of any kind which depict, demonstrate, or relate to the nature of the damage done to the vehicle driven by Defendant Castleberry in the subject collision and who repaired the vehicle after the subject collision.

16.

Please produce copies of any and all photographs, documents, or demonstrative evidence that you intend to use in the defense of this case at trial.

17.

Please produce copies of any and all evidence in your possession to include documents, medical condition, photographs, sound or video recordings, or any documentation by any other name, that concerns Marie Johnson's physical or medical conditions, injuries, or damages that have not been supplied to you by Plaintiff's counsel.

18.

Please produce copies of any and all documents obtained or generated as a result of Defendant Castleberry's driving for this Defendant or its agents, officers, and employees or generated for consideration of Defendant Castleberry as a driver and employee for this Defendant.

19.

Please produce any and all documents that in any way pertain to Defendant Castleberry's qualifications (or lack thereof) to drive professionally for this Defendant to include prior references, previous collisions or motor vehicle collisions, reprimands, criticisms, or any other information that reflects negatively or positively upon said driver's driving or driving ability.

20.

Please produce copies of any and all information sent to or received from or through any of your insurers concerning the collision giving rise to this litigation including, but not limited to, documents in the possession of your liability insurance carrier with respect to the issue of liability in this case.

21.

Please produce copies of all motor vehicle reports or reports of any kind received from any private corporation or individual, or other business entity, or any governmental entity relative to the driving history, driving record, and driving infractions or criminal history of Defendant Castleberry.

22.

Please produce a copy of any reservation of rights letter or other documentation of any kind received from any insurer that purports to question, deny, or defend under a reservation of rights the insurance coverage and claim that forms the basis for Plaintiffs' Complaint.

23.

Please produce copies of any and all medical reports, medical tests, alcohol or drug screens, or tests of any other kind by any other name performed upon Defendant Castleberry by any person including but not limited to any medical provider or law enforcement agency either

prior to, subsequent to, or as a result of the collision that forms the basis for Plaintiff's Complaint.

24.

Please produce copies of any and all citations received by the defendant driver from any law enforcement officer to include citations relevant to any violation of any law, ordinance, or rule of road of any state as a result of this collision.

25.

Please produce copies of any data and reports that have been downloaded or generated from data recorded by the vehicle engine and/or vehicle control modules, the "black box," GPS or Qualcom devices or other trip recording devices that pertain to the vehicle driven by Defendant Castleberry in this wreck.

26.

Please produce all Qualcom records (or any other similar type vehicle monitoring records) that pertain to any vehicle driven for this Defendant by Defendant Castleberry.

27.

Please produce copies of any tapes or recordings made on the day of the wreck that relate to the subject collision.

28.

Please produce any documents or materials that you contend show that any other entity or person is responsible for the subject collision.

29.

Produce all documents that discuss, reference or mention any issue concerning recommended or safe driving practices for persons who drive vehicles for this Defendant, including but not limited to, handouts, videos or other materials.

30.

Produce all documents evidencing any changes in this Defendant's practices or policies that pertain to driving, hiring, screening or retention of drivers for this Defendant that have been implemented since the subject wreck.

31.

Produce a copy of the Complaint and Answer of all lawsuits filed against this Defendant in the last 10 years that arose out of a collision between a vehicle driven for the benefit of this Defendant and another vehicle or person that resulted in a personal injury.

32.

Produce all documents and materials that were either identified or relied upon in your responses to Plaintiff's First Interrogatories.

33.

Produce a copy of all driver's license and other certificates or permits held by Defendant Castleberry that related to his qualifications to drive for this Defendant.

34.

Produce a copy of all documents exchanged between this Defendant and any of the other Defendants in this case at any time.

35.

Produce a copy of itemized phone statements, whether landline or cellular, of phones being used by You or in furtherance of Your business on the day of the subject incident, for the day of the subject incident.

This 6 day of April , 2022.

Respectfully submitted,

MORGAN & MORGAN ATLANTA, PLLC

-9-

Mitchell B. Ladson, Esq.
Georgia Bar No. 984512
mladson@forthepeople.com
*Attorney for Plaintiff*

408 12th Street, Suite 200
Columbus, GA 31901
T: (762) 240-9450
F: (762) 240-9498

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HARRIS COUNTY, GEORGIA

**22-CV-096**

**MAY 20, 2022 04:12 PM**

*Stacy K. Haralson*
Stacy K. Haralson, Clerk
Harris County, Georgia

**IN THE SUPERIOR COURT OF HARRIS COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **MARIE JOHNSON,** | **CIVIL ACTION FILE NO.** |
| **Plaintiff,** | **22-cv-0969** |
| **v.** | |
| **ACE AMERICAN INSURANCE COMPANY, WERNER ENTERPRISES, INC. and JOHNNY CASTLEBERRY,** | |
| **Defendants.** | |

**RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY**

I HEREBY CERTIFY to the Clerk of Court that on this day I have filed the foregoing Rule 5.2 Certificate of Service of Discovery with the Clerk *electronically* and that I have served a true copy of the foregoing:

- **Defendant Werner Enterprises, Inc.'s First Continuing Interrogatories to Plaintiff;**
- **Defendant Werner Enterprises, Inc.'s First Requests for Production of Documents of Plaintiff; and**
- **Defendant Werner Enterprises, Inc.'s First Request for Admissions to Plaintiff.**

*via statutory electronic service*, addressed as follows:

Mitchell Ladson, Esq.
Morgan & Morgan
191 Peachtree Street, NE, Suite 4200
Atlanta, GA  30303
mladson@forthepeople.com

Respectfully submitted this 20th day of May, 2022.

**HALL BOOTH SMITH, P.C.**

*/s/ Mark D. Christopher*
SEAN B. COX
Georgia State Bar No. 664108
MARK D. CHRISTOPHER
Georgia State Bar No. 821387

*Attorneys for Defendant Werner Enterprises*

191 Peachtree Street NE, Suite 2900
Atlanta, GA  30303-1775
T:  404.954.5000
F:  404.954.5020
scox@hallboothsmith.com
mchristopher@hallboothsmith.com

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HARRIS COUNTY, GEORGIA

**22-CV-096**

APR 26, 2022 08:56 AM

*Stacy K. Haralson*
Stacy K. Haralson, Clerk
Harris County, Georgia

**In the Superior Court of Harris County**
**State of Georgia**

MARIE JOHNSON,         )
                     )
Plaintiff,            )
                     )    Civil Action
v.                  )    File No.: 22-cv-096
                     )
ACE AMERICAN INSURANCE  )
COMPANY, WERNER        )
ENTERPRISES, Inc., and JOHNNY )
CASTLEBERRY,          )
                     )
Defendant.

## <u>AFFIDAVIT OF PRIVATE PROCESS SERVER</u>

My name is Shane Barron.  I am a citizen of the United States of America, over 21 years of age, I am not an employee to either party of this case, nor do I have an interest in the outcome of this action.

On the 21st day of April 2022, I served Ace American Insurance Company with the SUMMONS, COMPLAINT, PLAINTIFF'S FIRST REQUESTS FOR ADMISSION ACE AMERICAN INSURANCE COMPANY, PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO ACE AMERICAN INSURANCE COMPANY, AND PLAINTIFF'S FIRST INTERROGATORIES TO ACE AMERICAN INSURANCE COMPANY, by handing it to Linda Banks, representative of CT Corporation System, registered agent for Ace American Insurance Company, at 289 S. Culver Street, Lawrenceville, GA 30046.

_4/22/22_
Date

_Shane Barron_
Shane Barron

Subscribed and sworn to before me,
This _22_ day of _April_ 2022

_____
Notary Public

S PAYLOR
NOTARY
PUBLIC
EXP. Sept. 20, 2025
COBB COUNTY, GA

**AFFIDAVIT OF SERVICE**

⚖ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
HARRIS COUNTY, GEORGIA

**22-CV-096**

MAY 09, 2022 08:25 AM

*Stacy K. Haralson*
Stacy K. Haralson, Clerk
Harris County, Georgia

| Case:<br>22-CV-096 | Court:<br>SUPERIOR COURT OF HARRIS COUNTY STATE OF GEORGIA | County:<br>HARRIS | Job:<br>6990380 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>MARIE JOHNSON | | Defendant / Respondent:<br>ACE AMERICAN INSURANCE CO WERNER ENTERPRISES INC JOHNNY CASTLEBERRY | |
| Received by:<br>Process Delivery Service, LLC | | For:<br>Capitol Investigation | |
| To be served upon:<br>JOHNNY CASTLEBERRY | | | |

I, ASHLEE THOMPSON, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   KENNETH CASTLEBERRY, Home: 4856 DRY CREEK ROAD, PELL CITY , AL 35128

**Manner of Service:**   Substitute Service - Abode, Apr 30, 2022, 4:07 pm CDT

**Documents:**   SUMMONS

**Additional Comments:**
1) Unsuccessful Attempt: Apr 26, 2022, 12:09 pm CDT at Home: 4856 DRY CREEK ROAD, PELL CITY , AL 35128

2) Successful Attempt: Apr 30, 2022, 4:07 pm CDT at Home: 4856 DRY CREEK ROAD, PELL CITY , AL 35128 received by KENNETH CASTLEBERRY. Age: 55; Ethnicity: Caucasian; Gender: Male; Height: 5'10"; Hair: Gray; Eyes: Brown; Relationship: Brother; Other: Glasses and short grey hair.;

*Ashlee Thompson*                    5/2/22
─────────────────                    ─────────────────
ASHLEE THOMPSON                      Date

Process Delivery Service, LLC
8711 Highway 31 N
Kimberly, AL 35091
205-736-1399

🔥 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HARRIS COUNTY, GEORGIA

**22-CV-096**

APR 26, 2022 08:56 AM

*Stacy K. Haralson*
Stacy K. Haralson, Clerk
Harris County, Georgia

## In the Superior Court of Harris County
## State of Georgia

MARIE JOHNSON,⁣ ⁣ ⁣ ⁣ ⁣ )
⁣ ⁣ ⁣ ⁣ ⁣ )
Plaintiff,⁣ ⁣ ⁣ ⁣ ⁣ )
⁣ ⁣ ⁣ ⁣ ⁣ )⁣ ⁣ Civil Action
v.⁣ ⁣ ⁣ ⁣ ⁣ )⁣ ⁣ File No.: 22-cv-096
⁣ ⁣ ⁣ ⁣ ⁣ )
ACE AMERICAN INSURANCE⁣ )
COMPANY, WERNER⁣ ⁣ ⁣ )
ENTERPRISES, Inc., and JOHNNY⁣ )
CASTLEBERRY,⁣ ⁣ ⁣ ⁣ )

Defendant.

## AFFIDAVIT OF PRIVATE PROCESS SERVER

My name is Shane Barron.  I am a citizen of the United States of America, over 21 years of age, I am not an employee to either party of this case, nor do I have an interest in the outcome of this action.

On the 21st day of April 2022, I served Werner Enterprises, Inc., with the SUMMONS, COMPLAINT, PLAINTIFF'S FIRST REQUESTS FOR ADMISSION ACE AMERICAN INSURANCE COMPANY, PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO ACE AMERICAN INSURANCE COMPANY, AND PLAINTIFF'S FIRST INTERROGATORIES TO ACE AMERICAN INSURANCE COMPANY, by handing it to Anna Moore, representative of Corporate Creations Network Inc., registered agent for Werner Enterprises, Inc., at 2985 Gordy Parkway 1st Floor, Marietta, GA 30066.

4/22/22
Date

Shane Barron

Subscribed and sworn to before me,
This 22 day of April 2022

Notary Public

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HARRIS COUNTY, GEORGIA

**22-CV-096**

**MAY 20, 2022 03:35 PM**

*Stacy K. Haralson*
Stacy K. Haralson, Clerk
Harris County, Georgia

**IN THE SUPERIOR COURT OF HARRIS COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| **MARIE JOHNSON,** | **CIVIL ACTION FILE NO.** |
| **Plaintiff,** | **22-cv-0969** |
| **v.** | |
| **ACE AMERICAN INSURANCE COMPANY, WERNER ENTERPRISES, INC. and JOHNNY CASTLEBERRY,** | |
| **Defendants.** | |

**DEFENDANT ACE AMERICAN INSURANCE COMPANY'S ANSWER AND
DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW, Defendant **ACE AMERICAN INSURANCE COMPANY** ("Ace") and files the following Answer and Defenses to Plaintiff's Complaint, showing the Court as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

This Defendant denies that this Defendant was negligent in any manner, or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by the Plaintiff.

**THIRD DEFENSE**

The sole and proximate cause of the accident referenced in the Complaint was the negligence, including but not limited to negligence *per se*, of a party or parties other than this Defendant.  Therefore, Plaintiff is barred from any recovery against this Defendant.

## FOURTH DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrines of waiver, consent, release, failure of consideration, estoppel, fraud, illegality, injury by fellow servant, laches, license, Statute of Frauds, payment and/or accord and satisfaction.

## FIFTH DEFENSE

To the extent any claim for punitive damages or attorney's fees and expenses of litigation, pursuant to O.C.G.A. § 13-6-11 or pursuant to any other theory, is or may be made by Plaintiff, no basis exists for such claims and, further, imposing punitive damages under the circumstances of this case upon this Defendant would violate their rights under the Constitution of the State of Georgia and the United States Constitution.  Further in this regard, this Defendant specifically shows that a *bona fide* dispute exists to the extent that this Defendant is not liable to Plaintiff.

## SIXTH DEFENSE

There is no causal relationship between any alleged acts and/or omissions on the part of this Defendant and any alleged injuries to the Plaintiff.

## SEVENTH DEFENSE

Plaintiff's claims are barred or limited to the extent Plaintiff failed to mitigate her damages.

## EIGHTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff's damages are the result of a preexisting or otherwise unrelated medical condition.

## NINTH DEFENSE

Plaintiff's medical expenses must be reduced to the extent that they exceed the reasonable or customary amounts.

## TENTH DEFENSE

This Defendant raises the defenses of insufficiency of process and service of process.

## ELEVENTH DEFENSE

Venue is improper as to this Defendant.

## TWELFTH DEFENSE

This Defendant is not subject to a direct action claim.

## THIRTEENTH DEFENSE

This Defendant responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

1.

Defendant denies the allegations contained in Paragraph 1 of the Complaint.

2.

Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3.

Upon information and belief, Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4.

Defendant admits that Defendant Werner Enterprises, Inc., is a company incorporated in the State of Nebraska with its principal place of business located at 14507 Frontier Road, Omaha, Nebraska 68138 and may be served with legal process through its registered agent, Corporate Creations Network, Inc., at 2985 Gordy Parkway, 1st Floor, Marietta, Georgia 30006. Defendant denies the remainder of allegations contained in Paragraph 4 of the Complaint.

5.

Defendant denies the allegations contained in Paragraph 5 of the Complaint as stated in that the term "motor carrier" has multiple definitions under Georgia and Federal Law and not all definitions may apply.

6.

Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7.

Defendant denies the allegations contained in Paragraph 7 of the Complaint as stated in that Defendant Werner is self-insured and the subject insurance policy provides excess insurance coverage.

8.

Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9.

Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.

Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.

Defendant denies the allegations contained in Paragraph 11 of the Complaint as stated in that Defendant Werner is self-insured and the subject insurance policy provides excess insurance coverage.

12.

Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.

Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.

Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.

Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.

Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.

Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.

Defendant admits the allegations contained in Paragraph 18 of the Complaint but denies any negligence on the part of any Defendant.

19.

Defendant admits the allegations contained in Paragraph 19 of the Complaint.

20.

Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.

Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.

Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.

Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.

Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.

Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.

Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.

Defendant admits that Defendant Castleberry was an employee of Defendant Werner Enterprises, Inc., and was operating the subject tractor-trailer in the course and scope of that employment at the time of the subject accident. Defendant denies the remainder of allegations contained in Paragraph 27 of the Complaint.

28.

Defendant admits the allegations contained in Paragraph 28 of the Complaint.

29.

Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.

Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.

Defendant denies the allegations contained in Paragraph 31 of the Complaint, including any implication that Defendant did not act in a manner that it was required to.

32.

Defendant denies the allegations contained in Paragraph 32 of the Complaint as stated in that Defendant Werner is self-insured and the subject insurance policy provides excess insurance coverage.

33.

Defendant reincorporates by reference herein its responses to paragraphs 1 through 32 above as if fully restated.

34.

Defendant admits Defendant Castleberry had certain duties under state and federal law, but denies Defendant Castleberry breached those duties. The remaining allegations in Paragraph 34 of the Complaint are denied.

35.

Defendant admits Defendant Castleberry had certain duties under state and federal law, but denies Defendant Castleberry breached those duties. The remaining allegations in Paragraph 35 of the Complaint are denied.

36.

Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.

Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.

Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.

Defendant reincorporates by reference herein its responses to paragraphs 1 through 38 above as if fully restated.

40.

Defendant admits that Defendant Castleberry was acting in the course and scope of his employment such that Defendant Werner would be subject to the doctrine of respondeat superior. The remaining allegations in Paragraph 40 of the Complaint are denied.

41.

Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.

Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43.

Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.

Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.

Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.

Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47.

Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48.

Defendant reincorporates by reference herein its responses to paragraphs 1 through 47 above as if fully restated.

49.

Defendant denies the allegations contained in Paragraph 49 of the Complaint as stated in that Defendant Werner is self-insured and the subject insurance policy provides excess insurance coverage.

50.

Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.

Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.

Defendant reincorporates by reference herein its responses to paragraphs 1 through 51 above as if fully restated.

53.

Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54.

Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.

Defendant reincorporates by reference herein its responses to paragraphs 1 through 54 above as if fully restated.

56.

Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57.

Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58.

Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59.

This Defendant denies the relief prayed for in the WHEREFORE clause/Prayer for Relief of Plaintiff's Complaint.

All other allegations and prayers contained in Plaintiff's Complaint not heretofore or otherwise answered are hereby denied.

**WHEREFORE**, Defendant **ACE AMERICAN INSURANCE COMPANY**, having fully answered Plaintiff's Complaint for Damages, prays as follows:

a)      that it be discharged without cost or liability;

b)      that it have a trial by a jury of twelve as to all issues properly triable by a jury;

c)      that a Pre-Trial Conference be held;

d)      that costs and attorneys' fees be assessed against Plaintiff; and

e)      that it have such other relief as the Court deems just and proper.

Respectfully submitted this 20th day of May, 2022.

**HALL BOOTH SMITH, P.C.**

*/s/ Mark D. Christopher*
SEAN B. COX
Georgia State Bar No. 664108
MARK D. CHRISTOPHER
Georgia State Bar No. 821387
*Attorneys for Defendant Ace American Insurance Company*

191 Peachtree Street NE, Suite 2900
Atlanta, GA  30303-1775

- 10 -

T:  404.954.5000
F:  404.954.5020
scox@hallboothsmith.com
mchristopher@hallboothsmith.com

**IN THE SUPERIOR COURT OF HARRIS COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **MARIE JOHNSON,** | **CIVIL ACTION FILE NO.** |
| **Plaintiff,** | **22-cv-0969** |
| **v.** | |
| **ACE AMERICAN INSURANCE COMPANY, WERNER ENTERPRISES, INC. and JOHNNY CASTLEBERRY,** | |
| **Defendants.** | |

**CERTIFICATE OF SERVICE**

I hereby certify that on  this day I have served a copy of the within and foregoing **DEFENDANT ACE AMERICAN INSURANCE COMPANY'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** upon all parties to this matter by depositing same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with Odyssey E-File which will automatically send electronic notification to the following:

Mitchell Ladson, Esq.
Morgan & Morgan
191 Peachtree Street, NE, Suite 4200
Atlanta, GA  30303
mladson@forthepeople.com

Respectfully submitted this 20th day of May, 2022.

**HALL BOOTH SMITH, P.C.**

*/s/ Mark D. Christopher*
SEAN B. COX
Georgia State Bar No. 664108
MARK D. CHRISTOPHER
Georgia State Bar No. 821387
*Attorneys for Defendant Ace American Insurance Company*

- 12 -

191 Peachtree Street NE, Suite 2900
Atlanta, GA  30303-1775
T:  404.954.5000
F:  404.954.5020
scox@hallboothsmith.com
mchristopher@hallboothsmith.com

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HARRIS COUNTY, GEORGIA

**22-CV-096**

**MAY 20, 2022 03:35 PM**

*Stacy K. Haralson*
Stacy K. Haralson, Clerk
Harris County, Georgia

## IN THE SUPERIOR COURT OF HARRIS COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **MARIE JOHNSON,** | **CIVIL ACTION FILE NO.** |
| **Plaintiff,** | **22-cv-0969** |
| **v.** | |
| **ACE AMERICAN INSURANCE COMPANY, WERNER ENTERPRISES, INC. and JOHNNY CASTLEBERRY,** | |
| **Defendants.** | |

### DEFENDANT JOHNNY CASTLEBERRY'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant **JOHNNY CASTLEBERRY** ("Castleberry") and files the following Answer and Defenses to Plaintiff's Complaint, showing the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

This Defendant denies that this Defendant was negligent in any manner, or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by the Plaintiff.

### THIRD DEFENSE

The sole and proximate cause of the accident referenced in the Complaint was the negligence, including but not limited to negligence *per se*, of a party or parties other than this Defendant.  Therefore, Plaintiff is barred from any recovery against this Defendant.

## FOURTH DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrines of waiver, consent, release, failure of consideration, estoppel, fraud, illegality, injury by fellow servant, laches, license, Statute of Frauds, payment and/or accord and satisfaction.

## FIFTH DEFENSE

To the extent any claim for punitive damages or attorney's fees and expenses of litigation, pursuant to O.C.G.A. § 13-6-11 or pursuant to any other theory, is or may be made by Plaintiff, no basis exists for such claims and, further, imposing punitive damages under the circumstances of this case upon this Defendant would violate their rights under the Constitution of the State of Georgia and the United States Constitution.  Further in this regard, this Defendant specifically shows that a *bona fide* dispute exists to the extent that this Defendant is not liable to Plaintiff.

## SIXTH DEFENSE

There is no causal relationship between any alleged acts and/or omissions on the part of this Defendant and any alleged injuries to the Plaintiff.

## SEVENTH DEFENSE

Plaintiff's claims are barred or limited to the extent Plaintiff failed to mitigate her damages.

## EIGHTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff's damages are the result of a preexisting or otherwise unrelated medical condition.

## NINTH DEFENSE

Plaintiff's medical expenses must be reduced to the extent that they exceed the reasonable or customary amounts.

## TENTH DEFENSE

This Defendant raises the defenses of insufficiency of process and service of process.

## ELEVENTH DEFENSE

Venue is improper as to this Defendant.

## TWELFTH DEFENSE

This Defendant responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

1.

Defendant denies the allegations contained in Paragraph 1 of the Complaint.

2.

Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3.

Upon information and belief, Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4.

Defendant admits that Defendant Werner Enterprises, Inc., is a company incorporated in the State of Nebraska with its principal place of business located at 14507 Frontier Road, Omaha, Nebraska 68138 and may be served with legal process through its registered agent, Corporate Creations Network, Inc., at 2985 Gordy Parkway, 1st Floor, Marietta, Georgia 30006. Defendant denies the remainder of allegations contained in Paragraph 4 of the Complaint.

5.

Defendant denies the allegations contained in Paragraph 5 of the Complaint as stated in that the term "motor carrier" has multiple definitions under Georgia and Federal Law and not all definitions may apply.

6.

Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7.

Defendant denies the allegations contained in Paragraph 7 of the Complaint as stated in that Defendant Werner is self-insured and the subject insurance policy provides excess insurance coverage.

8.

Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9.

Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.

Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.

Defendant denies the allegations contained in Paragraph 11 of the Complaint as stated in that Defendant Werner is self-insured and the subject insurance policy provides excess insurance coverage.

12.

Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.

Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.

Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.

Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.

Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.

Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.

Defendant admits the allegations contained in Paragraph 18 of the Complaint but denies any negligence on the part of any Defendant.

19.

Defendant admits the allegations contained in Paragraph 19 of the Complaint.

20.

Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.

Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.

Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.

Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.

Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.

Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.

Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.

Defendant admits that Defendant Castleberry was an employee of Defendant Werner Enterprises, Inc., and was operating the subject tractor-trailer in the course and scope of that employment at the time of the subject accident. Defendant denies the remainder of allegations contained in Paragraph 27 of the Complaint.

28.

Defendant admits the allegations contained in Paragraph 28 of the Complaint.

29.

Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.

Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.

Defendant denies the allegations contained in Paragraph 31 of the Complaint, including any implication that Defendant did not act in a manner that it was required to.

32.

Defendant denies the allegations contained in Paragraph 32 of the Complaint as stated in that Defendant Werner is self-insured and the subject insurance policy provides excess insurance coverage.

33.

Defendant reincorporates by reference herein its responses to paragraphs 1 through 32 above as if fully restated.

- 6 -

34.

Defendant admits Defendant Castleberry had certain duties under state and federal law, but denies Defendant Castleberry breached those duties. The remaining allegations in Paragraph 34 of the Complaint are denied.

35.

Defendant admits Defendant Castleberry had certain duties under state and federal law, but denies Defendant Castleberry breached those duties. The remaining allegations in Paragraph 35 of the Complaint are denied.

36.

Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.

Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.

Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.

Defendant reincorporates by reference herein its responses to paragraphs 1 through 38 above as if fully restated.

40.

Defendant admits that Defendant Castleberry was acting in the course and scope of his employment such that Defendant Werner would be subject to the doctrine of respondeat superior. The remaining allegations in Paragraph 40 of the Complaint are denied.

41.

Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.

Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43.

Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.

Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.

Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.

Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47.

Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48.

Defendant reincorporates by reference herein its responses to paragraphs 1 through 47 above as if fully restated.

49.

Defendant denies the allegations contained in Paragraph 49 of the Complaint as stated in that Defendant Werner is self-insured and the subject insurance policy provides excess insurance coverage.

50.

Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.

Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.

Defendant reincorporates by reference herein its responses to paragraphs 1 through 51 above as if fully restated.

53.

Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54.

Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.

Defendant reincorporates by reference herein its responses to paragraphs 1 through 54 above as if fully restated.

56.

Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57.

Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58.

Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59.

This Defendant denies the relief prayed for in the WHEREFORE clause/Prayer for Relief of Plaintiff's Complaint.

All other allegations and prayers contained in Plaintiff's Complaint not heretofore or otherwise answered are hereby denied.

**WHEREFORE**, Defendant **JOHNNY CASTLEBERRY**, having fully answered Plaintiff's Complaint for Damages, prays as follows:

a)      that he be discharged without cost or liability;

b)      that he have a trial by a jury of twelve as to all issues properly triable by a jury;

c)      that a Pre-Trial Conference be held;

d)      that costs and attorneys' fees be assessed against Plaintiff; and

e)      that he have such other relief as the Court deems just and proper.

Respectfully submitted this <u>20th</u> day of May, 2022.

**HALL BOOTH SMITH, P.C.**

*/s/ Mark D. Christopher*
SEAN B. COX
Georgia State Bar No. 664108
MARK D. CHRISTOPHER
Georgia State Bar No. 821387
*Attorneys for Defendant Johnny Castleberry*

191 Peachtree Street NE, Suite 2900
Atlanta, GA  30303-1775
T:  404.954.5000
F:  404.954.5020
scox@hallboothsmith.com
mchristopher@hallboothsmith.com

**IN THE SUPERIOR COURT OF HARRIS COUNTY**
**STATE OF GEORGIA**

|  |  |
|---|---|
| **MARIE JOHNSON,** | **CIVIL ACTION FILE NO.** |
| **Plaintiff,** | **22-cv-0969** |
| **v.** |  |
| **ACE AMERICAN INSURANCE COMPANY, WERNER ENTERPRISES, INC. and JOHNNY CASTLEBERRY,** |  |
| **Defendants.** |  |

**CERTIFICATE OF SERVICE**

I hereby certify that on  this day I have served a copy of the within and foregoing **DEFENDANT JOHNNY CASTLEBERRY'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** upon all parties to this matter by depositing same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with Odyssey E-File which will automatically send electronic notification to the following:

Mitchell Ladson, Esq.
Morgan & Morgan
191 Peachtree Street, NE, Suite 4200
Atlanta, GA  30303
mladson@forthepeople.com

Respectfully submitted this 20th day of May, 2022.

**HALL BOOTH SMITH, P.C.**

*/s/ Mark D. Christopher*
SEAN B. COX
Georgia State Bar No. 664108
MARK D. CHRISTOPHER
Georgia State Bar No. 821387
*Attorneys for Defendant Johnny Castleberry*

191 Peachtree Street NE, Suite 2900

- 11 -

Atlanta, GA  30303-1775
T:  404.954.5000
F:  404.954.5020
scox@hallboothsmith.com
mchristopher@hallboothsmith.com

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HARRIS COUNTY, GEORGIA

**22-CV-096**

**MAY 20, 2022 03:37 PM**

*Stacy K. Haralson*
Stacy K. Haralson, Clerk
Harris County, Georgia

## IN THE SUPERIOR COURT OF HARRIS COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **MARIE JOHNSON,** | **CIVIL ACTION FILE NO.** |
| **Plaintiff,** | **22-cv-0969** |
| **v.** | |
| **ACE AMERICAN INSURANCE COMPANY, WERNER ENTERPRISES, INC. and JOHNNY CASTLEBERRY,** | |
| **Defendants.** | |

## DEFENDANT WERNER ENTERPRISES, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant **WERNER ENTERPRISES, INC.** ("Werner") and files the following Answer and Defenses to Plaintiff's Complaint, showing the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

This Defendant denies that this Defendant was negligent in any manner, or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by the Plaintiff.

### THIRD DEFENSE

The sole and proximate cause of the accident referenced in the Complaint was the negligence, including but not limited to negligence *per se*, of a party or parties other than this Defendant. Therefore, Plaintiff is barred from any recovery against this Defendant.

## FOURTH DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrines of waiver, consent, release, failure of consideration, estoppel, fraud, illegality, injury by fellow servant, laches, license, Statute of Frauds, payment and/or accord and satisfaction.

## FIFTH DEFENSE

To the extent any claim for punitive damages or attorney's fees and expenses of litigation, pursuant to O.C.G.A. § 13-6-11 or pursuant to any other theory, is or may be made by Plaintiff, no basis exists for such claims and, further, imposing punitive damages under the circumstances of this case upon this Defendant would violate their rights under the Constitution of the State of Georgia and the United States Constitution.  Further in this regard, this Defendant specifically shows that a *bona fide* dispute exists to the extent that this Defendant is not liable to Plaintiff.

## SIXTH DEFENSE

There is no causal relationship between any alleged acts and/or omissions on the part of this Defendant and any alleged injuries to the Plaintiff.

## SEVENTH DEFENSE

Plaintiff's claims are barred or limited to the extent Plaintiff failed to mitigate her damages.

## EIGHTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff's damages are the result of a preexisting or otherwise unrelated medical condition.

## NINTH DEFENSE

Plaintiff's medical expenses must be reduced to the extent that they exceed the reasonable or customary amounts.

## TENTH DEFENSE

This Defendant raises the defenses of insufficiency of process and service of process.

## ELEVENTH DEFENSE

Venue is improper as to this Defendant.

## TWELFTH DEFENSE

This Defendant responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

1.

Defendant denies the allegations contained in Paragraph 1 of the Complaint.

2.

Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3.

Upon information and belief, Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4.

Defendant admits that Defendant Werner Enterprises, Inc., is a company incorporated in the State of Nebraska with its principal place of business located at 14507 Frontier Road, Omaha, Nebraska 68138 and may be served with legal process through its registered agent, Corporate Creations Network, Inc., at 2985 Gordy Parkway, 1st Floor, Marietta, Georgia 30006. Defendant denies the remainder of allegations contained in Paragraph 4 of the Complaint.

5.

Defendant denies the allegations contained in Paragraph 5 of the Complaint as stated in that the term "motor carrier" has multiple definitions under Georgia and Federal Law and not all definitions may apply.

- 3 -

6.

Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7.

Defendant denies the allegations contained in Paragraph 7 of the Complaint as stated in that Defendant Werner is self-insured and the subject insurance policy provides excess insurance coverage.

8.

Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9.

Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.

Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.

Defendant denies the allegations contained in Paragraph 11 of the Complaint as stated in that Defendant Werner is self-insured and the subject insurance policy provides excess insurance coverage.

12.

Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.

Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.

Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.

Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.

Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.

Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.

Defendant admits the allegations contained in Paragraph 18 of the Complaint but denies

any negligence on the part of any Defendant.

19.

Defendant admits the allegations contained in Paragraph 19 of the Complaint.

20.

Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.

Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.

Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.

Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.

Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.

Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.

Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.

Defendant admits that Defendant Castleberry was an employee of Defendant Werner Enterprises, Inc., and was operating the subject tractor-trailer in the course and scope of that employment at the time of the subject accident. Defendant denies the remainder of allegations contained in Paragraph 27 of the Complaint.

28.

Defendant admits the allegations contained in Paragraph 28 of the Complaint.

29.

Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.

Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.

Defendant denies the allegations contained in Paragraph 31 of the Complaint, including any implication that Defendant did not act in a manner that it was required to.

32.

Defendant denies the allegations contained in Paragraph 32 of the Complaint as stated in that Defendant Werner is self-insured and the subject insurance policy provides excess insurance coverage.

33.

Defendant reincorporates by reference herein its responses to paragraphs 1 through 32 above as if fully restated.

- 6 -

34.

Defendant admits Defendant Castleberry had certain duties under state and federal law, but denies Defendant Castleberry breached those duties. The remaining allegations in Paragraph 34 of the Complaint are denied.

35.

Defendant admits Defendant Castleberry had certain duties under state and federal law, but denies Defendant Castleberry breached those duties. The remaining allegations in Paragraph 35 of the Complaint are denied.

36.

Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.

Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.

Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.

Defendant reincorporates by reference herein its responses to paragraphs 1 through 38 above as if fully restated.

40.

Defendant admits that Defendant Castleberry was acting in the course and scope of his employment such that Defendant Werner would be subject to the doctrine of respondeat superior. The remaining allegations in Paragraph 40 of the Complaint are denied.

41.

Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.

Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43.

Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.

Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.

Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.

Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47.

Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48.

Defendant reincorporates by reference herein its responses to paragraphs 1 through 47 above as if fully restated.

49.

Defendant denies the allegations contained in Paragraph 49 of the Complaint as stated in that Defendant Werner is self-insured and the subject insurance policy provides excess insurance coverage.

50.

Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.

Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.

Defendant reincorporates by reference herein its responses to paragraphs 1 through 51 above as if fully restated.

53.

Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54.

Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.

Defendant reincorporates by reference herein its responses to paragraphs 1 through 54 above as if fully restated.

56.

Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57.

Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58.

Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59.

This Defendant denies the relief prayed for in the WHEREFORE clause/Prayer for Relief of Plaintiff's Complaint.

All other allegations and prayers contained in Plaintiff's Complaint not heretofore or otherwise answered are hereby denied.

**WHEREFORE**, Defendant **WERNER ENTERPRISES, INC.**, having fully answered Plaintiff's Complaint for Damages, prays as follows:

a)      that it be discharged without cost or liability;

b)      that it have a trial by a jury of twelve as to all issues properly triable by a jury;

c)      that a Pre-Trial Conference be held;

d)      that costs and attorneys' fees be assessed against Plaintiff; and

e)      that it have such other relief as the Court deems just and proper.

Respectfully submitted this <u>20th</u> day of May, 2022.

**HALL BOOTH SMITH, P.C.**

*/s/ Mark D. Christopher*

SEAN B. COX
Georgia State Bar No. 664108
MARK D. CHRISTOPHER
Georgia State Bar No. 821387
*Attorneys for Defendant Werner Enterprises, Inc.*

191 Peachtree Street NE, Suite 2900
Atlanta, GA  30303-1775
T:  404.954.5000
F:  404.954.5020
scox@hallboothsmith.com
mchristopher@hallboothsmith.com

- 10 -

**IN THE SUPERIOR COURT OF HARRIS COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **MARIE JOHNSON,** | **CIVIL ACTION FILE NO.** |
| **Plaintiff,** | **22-cv-0969** |
| **v.** | |
| **ACE AMERICAN INSURANCE COMPANY, WERNER ENTERPRISES, INC. and JOHNNY CASTLEBERRY,** | |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

I hereby certify that on  this day I have served a copy of the within and foregoing **DEFENDANT WERNER ENTERPRISES, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** upon all parties to this matter by depositing same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with Odyssey E-File which will automatically send electronic notification to the following:

Mitchell Ladson, Esq.
Morgan & Morgan
191 Peachtree Street, NE, Suite 4200
Atlanta, GA  30303
mladson@forthepeople.com

Respectfully submitted this 20th day of May, 2022.

**HALL BOOTH SMITH, P.C.**

/s/ Mark D. Christopher
SEAN B. COX
Georgia State Bar No. 664108
MARK D. CHRISTOPHER
Georgia State Bar No. 821387
*Attorneys for Defendant Werner Enterprises, Inc.*

191 Peachtree Street NE, Suite 2900

- 11 -

Atlanta, GA  30303-1775
T:  404.954.5000
F:  404.954.5020
scox@hallboothsmith.com
mchristopher@hallboothsmith.com

✒ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HARRIS COUNTY, GEORGIA

**22-CV-096**

APR 06, 2022 03:33 PM

*Stacy K. Haralson*
Stacy K. Haralson, Clerk
Harris County, Georgia

IN THE SUPERIOR COURT OF HARRIS COUNTY
STATE OF GEORGIA

MARIE JOHNSON,                               *
                                             *
            Plaintiff,                       *      CIVIL ACTION FILE NO.
                                             *
     vs.                                     *      _____
                                             *
ACE AMERICAN INSURANCE COMPANY,              *
WERNER ENTERPRISES, INC., and JOHNNY         *
CASTLEBERRY,                                 *
                                             *
            Defendants.                      *

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION ACE AMERICAN INSURANCE
COMPANY**

COMES NOW Plaintiff and serves these Requests for Admission upon the named

Defendant and requests that they be fully admitted in writing and under oath within forty-five

(45) days of the date of service.  These Requests for Admission are served pursuant to the

Georgia Civil Practice Act and more specifically to the provisions of O.C.G.A. §§ 9-11-26 and

9-11-36.

<u>EACH MATTER OF WHICH AN ADMISSION IS REQUIRED SHALL BE DEEMED</u>

<u>ADMITTED UNLESS, WITHIN THE TIME ALLOWED BY LAW AFTER SERVICE OF</u>

<u>THESE REQUESTS, YOU SERVE PLAINTIFF WITH A WRITTEN ANSWER OR</u>

<u>OBJECTION TO SUCH MATTER.</u>

You are cautioned that should you fail to admit the genuineness of any document, or the

truth of any matter requested herein pursuant to the Georgia Civil Practice Act, and should

Plaintiff thereafter prove the genuineness of such document or truth of such matter, Plaintiff will

apply to the Court for an order requiring you to pay Plaintiff the reasonable expenses incurred by

Plaintiff in making that proof, including reasonable attorney fees.  The Court must make such

order unless it finds that the request was objectionable pursuant to the Georgia Civil Practice

Act, or that the admission sought was of no substantial importance, or that you had reasonable

grounds to believe that you might prevail on the matter, or that there was some other good reason

for failure to admit the matter.

## **REQUESTS FOR ADMISSION**

1.

Please admit that this Defendant has been properly served with process in this action.

2.

Please admit that this Defendant raises no defenses as to insufficiency of process in this

action.

3.

Please admit that this Defendant is properly named in this lawsuit.

4.

Please admit that venue is proper in this County.

5.

Please admit that this Defendant does not contend that venue is improper.

6.

Please admit that this Court has jurisdiction over this Defendant.

7.

Please admit that this Defendant does business in Georgia.

8.

Please admit this Defendant issued a policy of insurance, Policy Number XSAH25309583, which provides insurance coverage for Defendant Castleberry's liability for his role in causing the subject collision.

9.

Please admit Policy Number XSAH25309583 covers Werner Enterprises Inc.'s liability under the doctrine of *respondeat superior* for Defendant Castleberry's role in causing the subject collision.

10.

Please admit none of Policy Number XSAH25309583's exclusions apply to this Defendant's coverage for the subject collision.

11.

Please admit that this Defendant is contractually obligated to pay Plaintiff for any judgment Plaintiff receives against Defendant Werner Enterprises, Inc. in this action up to its liability limits on Policy Number XSAH25309583.

12.

Please admit that this Defendant is contractually obligated to pay Plaintiff for any judgment Plaintiff receives against Defendant Castleberry in this action up to its liability limits on Policy Number XSAH25309583.

13.

Please admit that this Defendant has not issued a reservation of rights to Defendant Werner Enterprises, Inc. for potential liability arising from the subject collision.

14.

Please admit that this Defendant has not issued a reservation of rights to Defendant Castleberry for potential liability arising from the subject collision.

15.

Please admit that you have no evidence that Mr. Monroe was in any way negligent on July 28, 2021.

16.

Please admit the negligent acts and omissions of Defendant Castleberry were a proximate cause of the subject collision.

17.

Please admit the negligent acts and omissions of Defendant Castleberry were a proximate cause of Plaintiff's injuries sustained in the subject collision.

18.

Please admit Defendant Werner Enterprises, Inc. is a motor carrier within the meaning of the relevant Georgia law permitting direct actions to be brought against the insurers of motor carriers.

This ___ day of ___ April ___, 2022.

Respectfully submitted,

MORGAN & MORGAN ATLANTA, PLLC

_____

Mitchell B. Ladson, Esq.
Georgia Bar No. 984512
mladson@forthepeople.com
*Attorney for Plaintiff*

408 12th Street, Suite 200
Columbus, GA 31901

T: (762) 240-9450
F: (762) 240-9498

⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HARRIS COUNTY, GEORGIA

**22-CV-096**

APR 06, 2022 03:33 PM

*Stacy K. Haralson*
Stacy K. Haralson, Clerk
Harris County, Georgia

## IN THE SUPERIOR COURT OF HARRIS COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| MARIE JOHNSON, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION FILE NO. |
| | * | |
| vs. | * | |
| | * | _____ |
| ACE AMERICAN INSURANCE COMPANY, | * | |
| WERNER ENTERPRISES, INC., and JOHNNY | * | |
| CASTLEBERRY, | * | |
| | * | |
| Defendants. | * | |

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION OF FACTS
## TO DEFENDANT JOHNNY CASTLEBERRY

COMES NOW Plaintiff and serves these Requests for Admission upon the named

Defendant and requests that they be fully admitted in writing and under oath within forty-five

(45) days of the date of service.  These Requests for Admission are served pursuant to the

Georgia Civil Practice Act and are served pursuant to O.C.G.A. § 9-11-26 and 9-11-36.

EACH MATTER OF WHICH AN ADMISSION IS REQUIRED SHALL BE DEEMED

ADMITTED UNLESS, WITHIN THE TIME ALLOWED BY LAW AFTER SERVICE OF

THESE REQUESTS, YOU SERVE PLAINTIFF WITH A WRITTEN ANSWER OR

OBJECTION TO SUCH MATTER.

You are cautioned that should you fail to admit the genuineness of any document, or the

truth of any matter requested herein pursuant to the Georgia Civil Practice Act, and should

Plaintiff thereafter prove the genuineness of such document or truth of such matter, Plaintiff will

apply to the Court for an order requiring you to pay Plaintiff the reasonable expenses incurred by

Plaintiff in making that proof, including reasonable attorney fees.  The Court must make such

order unless it finds that the Request was objectionable pursuant to the Georgia Civil Practice Act, or that the admission sought was of no substantial importance, or that you had reasonable grounds to believe that you might prevail on the matter, or that there was some other good reason for failure to admit the matter.

The matters requested admitted are the following:

1.

Admit that this Defendant has been properly served with process in this action.

2.

Admit that this Defendant raises no defenses as to insufficiency of process in this action.

3.

Admit that no person or entity, other than the parties to this action, is responsible for the subject collision.

4.

Admit that you were an employee of Defendant Werner Enterprises, Inc. at the time of this wreck.

5.

Admit that you were acting in the course and scope of your employment for Defendant Werner Enterprises, Inc.at the time of this wreck.

6.

Admit that you negligently caused this wreck.

7.

Admit liability.

This _____ day of _____, 2022.

Respectfully submitted,

MORGAN & MORGAN ATLANTA, PLLC

Mitchell B. Ladson, Esq.
Georgia Bar No. 984512
mladson@forthepeople.com
*Attorney for Plaintiff*

408 12th Street, Suite 200
Columbus, GA 31901
T: (762) 240-9450
F: (762) 240-9498

⊕ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
HARRIS COUNTY, GEORGIA

**22-CV-096**

APR 06, 2022 03:33 PM

*Stacy K. Haralson*
Stacy K. Haralson, Clerk
Harris County, Georgia

## IN THE SUPERIOR COURT OF HARRIS COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| MARIE JOHNSON, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION FILE NO. |
| | * | |
| vs. | * | |
| | * | _____ |
| ACE AMERICAN INSURANCE COMPANY, | * | |
| WERNER ENTERPRISES, INC., and JOHNNY | * | |
| CASTLEBERRY, | * | |
| | * | |
| Defendants. | * | |

### PLAINTIFF'S FIRST REQUESTS FOR ADMISSION OF FACTS
### TO DEFENDANT WERNER ENTERPRISES, INC.

COMES NOW Plaintiff and serves these Requests for Admission upon the named Defendant and requests that they be fully admitted in writing and under oath within forty-five (45) days of the date of service. These Requests for Admission are served pursuant to the Georgia Civil Practice Act and are served pursuant to O.C.G.A. § 9-11-26 and 9-11-36.

EACH MATTER OF WHICH AN ADMISSION IS REQUIRED SHALL BE DEEMED ADMITTED UNLESS, WITHIN THE TIME ALLOWED BY LAW AFTER SERVICE OF THESE REQUESTS, YOU SERVE PLAINTIFF WITH A WRITTEN ANSWER OR OBJECTION TO SUCH MATTER.

You are cautioned that should you fail to admit the genuineness of any document, or the truth of any matter requested herein pursuant to the Georgia Civil Practice Act, and should Plaintiff thereafter prove the genuineness of such document or truth of such matter, Plaintiff will apply to the Court for an order requiring you to pay Plaintiff the reasonable expenses incurred by Plaintiff in making that proof, including reasonable attorney fees. The Court must make such

order unless it finds that the Request was objectionable pursuant to the Georgia Civil Practice Act, or that the admission sought was of no substantial importance, or that you had reasonable grounds to believe that you might prevail on the matter, or that there was some other good reason for failure to admit the matter.

The matters requested admitted are the following:

1.

Admit that this Defendant has been properly served with process in this action.

2.

Admit that this Defendant raises no defenses as to insufficiency of process in this action.

3.

Admit that no person or entity, other than the parties to this action, is responsible for the subject collision.

4.

Admit that Defendant Castleberry was an employee of this Defendant at the time of this wreck.

5.

Admit that Defendant Castleberry was acting with the course and scope of his employment for this Defendant at the time of this wreck.

6.

Admit liability.

This __6__ day of __April__, 2022.

Respectfully submitted,

MORGAN & MORGAN ATLANTA, PLLC

Mitchell B. Ladson, Esq.
Georgia Bar No. 984512
mladson@forthepeople.com
*Attorney for Plaintiff*

408 12th Street, Suite 200
Columbus, GA 31901
T: (762) 240-9450
F: (762) 240-9498

-3-

⚓ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
HARRIS COUNTY, GEORGIA

**22-CV-096**

APR 06, 2022 03:33 PM

*Stacy K. Haralson*
Stacy K. Haralson, Clerk
Harris County, Georgia

IN THE SUPERIOR COURT OF HARRIS COUNTY
STATE OF GEORGIA

MARIE JOHNSON,                        *
                                      *
            Plaintiff,                *          CIVIL ACTION FILE NO.
                                      *
      vs.                             *
                                      *          _____
ACE AMERICAN INSURANCE COMPANY,       *
WERNER ENTERPRISES, INC., and JOHNNY  *
CASTLEBERRY,                          *
                                      *
            Defendants.               *

## PLAINTIFF'S FIRST INTERROGATORIES TO ACE AMERICAN INSURANCE COMPANY

COMES NOW Plaintiff and serves these Interrogatories upon the above-named Defendant and requests that they be fully answered in writing and under oath within forty-five (45) days of the date of service. These Interrogatories are served pursuant to the Georgia Civil Practice Act and more specifically to the provisions of O.C.G.A. §§ 9-11-26 and 9-11-33. These Interrogatories shall be deemed continuing and you are required to supplement or amend any prior response if the person or entity to whom these Interrogatories are addressed ascertains any change, different or added fact, condition, or circumstances, or that there be any other witness(es) or evidence. Each Interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. If Defendant is unable to answer a question completely, the question should be answered as fully as possible. When a question is directed to Defendant, the question is also directed to each of the aforementioned persons.

You are requested not to respond to Interrogatories by referring to the responses to other Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

## **DEFINITIONS**

As used herein, the terms listed below are defined as follows:

1. "**Document**" means every writing, printing, record, electronic data, graphic, photographic, or sound reproduction of every type and description that has been in your possession, control, or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer or electronic records (including web pages, social media, intranet messages or data, data stored on the cloud or internet, printouts, disks, usb drives, or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference. Where information exists electronically, Plaintiff expressly intends the term "document" to include such electronically stored data.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

3.      "**Subject collision**" refers to the collision on March 19, 2016, in Harris County, Georgia, which serves as the basis of Plaintiff's Complaint.

4.      (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)      "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient(s) of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

5.      "**You**" or "**this Defendant**" refers to Eastern Atlantic Insurance Company.

## **INTERROGATORIES**

1

Do you contend that venue is improper in this Court, jurisdiction is lacking over you in this Court, that service of process has been deficient on you in this matter, or that there are any factual or legal bases upon which this matter should be dismissed as a matter of law?  If so, please identify each such contention and describe and state with specificity all factual and legal bases supporting any such contention(s).

2.

Please identify every person who has any information about how or why the subject collision occurred, about who was at fault or any way responsible for causing this collision, and about any other information concerning the issues of liability or damages in this case.  Please list a brief description or nature of such person's knowledge (for example:  eyewitness, investigating police officer, medical doctor, private investigator, etc.).

3.

Please identify any witness who has information relevant to this case who has orally, in writing, or by recording in any way given a statement or account of his or her knowledge or any information relevant to this lawsuit.  Identify each such witness by giving his or her name, address, and telephone number and provide an explanation of the type statement given (oral, written, recorded, etc.).  Also please identify the taker and present custodian of such statement. If you assert any claim of privilege or work product over any statement responsive to this Interrogatory, then please identify the statement on a privilege log along with the privilege claimed.

4.

Please identify any person you expect to call as an expert witness, whether live, by affidavit, or by deposition in connection with the trial, any hearing or motion for evidentiary matter in this civil action, and separately for each expert identify:  a) the subject matter on which such person is expected to testify; b) the substance of the facts and opinions as to which such expert is expected to testify; c) a summary of the grounds for such opinion; and d) all documents and professional references upon which such person may specifically base his or her testimony and opinions.

5.

Please list each act of negligence, contributory negligence, or comparative negligence you contend Marie Johnson, or any other person did or failed to do that in any way contributed to causing the collision that forms the basis for Plaintiff's Complaint. Please supply any statutory authority where applicable and identify every item of forensic evidence you have or are aware of that you contend indicates Plaintiff or any other person or entity was at fault.

6.

Please state whether at the time and place of the subject collision, Defendant Castleberry was an employee/servant of Werner Enterprises, Inc. acting within the course and scope of his employment for Werner Enterprises, Inc. If your answer to this interrogatory is in any way in the negative, please also state the facts which support such response, including, but not limited to, whether Defendant Castleberry was an employee of Werner Enterprises, Inc. at the time, who you contend Defendant Castleberry was driving for at the time of the subject collision, and any other information that forms the basis of your denial.

7.

State whether this Defendant admits that Defendant Castleberry negligently caused the subject collision. If your answer is in the negative, please explain the basis for contesting liability.

8.

Please identify the name and address of the agent(s) who sold and/or serviced any policy of insurance issued to Werner Enterprises, Inc. in effect at the time of the wreck or anytime thereafter up to and including the present.

9.

Please state the name, business address, and business telephone number of the following persons:

(a)     Any claims representative or individual who has investigated or sought to assist in the adjusting of the claim made the basis of Plaintiff's Complaint; and

(b)     The claims representative who is responsible for handling and supervising this claim.

10.

Please identify all persons (whether medical providers, lay persons, or anyone else) who have any relevant information relative to Plaintiff's health prior to the subject collision, information relative to Plaintiff's physical and mental suffering as a result of the subject collision, or any information relative to the issue of damages in this litigation.

11.

Please state whether this Defendant, its agents, or its attorneys, on its own or through any other person, obtained or obtains information from any private source or governmental agency about the driving history, driving violations, criminal violations, motor vehicle record, or other driving qualifications of the persons this Defendant's insured hires or allows to drive trucks. If so, please state, by job title, to which employees this inquiry applies, from whom this information is obtained (including, but not limited to any governmental agency or entity), and exactly what information is obtained or, as a matter of policy, sought to be obtained. Also, please state the same as to each person through which such information was requested or obtained concerning the driver involved in the subject occurrence and the dates upon which such information was obtained concerning Defendant Castleberry.

12.

Please list each motor vehicle collision, traffic violation, or crime committed or allegedly committed by Defendant Castleberry of which this Defendant or Defendant Werner Enterprises, Inc. was aware prior to the subject collision.  For each such event listed, please identify and explain how, when and from what source this Defendant or Defendant Werner Enterprises, Inc. was made aware of each such event.

13.

Please state whether you provided any documents or information regarding Werner Enterprises, Inc. to any state or federal regulatory agency, including but not limited to the Georgia Public Service Commission, and identify what documents and/or information were provided.

14.

State whether any test, experiment, inspection, chart or measurement has been made with respect to the scene of the subject collision, or any object or vehicle involved.  State the name, current address and telephone number of each person who participated in such a test, experiment, inspection, chart, or measurement, and the date and nature of their participation.  Identify all documents, pictures/videos and other data generated as a result of such activities.

15.

Please state whether this Defendant, its attorneys, investigators, or other representatives know of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type demonstrative evidence concerning the subject collision, the site of the subject collision, the vehicles involved, or which in any way illustrate any facts relevant to the subject collision.  As to each item, please state the following:

the nature of such item; how many of such items exist (for example, 15 photographs); the name, address, and employer of the person making or supplying such item; and the identity of the person who presently possesses such item.

16.

Please state in detail how you contend the subject collision took place and the order in which the events took place, to include the purpose of the trip.  Please include in this response a listing of each person, force of nature, act of God, and/or circumstance you believe to have caused or contributed to causing the subject collision and/or Plaintiff's injuries.

17.

State the following information concerning any and all liability insurance, including excess or umbrella coverage or coverage by any other description, which does or may afford insurance coverage to this Defendant's insured for the claims made in this lawsuit:  Name of each insurance company issuing policy; applicable liability limits concerning each policy; names of all persons and/or companies insured under each policy; names of the person(s) paying premiums with respect to each policy; policy number and effective dates of each policy; types of insurance coverage carried; whether the defense of this action has been tendered to any such insurer; whether defense has been accepted by each such insurer to whom defense has been tendered; whether this Defendant's insured has made any claims under said policy or policies as a result of the occurrence herein; the nature, extent, and amount of any such claim or claims by said insured(s); whether those claims have been paid by you and the amount of said payment(s); and your response or reaction with respect to the request that you defend this lawsuit and pay any damages assessed, pursuant to the policy provisions.

18.

Identify all documents and other tangible things which constitute or contain matters relevant to the subject of this lawsuit or which were relied on or referred to in answering these Interrogatories. Please include in your response to this Interrogatory identification of all documents or tangible things that you intend to introduce as evidence at the time of trial.

19.

To the extent your response to any of Plaintiff's First Requests for Admission was anything other than an unqualified admission, please explain in detail the basis for each denial, including identification of documents supporting each denial.

20.

Identify, including the names, business titles, job positions and descriptions, addresses and home and business telephone numbers, the person or persons who assisted in any way in responding to these Interrogatories (excluding attorneys representing this Defendant), and specify the particular response or responses to which each person responded.

21.

Please identify all witnesses you may call and all documents you may introduce at the trial of this case.

22.

State in detail the factual basis for each and every defense you pled in your Answer to the Complaint.

This ___6___ day of ___April___, 2022.

Respectfully submitted,

MORGAN & MORGAN ATLANTA, PLLC

Mitchell B. Ladson, Esq.
Georgia Bar No. 984512
mladson@forthepeople.com
*Attorney for Plaintiff*

408 12th Street, Suite 200
Columbus, GA 31901
T: (762) 240-9450
F: (762) 240-9498

⚡ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
HARRIS COUNTY, GEORGIA

**22-CV-096**

APR 06, 2022 03:33 PM

*Stacy K. Haralson*
Stacy K. Haralson, Clerk
Harris County, Georgia

IN THE SUPERIOR COURT OF HARRIS COUNTY
STATE OF GEORGIA

MARIE JOHNSON,                             *
                                           *
            Plaintiff,                     *          CIVIL ACTION FILE NO.
                                           *
      vs.                                  *          _____
                                           *
ACE AMERICAN INSURANCE COMPANY,            *
WERNER ENTERPRISES, INC., and JOHNNY       *
CASTLEBERRY,                               *
                                           *
            Defendants.                    *

## PLAINTIFF'S FIRST INTERROGATORIES
## TO DEFENDANT JOHNNY CASTLEBERRY

COMES NOW the Plaintiff in the above-styled action and serves these Interrogatories

upon the above-named Defendant as an opposite party and request that they be fully answered in

writing and under oath within forty-five (45) days of the date of service.  These interrogatories

are served pursuant to the Georgia Civil Practice Act and more specifically to the provisions of

O.C.G.A. §§9-11-26 and 9-11-33.  These interrogatories shall be deemed continuing and you are

required to supplement or amend any prior response if the person or entity to whom these

interrogatories are addressed ascertains any change, different or added fact, condition or

circumstances or that there be any other witness(es) or evidence.  Each interrogatory is addressed

to the personal knowledge of the Defendant, as well as to the knowledge and information of

Defendant's attorneys, investigators, agents, employees, and other representatives.  If Defendant

is unable to answer a question completely, the question should be answered as fully as possible.

When a question is directed to Defendant, the question is also directed to each of the

aforementioned persons.

You are requested not to respond to Interrogatories by referring to the responses to other Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

## **DEFINITIONS**

As used herein, the terms listed below are defined as follows:

1.     "**Document**" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.     "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization or group of persons.

3.     "**Occurrence**" refers to the collision made the basis of the Complaint.

4.     (a)     "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number,

business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b) "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

## INTERROGATORIES

### 1.

Please identify all adult relatives by blood or marriage residing within the jurisdiction of this Court, by stating their name, relationship to you or your spouse, address, and place of employment.

### 2.

Please state your name, address, social security number, driver's license number, telephone number, and date of birth. Also, please provide all of your previous residence addresses for the past five years, including the street address, city, state, and zip code.

### 3.

Please list all places of employment for the past ten (10) years to include: Name of employer; Supervisor; Address; Telephone number; Job description; Wage and salary; Reason for termination. Said list should include employment through the present date.

4.

Identify all persons who have investigated the subject collision or discussed the subject collision with you on behalf of yourself or Defendant Werner Enterprises, Inc. or its agents, representatives, attorneys, or insurers.

5.

As to any policy of liability insurance which would or might inure to the benefit of Plaintiff by providing for payment of a part of or all of any judgment rendered in favor of Plaintiff against any Defendant, state the name and address of the insurer of each such policy, the name and address of each insured on each such policy, the policy number of each such policy, and the limits of liability in such policy as same might apply to Plaintiff by reason of any one incident and the total limits of liability to all persons by reason of any one incident.   State also whether the policy is drawn down or reduced as a result of the expenses of litigation.

6.

Please state whether you negligently caused the subject occurrence.  If your answer is in any way in the negative, please explain.

7.

Please identify every person who has any information about how or why the collision complained of in this case occurred, about who was at fault or in any way responsible for causing this wreck, and about any other information pertaining to the issues of liability, causation and/or damages in this case.   Please include a brief description of the nature of such person's knowledge. (For example:  eyewitness, investigating police officer, medical personnel, etc.)

8.

Please state whether any of the above witnesses gave any statement(s) or account(s), either orally, in writing, or recorded in any way, of his or her knowledge of any information

relevant in this lawsuit.  If so, identify any witness(es) giving such statement(s) and provide an explanation of the type statement(s) given (oral, written, recorded, etc.).  Also, identify the taker and present custodian of such statement(s).

9.

Please identify all persons (whether medical providers, lay persons, or anyone else) who have any relevant information relative to Plaintiffs' health condition prior to or subsequent to the collision in this case, information relative to Plaintiffs' physical and mental suffering as a result of this collision, or any information relative to the issue of damages in this litigation.

10.

Please explain the nature of your employment relationship with Defendant Werner Enterprises, Inc. to include the following:  your job duties; the date the employment relationship began; your mode of compensation; whether the employment relationship has been terminated; the date of such termination; the identity of the person who terminated you; the reason(s) given for such termination.  If you are still employed with Defendant Werner Enterprises, Inc., describe your job duties following this wreck including the date you returned to work and whether you continued to drive vehicles for that Defendant.

11.

Please identify the following individuals as of the date of the occurrence and at present (if applicable):  your immediate supervisor; all persons who interviewed and hired you; all persons who trained you; the person who disciplined, reprimanded, or terminated you (if applicable), and all persons you spoke with on the day of the subject wreck, and the person who assigned you your work on the day of the wreck.

12.

Please describe Defendant Werner Enterprises, Inc.'s policies, procedures, rules, regulations, guidelines, protocols, and/or directives pertaining to drivers and/or driving for such Defendants as related to you by that Defendant before the subject occurrence, as they relate to the following:

(a)     safety precautions and operating procedures;

(b)     training and instruction, testing, as well as on the job training; and

(c)     job screening and/or hiring decisions.

13.

Please state whether, to your knowledge, information, and/or belief, Defendant Werner Enterprises, Inc.'s, their agents, attorneys, or insurers, on their own or through any other person, obtained or obtain information, from any private source or governmental agency, about the driving history, driving violations, criminal violations, motor vehicle record, or other driving qualifications of the persons Defendant Werner Enterprises, Inc. allows to drive its vehicles. If so, please state, by job title, to which employees this inquiry applies, from whom this information is obtained (including, but not limited to any governmental agency or entity), and exactly what information is obtained or, as a matter of policy, sought to be obtained. Also, please state whether you were ever apprised or ever became aware of any such inquiry concerning yourself.

14.

Please identify any and all investigators, mechanics, adjusters, claims representatives, or experts who have investigated this collision, examined any of the vehicles involved, or who has in any way investigated the claims made in this lawsuit on behalf of you, your attorneys, or your insurers.

15.

Please identify any person that you expect to call as an expert witness, whether live, by affidavit, or by deposition, in connection with any trial, hearing, or motion, as well as any other evidentiary hearing in this action, and, separately for each expert:

(a)    Identify the subject matter of which the person is expected to testify;

(b)    Identify the substance of the facts and opinions as to which he or she is expected to testify;

(c)    Summarize the grounds for such opinions; and

(d)    Identify all documents and professional references upon which such person may base his or her testimony and opinions.

16.

Please list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiff or any other person did or failed to do which in any way contributed to causing the subject occurrence and/or any of Plaintiff's damages.  Please supply any statutory authority in support of these contentions, and identify any evidence in support of these contentions.

17.

With respect to each criminal charge or judicial hearing concerning the collision, please state what charges were made as to each such person charged, and the plea(s) made or entered by each of the persons charged, as well as the disposition of the charges against each person.

18.

Please state whether you have ever been involved in another motor vehicle collision wherein you were the driver of a vehicle involved in such collision.  If so, please state the date or approximate date of such collision, whether you were on personal business or in the course of

your employment at the time of said collision (and list the employer if you were in the course of your employment), state whether anyone was injured or killed, and give a brief description of how the collision occurred to include stating whether you believe the collision was your fault or someone else's fault.

19.

Please state whether you, your attorneys, investigators, or other representatives know of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type demonstrative evidence concerning the subject occurrence, the site of the subject occurrence, the vehicles involved, or which in any way illustrate any facts relevant to the occurrence. As to each item, please state the following:

(a)    The nature of such item;

(b)    How many of such items exist (for example, 15 photographs);

(c)    The name, address, and employer of the person making or supplying such item; and

(d)    The identity of the person who presently possesses such item.

20.

Please state whether or not an incident report was made by you or any of your representatives in connection with the subject occurrence, and if so, the place where such report is located. Also, please state whether, to your knowledge, information, and/or belief, an incident report was prepared by or on behalf of Defendant Werner Enterprises, Inc.

21.

Please state in detail how you contend the subject occurrence took place and the order in which the events took place, to include the purpose of the trip, your destination, and from where you left. Please include in this response a listing of each person, force of nature, act of God,

and/or circumstance you believe to have caused or contributed to causing the subject occurrence and/or any of Plaintiffs' damages.

22.

State whether or not you have ever been convicted, pled guilty to, pled nolo contendere to, or forfeited bond concerning any traffic violation, moving violation, or charge for violation of the traffic laws or rules of the road of any state within the last ten (10) years.  If so, please state the approximate date of such incident, the court in which you were charged or prosecuted, the nature of such charge or conviction, and the approximate date, city, county, and state thereof.

23.

Please state whether you suffer currently or did suffer at the time of the collision from any physical or mental impairment, or disease, including vision impairment or epilepsy or arthritis, and if so, state the name and address of any and all physicians, chiropractors, or practitioners of the healing arts who have treated you in the past five (5) years.

24.

State whether you suffered from any vision or hearing problems at the time of the wreck. If so, please explain in detail the nature of such problems, and identify all medical professionals you have seen regarding such problems and any medications that you have taken to treat such problems.

25.

Please state whether you had consumed any alcohol, drugs, or medication of any kind within the twenty-four (24) hours prior to or after said collision.  If so, please state the type of such substance consumed, the amount consumed, and give the approximate time and place where same was consumed.

26.

Please state whether you have ever pled guilty to, pled nolo contendere to, or been convicted of any crime other than traffic violations, including any DUIs, and if so, please state the date and nature of the offense, the county and state in which you were tried or entered a plea, and the sentence given you.

27.

Please state whether your driver's license contains any restrictions now, or at the time of the collision, or whether your driver's license has ever been suspended for any reason.  If your answer to this interrogatory is in the affirmative, please state the nature of such restriction or the reason(s) for such suspension.

28.

State whether you have previously been involved in a lawsuit.  If so, identify each action by stating when, where, the nature of the action, the disposition of the case, and the name of the attorney who represented you.

29.

Please identify all persons who are supplying information to respond to these Interrogatories and to Plaintiff's Requests for Production of Documents.

30.

Please detail the factual and legal basis for each defense pled in this Defendant's answer.

31.

List all permits, driver's licenses, and certificates that you have ever held that pertain to your right or qualification to drive vehicles, including driving vehicles that carry hazardous materials and state for each such permit, license or certificate the issuing State and authority, the dates such items were issued and expired and whether any such items have ever been revoked,

suspended, cancelled or allowed to lapse.

32.

State whether there were any other Werner Enterprises, Inc.vehicles, employees or representatives in the area of this wreck at the time of the wreck. If so, state whether you were aware of such trucks and whether you were in communication with the drivers of such truck(s).

33.

Please provide the numbers to any cell phones that you have or had at the time of the subject collision. Please provide the names of the providers for each of the cell phones, and state whether you had used this cell phone at any time within the hour before or after the subject collision.

34.

If you contend that service of process or insufficiency of service of process is a defense in this case, please provide a detailed description of the factual basis for such defenses.

35.

Please state whether you contend that any other person or entity is responsible for the subject collision other than the named defendants. If so, please explain the factual basis for your contention(s) that the other person(s) or entity(-ies) are responsible for the subject collision.

36.

Please describe in detail the accident reporting and investigation policy in place of business at your employer, Werner Enterprises, Inc., at the time of this wreck.

37.

Describe in detail all steps you took in reporting and documenting the subject wreck and include every person (other than your attorneys) that you spoke with, what you told them and when you spoke with them following the subject wreck.

38.

Please describe everything you did in the 48 hours preceding the wreck, including how much time you spent driving, sleeping, or otherwise working.

39.

State whether or not you were using a cell phone at the time of the subject collision.

40.

Identify every physician and other health care provider you have seen in the last 5 years. Include their name, address and phone number and brief description of what they treated you for.

41.

Please identify all persons who were in the tractor with you at the time of the subject wreck. For each such person identified, state what relationship they were to you at the time of the wreck, and why they were in the vehicle with you, i.e. co-employee, relative, etc.

This ___6___ day of ___April___, 2022.

Respectfully submitted,

MORGAN & MORGAN ATLANTA, PLLC

Mitchell B. Ladson, Esq.
Georgia Bar No. 984512
mladson@forthepeople.com
*Attorney for Plaintiff*

408 12th Street, Suite 200
Columbus, GA 31901
T: (762) 240-9450
F: (762) 240-9498

⊕ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HARRIS COUNTY, GEORGIA

**22-CV-096**

APR 06, 2022 03:33 PM

*Stacy K. Haralson*
Stacy K. Haralson, Clerk
Harris County, Georgia

## IN THE SUPERIOR COURT OF HARRIS COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| MARIE JOHNSON, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION FILE NO. |
| | * | |
| vs. | * | _____ |
| | * | |
| ACE AMERICAN INSURANCE COMPANY, | * | |
| WERNER ENTERPRISES, INC., and JOHNNY | * | |
| CASTLEBERRY, | * | |
| | * | |
| Defendants. | * | |

### PLAINTIFF'S FIRST INTERROGATORIES
### TO DEFENDANT WERNER ENTERPRISES, INC.

COME NOW the Plaintiffs in the above-styled action and serves these Interrogatories upon the above-named Defendant as an opposite party and request that they be fully answered in writing and under oath within forty-five (45) days of the date of service. These interrogatories are served pursuant to the Georgia Civil Practice Act and more specifically to the provisions of O.C.G.A. ' ' 9-11-26 and 9-11-33. These interrogatories shall be deemed continuing and you are required to supplement or amend any prior response if the person or entity to whom these interrogatories are addressed ascertains any change, different or added fact, condition or circumstances, or that there be any other witness(es) or evidence. Each interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. If Defendant is unable to answer a question completely, the question should be answered as fully as possible. When a question is directed to Defendant, the question is also directed to each of the aforementioned persons.

You are requested not to respond to Interrogatories by referring to the responses to other Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.      "**Document**" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

3.      "**Occurrence**" refers to the collision made the basis of the Complaint.

4.    (a)    "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)    "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

## INTERROGATORIES

### 1.

Identify each person or entity, whether a party to this action or not, known or believed by you to have been negligent or at fault, or who otherwise may be liable in whole or in part for Plaintiff's alleged damages in connection with the occurrence complained of in this action. As to each person or entity identified, describe the nature of the negligence, fault or liability alleged and set forth the facts relevant to your response.

### 2.

Describe in detail the precise nature and scope of this Defendant's business relationship with Defendant Johnny Castleberry ("CASTLEBERRY") in the 12 months prior to and including day of the subject wreck and state whether Defendant CASTLEBERRY was acting within the course and scope of his employment for this Defendant at the time and place of the subject

wreck. If you contend Defendant CASTLEBERRY was not acting within the course and scope of his employment for this Defendant at the time of the wreck, please state the factual basis for that claim and identify who you contend Defendant CASTLEBERRY was working for at the time of the wreck.

3.

State in detail the factual basis for each and every affirmative defense you raised in your Answer to the Complaint.

4.

State whether this Defendant admits that Defendant CASTLEBERRY negligently caused the subject occurrence. If your answer is in the negative, please explain the basis for that denial, including a description of any negligent acts of other persons or entities that you contend contributed to this wreck.

5.

Do you contend that that service of process has been deficient on you in this matter? If so, please describe and state with specificity all factual and legal bases supporting any such contention(s).

6.

If any named defendant is improperly identified, please provide the proper identification and state whether you will accept service of an amended Summons and Complaint reflecting the information furnished by you in response to this Interrogatory.

7.

Do you contend that there are any factual or legal bases upon which this matter should be

dismissed as a matter of law?  If so, please identify each such contention and describe and state with specificity all factual and legal bases supporting any such contention(s).

8.

Please identify every person who has any information about how or why the collision complained of in this case occurred, about who was at fault or in any way responsible for causing this wreck, and about any other information pertaining to the issue of liability, causation or damages in this case.   Please include a brief description of the nature of such person's knowledge, their phone number(s), address(es), place of employment, and present whereabouts.

9.

Please identify all persons (whether medical providers, lay persons, or anyone else) who have any information relative to Plaintiff's health condition prior to or subsequent to the collision in this case, information relative to Plaintiff's physical and mental suffering as a result of this collision, or any information relative to the issue of damages in this litigation.

10.

Please state whether any of the people identified in Interrogatories Nos. 9 and 10 above made or gave any statement(s) or account(s), either orally, in writing, or recorded in any way, of his or her knowledge of any information relevant in this lawsuit.  If so, identify all such persons giving such statement(s) and provide an explanation of the type statement(s) given (oral, written, recorded, etc.).  Also, identify the taker and present custodian of such statement(s).

11.

Please state whether this Defendant, its attorneys, investigators, or other representatives know of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type demonstrative evidence concerning the

subject occurrence, the site of the subject occurrence, the vehicles involved, or which in any way illustrate any facts relevant to the occurrence. As to each item, please state the following: the nature of such item; how many of such items exist (for example, 15 photographs); the name, address, and employer of the person making or supplying such item; and the identity of the person who presently possesses such item.

12.

State the date on which Defendant CASTLEBERRY first drove a truck for or was employed by this Defendant and the date on which that employment terminated.

13.

State whether Defendant CASTLEBERRY was tested for drugs or alcohol after the subject collision. If so, identify the person who administered such test, the type of test administered and state the results of all such test.

14.

Please state in detail how you contend the subject occurrence took place and the order in which the events took place, to include the purpose of the trip by Defendant CASTLEBERRY, his destination, and from where he left. Please include in this response a listing of each person, force of nature, act of God, and/or circumstance you believe to have caused or contributed to causing the subject occurrence and/or any of Plaintiff's damages.

15.

State whether any test, experiment, inspection, chart or measurement has been made with respect to the scene of the collision-in-suit, or any object involved. State the name, current address and telephone number of each person who participated in such a test, experiment,

inspection, chart, or measurement, and the date and nature of their participation. Identify all documents, pictures/videos and other data generated as a result of such activities.

16.

Please identify any and all investigators, mechanics, adjusters, claims representatives, experts or any other person who have investigated this collision, examined any of the vehicles involved, or who have in any way investigated the claims made in this lawsuit on behalf of this Defendant, its attorneys, or its insurers.

17.

Please state whether any inspection of the subject truck driven by Defendant CASTLEBERRY was conducted after the collision that is the subject of this lawsuit, the results of such inspection, and the name(s) of the person(s) performing such inspection. Also identify any documents, reports, photographs, videotapes, or other records which were made concerning any inspection of the subject truck.

18.

Please state whether or not an accident/incident report was made by this Defendant or any of your representatives in connection with the subject occurrence, and if so, identify all persons who have reviewed a copy of such report(s), the place where such report(s) is located, and the present custodian of the same.

19.

Was the vehicle driven by Defendant CASTLEBERRY equipped with any on-board monitoring devices such as a GPS or Qualcom system? If so, was any data, reports or records that pertain to those devices generated that cover the 24 hours prior to and including the wreck?

20.

Was the vehicle driven by Defendant CASTLEBERRY equipped with any blackbox, engine control module, or vehicle control module at the time of the wreck?  If so, has the data from those devices been retrieved and retained?

21.

Describe in detail all precautions this Defendant took to control the speed and driving conduct of drivers such as Defendant CASTLEBERRY, i.e. the use of governors, the monitoring of Qualcom records, etc.

22.

Identify every person who has discussed this wreck with Defendant CASTLEBERRY.

23.

Please identify the following individuals as of the date of the occurrence and at present:

(a)     Person(s) responsible for the inspection, maintenance, and repair of this Defendant's vehicle that was involved in the subject wreck;

(b)     Safety Director;

(c)     Person(s) responsible for training employees/drivers, including Defendant CASTLEBERRY;

(d)     Person(s) responsible for interviewing and/or hiring employees/drivers, and specifically driver Defendant CASTLEBERRY;

(e)     Person(s) responsible for supervising drivers, including Defendant CASTLEBERRY;

(f)     Person responsible for ensuring that Defendant CASTLEBERRY maintained current log books, permits, licenses, and certifications;

(g)     Person in charge of the drug testing of drivers including Defendant CASTLEBERRY; and,

(h)     Person(s) responsible for dispatching or assigning Defendant CASTLEBERRY his work tasks on day of the subject wreck.

24.

Please state whether this Defendant, its agents, its attorneys, or its insurers, on its own or through any other person, obtained or obtains information, from any private source or governmental agency, about the driving history, driving violations, criminal violations, motor vehicle record, or other driving qualifications of the persons this Defendant hires or allows to drive vehicles for this Defendant's benefit. If so, please state, by job title, to which employees this inquiry applies, from whom this information is obtained (including, but not limited to any governmental agency or entity), and exactly what information is obtained or, as a matter of policy, sought to be obtained. Also, please state the same as to each person through which such information was requested or obtained concerning the driver involved in the subject occurrence and the dates upon which such information was obtained concerning the driver operating the truck involved in the subject occurrence.

25.

With respect to Defendant CASTLEBERRY, please state the following: his date of birth; Social Security number; Driver's license number and state of issuance; his present home address; all of said driver's previous residence addresses for the past five years, including the street address, city, state, and zip code; his mode of compensation; and any special certifications he has ever held while employed by this Defendant.

26.

State how Defendant CASTLEBERRY was selected by this Defendant to drive the subject vehicle; how long he had been authorized to drive the subject vehicle; and whether there have ever been any criticisms related to his driving or job performance of which this Defendant is aware.

27.

State whether Defendant CASTLEBERRY was criticized, reprimanded, or any of his job duties were altered in any fashion as a result of the subject collision. If your answer is in the affirmative, please state in detail the basis for the affirmative answer.

28.

State the number of hours Defendant CASTLEBERRY had worked and had been on duty in the seven days prior to this collision.

29.

List each motor vehicle collision, traffic violation, or other crime committed or allegedly committed by Defendant CASTLEBERRY of which this Defendant was aware prior to the wreck. For each such event listed, identify and explain how and from what source this Defendant was made aware of each such event.

30.

Identify each and every traffic citation or motor vehicle collision that Defendant CASTLEBERRY has received or been involved in while driving for this Defendant.

10

31.

Describe all steps taken by, or for the benefit of, this Defendant to evaluate the training, health, experience, and qualifications of Defendant CASTLEBERRY before he was allowed to drive for this Defendant.

32.

Identify all training, instruction, handbooks, videos and/or seminars provided to persons who drive trucks for this Defendant, including but not limited to those that haul hazardous materials, and identify all such training/instruction/handbooks/videos and/or seminars were provided to Defendant CASTLEBERRY.

33.

Did Defendant CASTLEBERRY violate any policy, standard, guideline, recommendation or rule of this Defendant in connection with the subject wreck?  If so, please state the substance of the rule/policy/standard and explain how the same was violated by Defendant CASTLEBERRY.

34.

Please identify any person that this Defendant expects to call as an expert witness, whether live, by affidavit, or by deposition, in connection with any trial, hearing, or motion, as well as any other evidentiary hearing in this action, and, separately for each expert:  identify the subject matter of which the person is expected to testify; identify the substance of the facts and opinions as to which the person is expected to testify; summarize the grounds for such opinions; and identify all documents and professional references upon which such person may base his or her testimony and opinions.

35.

As to any policy of liability insurance which would or might inure to the benefit of Plaintiff by providing for payment of a part of or all of any judgment rendered in favor of the Plaintiff against any Defendant, state the name and address of the insurer of each such policy, the name and address of each insured on each such policy, the policy number of each such policy, and the limits of liability in such policy as same might apply to Plaintiffs by reason of any one incident and the total limits of liability to all persons by reason of any one incident.   State also whether the policy is drawn down or reduced as a result of the expenses of litigation.

36.

Identify, including the names, business titles, job positions and descriptions, addresses and home and business telephone numbers, the person or persons who assisted in any way in responding to these Interrogatories, and specify the particular response or responses to which each person responded.

37.

Identify all documents and other tangible things which constitute or contain matters relevant to the subject of this lawsuit or which were relied on or referred to in answering these Interrogatories.  Please include in your response to this Interrogatory identification of all documents or tangible things that you intend to introduce as evidence at the time of trial.

38.

State the exact weight of the vehicle operated by Defendant CASTLEBERRY at the time of the collision.

39.

State whether you have a policy against cell phone use while employees are driving your vehicles?  If so, please describe such policy.

40.

State whether the tractor or trailer driven by Defendant CASTLEBERRY had been placed out of service at any time prior to the subject collision.  If so, state when, where and why such out of service status was put on the subject tractor or trailer.

41.

State the number of times that this Defendant had been engaged by Defendant Werner Enterprises, Inc. to haul products or trailers.

42.

Identify all persons and entities that brokered or in any way was responsible for contracting the subject load with you.

43.

Describe in detail how this Defendant was engaged to haul this load including who contacted this Defendant, gave it the pickup and drop-off locations, made payment, or was supposed to make payment for, this load.

This ___l___ day of ___April___, 2022.

Respectfully submitted,

MORGAN & MORGAN ATLANTA, PLLC

Mitchell B. Ladson, Esq.
Georgia Bar No. 984512
mladson@forthepeople.com
*Attorney for Plaintiff*

408 12th Street, Suite 200
Columbus, GA 31901

13

T: (762) 240-9450
F: (762) 240-9498